Matthew Borden, Esq. (SBN: 214323)
borden@braunhagey.com
J. Noah Hagey, Esq. (SBN: 262331)
hagey@braunhagey.com
Kory J. DeClark, Esq. (SBN: 310571)
declark@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
gwashington@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Kevin Opoku-Gyamfi, Esq.
(*pro hac vice* forthcoming)
opokugyamfi@braunhagey.com
BRAUNHAGEY & BORDEN LLP
118 W. 22nd Street, 12th Floor
New York, NY 10011
Telephone: (646) 829-9403

[Additional counsel on next page]

*Attorneys for Plaintiffs*

Peter J. Eliasberg, Esq. (SBN: 189110)
peliasberg@aclusocal.org
Jonathan Markovitz, Esq. (SBN: 301767)
jmarkovitz@aclusocal.org
Adrienna Wong, Esq. (SBN: 282026)
awong@aclusocal.org
Meredith Gallen, Esq. (SBN: 291606)
mgallen@aclusocal.org
Summer Lacey, Esq. (SBN: 308614)
slacey@aclusocal.org
Jacob Reisberg, Esq. (SBN: 329310)
jreisberg@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 W 8th Street, Ste 200
Los Angeles, CA 90017
Telephone: (213) 977-9500

Peter Bibring, Esq. (SBN: 223981)
peter@bibringlaw.com
Law Office of Peter Bibring
2140 W Sunset Blvd # 203
Los Angeles, CA 90026
Telephone: (213) 471-2022

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Los Angeles Press Club, NewsGuild - Communications Workers of America, Sean Beckner-Carmitchel, Ryanne Mena, Lexis-Olivier Ray, Charles Xu, Benjamin Adam Climer, and Abigail Olmeda,<br><br>Plaintiffs,<br><br>v.<br><br>Kristi Noem, in her official capacity as Secretary of Homeland Security; U.S. Department of Homeland Security,<br><br>Defendants. | Case No. 2:25-cv-05563<br><br>**PLAINTIFFS' [PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** |

Case No.: 2:25-cv-05563
EX PARTE APPLICATION FOR TRO AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

Additional Counsel of Record for Plaintiffs:

Carol A. Sobel, Esq. (SBN: 84483)
  carolsobellaw@gmail.com
Weston Rowland, Esq. (SBN: 327599)
  rowland.weston@gmail.com
Law Office of Carol A. Sobel
2632 Wilshire Boulevard, #552
Santa Monica, CA 90403
Telephone: (310) 393-3055

Paul Hoffman, Esq. (SBN: 71244)
  hoffpaul@aol.com
Michael Seplow, Esq. (SBN: 150183)
  mseplow@sshhzlaw.com
John Washington, Esq. (SBN 315991)
  jwashington@sshhzlaw.com
Schonbrun, Seplow, Harris, Hoffman & Zeldes LLP
200 Pier Avenue #226
Hermosa Beach, CA 90254
Telephone: (310) 717-7373

Case No.: 2:25-cv-05563
[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

Pursuant to Rule 65 of the Federal Rules of Civil Procedure and Central District Local Rule 65-1, Plaintiffs Los Angeles Press Club, NewsGuild-Communications Workers of America, Sean Beckner-Carmitchel, Ryanne Mena, Lexis-Olivier Ray, Charles Xu, Benjamin Adam Climer, and Abigail Olmeda (collectively "Plaintiffs"), filed, with notice, an ex parte application for a Temporary Restraining Order and in the Alternative Preliminary Injunction.

The Court, having thoroughly considered Plaintiffs' motion and the declarations and exhibits filed in support of the motion, Defendants Department of Homeland Security ("DHS") opposition (if any), the applicable law, the relevant portions of the record, and the arguments of counsel, finds good cause to order the requested relief and hereby GRANTS Plaintiffs' motion for a temporary restraining order and ORDERS Defendants to show cause why a preliminary injunction should not issue.

**A.     The Standards for Issuance of a Temporary Restraining Order**

   *1.     Standard for Issuing a Temporary Restraining Order Prior to a Response By The Opposition*

The purpose of a temporary restraining order is to preserve the status quo and prevent irreparable harm until the motion for preliminary injunction can be heard. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 429 (1974). The Court may grant a temporary restraining order without providing an opportunity for Defendants to respond "if specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Rule 65(b)(1) Fed. Rule Civ. P.  The Court finds that Plaintiffs have made such a showing in this instance, necessitating a preliminary ruling by the Court based solely on the significant evidence presented by Plaintiffs.

   *2.     The Test for a Temporary Restraining Order*

The test for issuance of a temporary restraining order is the same as the test for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking a preliminary injunction must establish (1) likely success on the merits; (2) likely irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The standard for preliminary relief is the same whether the moving party seeks to maintain the status quo or stop a continuing deprivation of rights. *Textile Unlimited, Inc. v. ABMH & Co.*, 240 F.3d 781, 786 (9th Cir. 2001). While plaintiffs have the "general burden of establishing the elements necessary to obtain injunctive relief, the City has the burden of justifying the restriction on speech." *Klein v.. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009).

**B.    Plaintiffs Have Shown Strong Probability of Prevailing on the Merits**

Plaintiffs have shown a strong probability of prevailing on the merits. Plaintiffs are members of the public who have been subjected to force from federal agents while protesting in the Central District of California over the past two weeks, media organizations and journalists who have reported on the protests and who have also been subjected to force from federal agents. They have established a strong case that they are and have been engaged in constitutionally protected activities, that the force used against them would chill a person of ordinary firmness from exercising their First Amendment rights and continuing to engage in protected activity, and that their protected activity was a substantial motivating factor for the force used against them. They have also established a strong case that they have been subjected to constitutionally excessive force.

Plaintiffs have also established a strong need for injunctive relief based on the evidence that here the law enforcement "misconduct flow[s] from a policy [or] plan."

*Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F. 3d 1486, 1500 (9th Cir. 1996). Plaintiffs include journalists and protesters who have been shot with the challenged projectiles and chemical irritants, causing them a range of injuries, including some so serious that they required immediate medical attention. They have shown that they have been and want to continue to be engaged in core First Amendment activity as members of the press documenting the public's response to government practices in matters that have gripped the attention of the entire nation, or opposing those practices. They have shown that they have been subjected to the chemical weapons and other force simply for being present in a public forum and documenting or protesting government action.

### C. The Balance of Hardships Tips Sharply in Plaintiffs' Favor

The remaining factors the Court must consider in issuing emergency relief have also been met here. The balance of hardships tips sharply in plaintiffs' favor in this instance. They have shown that they have and will continue to suffer irreparable injury if the requested relief is not granted. *Walczak v. EPL Prolong, Inc.,* 198 F.3d 825, 831 (9th Cir. 1999).

The declarations of the Plaintiffs and their experts confirm the physical injuries they have suffered and are likely to suffer as a result of the use of force by Defendants in the ongoing protests. They assert that they must choose between exercising their First Amendment rights and protecting their personal safety from potentially serious physical injury inflicted by Defendants. The loss of First Amendment freedoms "for even minimal periods of time unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *Index Newspapers LLC v. United States Marshals Serv.*, 977 F.3d 817, 838 (9th Cir. 2020).

In addition to the wounds and disorientation they may cause, the weapons deployed against Plaintiffs have been documented to cause a variety of physical injuries, including blurred vision, difficulty swallowing, vomiting, skin pain and respiratory distress. Any exposure, but especially prolonged exposure, to large and

repeated amounts of these chemical irritants can result in permanent injuries, including blindness, glaucoma, or death from chemical burns to the throat and lungs or respiratory failure. When used for crowd control, these chemical weapons are unavoidably indiscriminate, making it difficult to restrict exposure to individuals suspected of alleged criminal activity. In some instances, these weapons may cause death because of the impact on the cardiovascular and respiratory systems.

### C.  The Public Interest Supports Issuance of the Injunctive Relief

Finally, issuance of the injunction is in the public interest. The public has a fundamental interest in the protection of all people's constitutional rights." *See Sammartano v. First Judicial District Ct.*, 303 F.3d 959, 973 (9th Cir. 2002).

### D.  BOND

The Court further finds that a one dollar ($1.00) bond is proper to satisfy the security requirement of Federal Rule of Civil Procedure 65(c).

## TEMPORARY RESTRAINING ORDER

Accordingly, subject to further hearing on the Order to Show Cause re Preliminary Injunction, the Court hereby temporarily ENJOINS Defendants and their agents and employees (collectively, the "federal agents") from:

1.  Dispersing, threatening or assaulting the press, as that term was defined in Index Newspapers, 977 F.3d 817 (9th Cir. 2020), or legal observers. Defendants may ask press or legal observers to change location to avoid disrupting law enforcement, as long as the press or legal observers have sufficient opportunity to report and observe;

2.  Using crowd control weapons (kinetic impact projectiles ("KIP"s), chemical irritants, and flash-bangs) on people who are not posing a threat to law enforcement;

3.  Firing kinetic impact projectiles or flashbangs at identified wrongdoers, if doing so could result in injury to a person who is not posing a threat to law enforcement;

[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

4. Using any crowd control weapon without giving at least two separate warnings in a manner and at a sound level where it can be heard by the targeted individuals. Such messages shall explain that Defendants may employ crowd control weapons and must give the targeted individuals sufficient time to avoid the use of force; and

5. Using kinetic impact projectiles containing chemical irritant unless expressly approved by an on-scene supervisor in response to specific acts of violence that the supervisor personally witnessed.

**ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

Defendants are also hereby ORDERED TO SHOW CAUSE why preliminary injunction shall not issue continuing the above Temporary Restraining Order.

The hearing on a preliminary injunction is set for June       , 2025 at          . in Courtroom        of the United States Courthouse for the Central District of California. Defendants are to file a response, if any, no later than                   and Plaintiffs are to file a reply, if any, no later than                   .

IT IS FURTHER ORDERED that:

1. Plaintiffs shall post a one dollar ($1.00) bond to satisfy the security requirement of Federal Rule of Civil Procedure 65(c).

2. This Order is effective immediately upon issuance.

3. The Court shall retain jurisdiction to enforce the terms of this Temporary Restraining Order and any preliminary injunction the Court may issue.

IT IS SO ORDERED.

Dated: June 19, 2025

_____
United States District Court Judge