1 | BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

ELIZABETH HEDGES
SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
ANDREW I. WARDEN
KATHLEEN C. JACOBS
Civil Division, Federal Programs Branch

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Def. Litig. Sect.
PAUL (BART) GREEN (SBN 300847)
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-0805
Facsimile: (213) 894-7819
Email: Paul.Green@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES PRESS CLUB; NEWSGUILD - COMMUNICATIONS WORKERS OF AMERICA; SEAN BECKNER-CARMITCHEL; RYANNE MENA; LEXIS-OLIVIER RAY; CHARLES XU; BENJAMIN ADAM CLIMER; and ABIGAIL OLMEDA,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | No. 2:25-cv-05563<br><br>**DEFENDANTS' OBJECTION TO PLAINTIFFS' NOTICE OF RELATED CASES [DKT. 5]** |

Pursuant to Local Rule 83-1.3.3, Defendants Kristi Noem in her official capacity as Secretary of Homeland Security and the Department of Homeland Security ("DHS") (collectively "Defendants") respectfully file this objection to Plaintiffs' Notice of Related Cases (the "Notice") (Dkt. 5).

The Notice claims that the instant action is related to *Los Angeles Press Club, et al. v. City of Los Angeles*, No. 2:25-CV-05423-HDV-E ("City of Los Angeles Action"). Plaintiffs' Notice entirely failed to comply with Local Rule 83-1.3.2, however, which provides that "The Notice must include a brief factual statement that explains how the cases in question are related under the foregoing factors." Plaintiffs' Notice did not do that, and it did not carry the Plaintiffs' burden to establish related cases.

To the contrary, the two cases are not related because they do not arise from the same transaction or happening; do not call for determination of the same or substantially related questions of law and fact; and would not entail duplication of labor if heard by different judges. *See* Local Rule 83-1.3. Specifically, the City of Los Angeles Action plaintiffs filed suit on June 16, 2025 against *LAPD* defendants, based on conduct by *LAPD* law enforcement actors in different factual scenarios, relative to *LAPD* legal history, and asserting a number of *state*-law claims. Specifically, the complaint focuses on a variety of state-law provisions that have no application to the federal government, such as California Civil Code § 52.1, California Penal Code § 409.7, and California Penal Code § 13652. Although the complaint in the City of Los Angeles Action also asserts § 1983 claims, § 1983 does not apply against the federal government.[1] And the plaintiffs in the City of Los Angeles Action did not seek a TRO. Moreover, no significant proceedings have taken place in that case.

By contrast, this action was filed under federal law against federal defendants on June 19, 2025—a federal holiday—and its Plaintiffs have demanded that this Court issue

---

[1] "Section 1983 does not provide a cause of action against federal officers acting under color of federal law." *Morgan v. United States*, 60 F. App'x 180, 181-82 (9th Cir. 2003).

1  a TRO the following day while seeking to give the Defendants almost no meaningful
2  opportunity to respond. The cases are substantively, legally, and procedurally very
3  different. Judicial-economy considerations do not favor treating the cases as related.
4     Moreover, the Ninth Circuit, in evaluating the government's interest in the use of
5  force, looks to: "(1) the severity of the crime at issue, (2) whether the suspect posed an
6  immediate threat to the safety of the officers or others, and (3) whether the suspect was
7  actively resisting arrest or attempting to evade arrest by flight." *Young v. County of L.A.*,
8  655 F.3d 1156, 1163 (9th Cir. 2011) (citations omitted). But the Court's "inquiry is not
9  limited to these factors." *Id.* (citations omitted). "Rather, recognizing that the facts and
10 circumstances of every excessive force case will vary widely," the Court's "ultimate
11 inquiry addresses whether the totality of the circumstances justifies a particular sort of
12 seizure." *Id.* (citations omitted).
13    Given that the specific facts and circumstances of each individual claim must be
14 examined under this standard, relation of these two very different cases will only delay
15 and unnecessarily complicate proper resolution of the issues presented in each case. For
16 these reasons as well as those already discussed, considerations of judicial economy do
17 not favor relating the cases. Accordingly, the cases should not be treated as related.

Dated: June 19, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

ELIZABETH HEDGES
SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
ANDREW I. WARDEN
KATHLEEN C. JACOBS
Civil Division, Federal Programs Branch

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

   */s/ Paul (Bart) Green*
PAUL (BART) GREEN
Assistant United States Attorney

Attorneys for Defendants