Matthew Borden, Esq. (SBN: 214323)
borden@braunhagey.com
J. Noah Hagey, Esq. (SBN: 262331)
hagey@braunhagey.com
Kory J. DeClark, Esq. (SBN: 310571)
declark@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
gwashington@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Kevin Opoku-Gyamfi, Esq.
(*pro hac vice* forthcoming)
opokugyamfi@braunhagey.com
BRAUNHAGEY & BORDEN LLP
118 W. 22nd Street, 12th Floor
New York, NY 10011
Telephone: (646) 829-9403

[Additional counsel on next page]

*Attorneys for Plaintiffs*

Peter J. Eliasberg, Esq. (SBN: 189110)
peliasberg@aclusocal.org
Jonathan Markovitz, Esq. (SBN: 301767)
jmarkovitz@aclusocal.org
Adrienna Wong, Esq. (SBN: 282026)
awong@aclusocal.org
Meredith Gallen, Esq. (SBN: 291606)
mgallen@aclusocal.org
Summer Lacey, Esq. (SBN: 308614)
slacey@aclusocal.org
Jacob Reisberg, Esq. (SBN: 329310)
jreisberg@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 W 8th Street, Ste 200
Los Angeles, CA 90017
Telephone: (213) 977-9500

Peter Bibring, Esq. (SBN: 223981)
peter@bibringlaw.com
Law Office of Peter Bibring
2140 W Sunset Blvd # 203
Los Angeles, CA 90026
Telephone: (213) 471-2022

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Los Angeles Press Club, NewsGuild - Communications Workers of America, Sean Beckner-Carmitchel, Ryanne Mena, Lexis-Olivier Ray, Charles Xu, Benjamin Adam Climer, and Abigail Olmeda,<br><br>Plaintiffs,<br><br>v.<br><br>Kristi Noem, in her official capacity as Secretary of Homeland Security; U.S. Department of Homeland Security,<br><br>Defendants. | Case No. 2:25-CV-05563<br><br>**PLAINTIFFS' OPPOSITION TO *EX PARTE* APPLICATION TO DELAY TRO BY A WEEK [DKT. 8]** |

1  Additional Counsel of Record for Plaintiffs:

2

3  Carol A. Sobel, Esq. (SBN: 84483)
   carolsobellaw@gmail.com
4  Weston Rowland, Esq. (SBN: 327599)
   rowland.weston@gmail.com
5  Law Office of Carol A. Sobel
6  2632 Wilshire Boulevard, #552
7  Santa Monica, CA 90403
   Telephone: (310) 393-3055
8
9  Paul Hoffman, Esq. (SBN: 71244)
   hoffpaul@aol.com
10 Michael Seplow, Esq. (SBN: 150183)
11   mseplow@sshhzlaw.com
   John Washington, Esq. (SBN 315991)
12   jwashington@sshhzlaw.com
13 Schonbrun, Seplow, Harris, Hoffman & Zeldes LLP
   200 Pier Avenue #226
14 Hermosa Beach, CA 90254
15 Telephone: (310) 717-7373

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: 2:25-cv-05563

OPP. TO DEFENDANTS' *EX PARTE* APP. TO DELAY TRO

Plaintiffs respectfully submit this opposition to Defendants' *ex parte* application to delay any ruling on Plaintiffs' motion for a temporary restraining order ("TRO") for at least a week.

## ARGUMENT

Plaintiffs are reporters, legal observers and protesters who were assaulted by agents from Defendant Department of Homeland Security ("DHS") at recent protests over immigration raids. As detailed in a mountain of declarations, photos and video evidence and supported by the testimony of two experts, one of whom is the former Commissioner of Customs and Border Patrol, Defendants' unlawful retaliation against journalists, legal observers and protesters has been so indiscriminate, so widespread and so dangerous that it threatens to kill, permanently disable or maim people who pose no threat to law enforcement, simply for being present.

DHS's well-documented unlawful violence includes misusing militarized weapons by firing tear gas grenades at people (Dkt. 6-1 at 10-11) shooting people in the head (*id*. at 11) and shooting people with weapons that are supposed to be used for shooting projectiles at the ground, not at humans. (*Id*. at 10-11.) It also includes indiscriminately firing into crowds (*id*. at 11-12), attacking people who are not near anyone posing a threat (*id*. at 12), shooting people who are running away in the back (*id*.), deliberately targeting journalists and legal observers (id. at 5-8) and attacking crowds without warning. (*Id*. at 12.) DHS is misusing force in ways known to cause death (Dkt. 6-3 ¶¶ 17, 19, 27; Dkt. 6-12 ¶¶ 17-18), and its excessive force is causing serious injuries, such as burns, hematomas, wounds, concussions, avulsions, memory lapses, and brain contusions. (*E.g*., Dkt. 6-4 ¶ 22; 6-6 ¶ 15; 6-7 ¶ 10; 6-9 ¶ 7; 6-14 ¶ 15; 6-15 ¶ 3; 6-22 ¶ 37.)

Moreover, DHS is a repeat offender. In *Index Newspapers LLC v. United States Marshals Service*, 977 F.3d 817 (2020), the Ninth Circuit affirmed an injunction against DHS for engaging in the same retaliation and excessive force at issue in this case.

To stop these ongoing violations before any additional injuries occur at protests over the coming weekend, Plaintiffs seek a TRO prohibiting DHS from (1) dispersing or assaulting the press and (2) using crowd control weapons in dangerous ways, against people who pose no threat to law enforcement or without reasonable warning. (Dkt. 6-26 at 4-5). The former Commissioner of Border Patrol and former chief of the Seattle Police Department has opined that such a TRO is safe and workable for law enforcement. (Dkt. 6-3 ¶¶ 4, 51-58.)

In its *ex parte* application, DHS does not state that it will stop or alter any of its conduct or make any effort to explain why it occurred. To the contrary, DHS claims that being enjoined from engaging in the conduct documented above would "hinder[] the ability of DHS to carry out its mission, including protecting the public, federal personnel, and federal facilities." (*Ex Parte* App. at 1.) This only highlights the need for a TRO before further protests occur over the weekend. The safest and most fair approach would be to go forward with the TRO on the merits to ensure that nobody is seriously harmed in the interim and allow Defendants to submit whatever papers they want to try to dissolve the TRO, if the Court were to issue one. This would protect against further harm to Plaintiffs, while only imposing the minimal burden of following the law on Defendants—a burden that properly trained officers can safely and easily comply with. (Dkt. 6-3 ¶ 52.)

Defendants argue that "the facts on the ground" have changed. (*Ex Parte* App. at 1.) But they do not explain what material facts have changed. And when they insist that an Order preventing them from dispersing the press and using excessive force would hinder their mission, they are implicitly admitting that they know that more protests will occur. Moreover, Defendants have publicly stated that ICE raids will be continuing or increasing.[1] (Dkt. 1 ¶ 61.) And the evidence in the record shows that

---

[1] https://www.nbcnews.com/news/amp/rcna213981;
https://www.nbcnews.com/politics/immigration/trumps-border-czar-worksite-immigration-raids-continue-rcna213981

ICE raids prompt protests, reporters and legal observers cover the protests (*e.g.*, Dkt. 6-4 ¶¶ 2-3; 6-6 ¶ 19; 6-7 ¶ 3; 6-8 ¶ 2; 6-9 ¶ 4), and DHS retaliates against them with excessive force.

Finally, Defendants accuse Plaintiffs of strategically trying to serve their papers on a holiday and abusing the *ex parte* process. (*Ex Parte* App. at 2.) But over a very compressed time period, Plaintiffs diligently put together an overwhelming record documenting DHS's excessive, unnecessary and indiscriminate violence, and filed for relief and provided the papers to Defendants as soon as possible. Defendants' real argument appears to be that Plaintiffs put together too much proof before going to Court. Proper investigation is necessary in every case, and especially in a case like this one. In any event, Defendants' accusations provide no basis for denying relief to people who need protection.

A TRO is necessary to prevent further catastrophic harm because DHS has chosen, again, to target innocent people for whatever its political reasons may be. One need look no further than Plaintiff Sean Beckner-Carmitchel, a journalist who has been published in the New York Times and CNN, who was wearing PRESS credentials and standing 20 feet away from any protesters when DHS shot him in the head with a tear gas grenade. (Dkt. 6-6.)




Mr. Beckner-Carmitchel is but one of multiple people DHS shot with tear gas grenades, which "is the number one cause of death from chemical irritants." (Dkt. 6-1 at 10-11 (collecting and documenting other incidents).) These practices are not accidental because DHS officers are trained marksmen. (Dkt. 6-3 ¶ 41.) And he is but one of the many declarants who are supporting the TRO and petitioning the Court for immediate relief. Such relief is necessary to stop this brutality.

## CONCLUSION

For the foregoing reasons, Defendants' *ex parte* application should be denied.

Dated: June 19, 2025

Respectfully submitted,
BRAUNHAGEY & BORDEN LLP

By: */s/ Matthew Borden*
    Matthew Borden

*Attorneys for Plaintiffs*