UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | Case No. 2:25-cv-05563-SVW | Date | June 20, 2025 |
|---|---|---|---|
| Title | *Los Angeles Press Club et al. v. Kristi Noem et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

| **Proceedings:** | ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER [6] |
|---|---|

### I. Introduction

Before the Court is Plaintiffs' Los Angeles Press Club, NewsGuild-Communications Workers of America, Sean Beckner-Carmitchel, Ryanne Mena, Lexis-Olivier Ray, Charles Xu, Benjamin Adam Climer, and Abigail Olmeda's ex parte application for a temporary restraining order. ECF No. 6. For the following reasons, Plaintiffs' motion is DENIED.

### II. Background

Plaintiffs are reporters, legal observers, and protestors who participated in recent protests in Los Angeles regarding immigration enforcement. *See* ECF No. 6. In short, Plaintiffs allege that between June 6 and June 9, Department of Homeland Security ("DHS") officers shot them with rubber bullets, tear-gas, and pepper balls while they engaged in peaceful protest activities, and that officers deployed these crowd control measures without adequate warning. *See* Complaint, ECF No. 1 (detailing Plaintiffs' allegations).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | Case No. 2:25-cv-05563-SVW | Date | June 20, 2025 |
|---|---|---|---|
| Title | *Los Angeles Press Club et al. v. Kristi Noem et al.* | | |

On June 16, 2025, Plaintiffs filed First Amendment right-to-access, First Amendment retaliation, and excessive force claims against Defendants Kristi Noem and the U.S. Department of Homeland Security ("DHS") (collectively, "Defendants"). Two days later, they followed up with an ex parte application for a temporary restraining order (the "TRO"). ECF No. 18. Plaintiffs' proposed TRO would enjoin Defendants' from:

1. Dispersing, threatening or assaulting the press, as that term was defined in *Index Newspapers*, or legal observers. Defendants may ask press or legal observers to change location to avoid disrupting law enforcement, as long as the press or legal observers have sufficient opportunity to report and observe;

2. Using crowd control weapons (kinetic impact projectiles (KIPs), chemical irritants, and flash-bangs) on people who are not posing a threat to law enforcement;

3. Firing kinetic impact projectiles or flashbangs at identified wrongdoers, if doing so could result in injury to a person who is not posing a threat to law enforcement;

4. Using any crowd control weapon without giving at least two separate warnings in a manner and at a sound level where it can be heard by the targeted individuals. Such messages shall explain that Defendants may employ crowd control weapons and must give the targeted individuals sufficient time to avoid the use of force; and

5. Using kinetic impact projectiles containing chemical irritant unless such use is expressly approved by an on-scene supervisor in response to specific acts of violence that the supervisor personally witnessed.

ECF No. 6.

:

Initials of Preparer        PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | Case No. 2:25-cv-05563-SVW | Date | June 20, 2025 |
|---|---|---|---|
| Title | *Los Angeles Press Club et al. v. Kristi Noem et al.* | | |

### III.   Legal Standard

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). These same elements apply to Plaintiffs' TRO. *West v. PBC Mgmt. LLC*, No. 23-cv-03283-BLF, 2023 U.S. Dist. LEXIS 118204, 2023 WL 4477296, at *2 (N.D. Cal. July 10, 2023) (citing *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.").

### IV.   Discussion

The Court denies Plaintiffs' TRO for two reasons: (1) they have not established standing for injunctive relief; and (2) their requested relief is too broad.

#### A.   Standing

To establish Article III standing to seek prospective injunctive relief—as Plaintiffs seek here—a plaintiff must "allege either 'continuing, present adverse effects'" of a defendant's past illegal conduct, "or 'a sufficient likelihood that [they] will again be wronged in a similar way.'" *Villa v. Maricopa Cty.*, 865 F.3d 1224, 1229 (9th Cir. 2017) (quotations omitted). "A plaintiff may not rely on mere conjecture about possible governmental actions to demonstrate injury, and must instead present concrete evidence to substantiate their fears." *Index Newspapers LLC v. United States Marshals Serv.*, 977 F.3d 817, 824 (9th Cir. 2020) (quotations omitted). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects." *Id.* (cleaned up) (quotations omitted).

For example, in *Index Newspapers LLC v. United States Marshals Serv.*, the Ninth Circuit affirmed the district court's finding that the plaintiffs had standing to pursue injunctive relief because they presented compelling evidence that their risk of future injury was "not speculative" and the that defendants' unlawful

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | Case No. 2:25-cv-05563-SVW | Date | June 20, 2025 |
|---|---|---|---|
| Title | *Los Angeles Press Club et al. v. Kristi Noem et al.* | | |

conduct "was likely to continue." 977 F.3d at 826. The plaintiffs—reporters covering Black Lives Matter protests in Portland during 2020—alleged that federal agents "beat plaintiffs with batons, shot them with impact munitions, and pepper sprayed them" while they attempted to report on the demonstrations. *Id.* Crucially, the plaintiffs "introduced powerful evidence of the Federal Defendants' ***ongoing, sustained pattern of conduct*** that resulted in numerous injuries to members of the press between the date the complaint was filed and the date the district court entered its preliminary injunction." *Id.* (emphasis added). The district court found that this pattern of conduct had "persisted for weeks," was "ongoing," and "was likely to continue"—findings that the Ninth Circuit held were sufficient to establish Article III standing for prospective injunctive relief. *Id.*

      Here, Plaintiffs fail to establish the "substantial risk" of future harm required for standing. *See id.* at 825. Although Plaintiffs submit over twenty declarations detailing alleged constitutional violations by DHS agents, every alleged violation occurred between June 6 and June 9—at least one week before Plaintiffs filed their complaint. Los Angeles protests have continued since June 9, yet Plaintiffs present no evidence of recurring misconduct during the intervening period through the filing of their TRO on June 18. If the risk of repeated constitutional violations by DHS agents was truly substantial, one would expect additional incidents during this nine-day window of ongoing protest activity.

      In sum, while Plaintiffs certainly allege "[p]ast exposure to illegal conduct," they fail to bring any evidence that there is "a substantial risk the harm will occur" in the future. *See id.* at 825. This stands in stark contrast to *Index Newspapers*, where the plaintiffs demonstrated an "ongoing, sustained pattern of [mis]conduct . . . between the date the complaint was filed and the date the district court entered its preliminary injunction." *Id.* at 826. Here, the record contains no such evidence—only historical violations that preceded the complaint by over a week, with no subsequent incidents despite continued protest activity.

      The likelihood of future injury is rendered even more speculative by the uncertainty surrounding DHS's role in future protest responses. Multiple federal agencies have participated in the Los Angeles demonstrations, and the operational landscape remains fluid. The fact that DHS played a prominent role

|  | : |  |
|---|---|---|
|  | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | Case No. 2:25-cv-05563-SVW | Date | June 20, 2025 |
|---|---|---|---|
| Title | *Los Angeles Press Club et al. v. Kristi Noem et al.* | | |

during the June 6-9 period provides no reliable basis to conclude it will do so again, particularly given the multi-agency nature of the federal response and the evolving circumstances.

Accordingly, Plaintiffs have failed to establish Article III standing at this preliminary stage.

### B. Scope of Relief

The Ninth Circuit has "long held that injunctive relief must be tailored to remedy the specific harm alleged." *Melendres v. Arpaio*, 784 F.3d 1254, 1265 (9th Cir. 2015). "[A]n injunction against state actors must directly address and relate to the constitutional violation itself and must not require more of state officials than is necessary to assure their compliance with the constitution." *Id.*

Plaintiffs' requested relief is too broad. Plaintiffs allege that DHS agents used excessive force to disperse protesters and press members without adequate warning. Even assuming such conduct violated Plaintiffs' constitutional rights—an issue the Court does not reach—the appropriate remedy would be a narrowly crafted injunction prohibiting Defendants from using excessive force to disperse crowds without warning. Instead, Plaintiffs seek a TRO that sweeps far beyond the alleged violations. The requested relief would restrict lawful crowd control measures and potentially impede Defendants' legitimate law enforcement responsibilities. Such broad relief violates the fundamental principle that injunctive relief must be precisely tailored to address only the specific constitutional harm, not broadly constrain otherwise lawful government action.

### V. Conclusion

For the foregoing reasons, Plaintiffs' ex parte application for a temporary restraining order is DENIED WITHOUT PREJUDICE to filing a regularly noticed motion for a preliminary injunction.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | PMC |