BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
ANDREW I. WARDEN
KATHLEEN C. JACOBS
Civil Division, Federal Programs Branch

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Def. Litig. Section
PAUL (BART) GREEN (Cal. Bar No. 300847)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0805
    Email: Paul.Green@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LOS ANGELES PRESS CLUB; *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; *et al.*, <br><br>Defendants. | No. 2:25-cv-05563-SVW-MAA <br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY** <br><br>[Supporting declaration filed concurrently] <br><br>Hearing Date: July 28, 2025 <br>Hearing Time: 1:30 p.m. <br>Ctrm: 10A <br>Hon. Stephen V. Wilson |

**TABLE OF CONTENTS**

DESCRIPTION                                                                                                    PAGE

TABLE OF AUTHORITIES ................................................................................... i

I.   INTRODUCTION ........................................................................................ 1

II.  FACTUAL BACKGROUND ....................................................................... 3

     A.   Plaintiffs' Improper *Ex Parte* For A TRO Based On A Non-Emergency ........................................................................................ 3

     B.   Plaintiffs' Requests For Immediate Broad Discovery ................... 4

III. ARGUMENT ................................................................................................ 5

     A.   Plaintiffs' Motion Should Be Denied For Failure To Comply With Local Rule 7-3 ............................................................................... 5

     B.   Plaintiffs Fail To Demonstrate Good Cause To Expedite Discovery .......... 6

          1.   There Is No Pending Preliminary Injunction Motion ........................ 7

          2.   The Discovery Requests Are Greatly Overbroad .............................. 9

          3.   The Plaintiffs' Asserted Purpose For Expediting Discovery Does Not Justify Departing From The Federal And Local Rules ......................................................................................... 10

          4.   The Requests Are Overly Burdensome And Disproportional To The Needs Of The Case ............................................................... 11

          5.   The Requests Were Made Well In Advance Of When Plaintiffs Would Be Entitled To Serve Discovery Under The Federal Rules ............................................................................................ 12

     C.   Plaintiffs' Motion to Compel Immediate Responses Is Premature and Unwarranted ....................................................................................... 13

IV.  CONCLUSION .......................................................................................... 15

# TABLE OF AUTHORITIES

DESCRIPTION                                                                                         PAGE

**Cases**

*Alcatel-Lucent USA, Inc. v. Dugdale Commc'ns, Inc.*,
   2009 WL 3346784 (C.D. Cal. Oct. 13, 2009) ......................................................... 6

*Am. LegalNet, Inc. v. Davis*,
   673 F. Supp. 2d 1063 (C.D. Cal. 2009) ........................................................ 6, 7, 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................ 12-13

*Avaya, Inc. v. Acumen Telecom Corp.*,
   2011 WL 9293 (D. Colo. Jan. 3, 2011) ............................................................ 8, 10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................. 13

*CarMax Auto Superstores California LLC v. Hernandez*,
   94 F. Supp. 3d 1078 (C.D. Cal. 2015) ................................................................... 5

*Cucci v. Edwards*,
   510 F. Supp. 2d 479 (C.D. Cal. 2007) ................................................................... 5

*Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*,
   234 F.R.D. 4 (D.D.C. 2006) .................................................................................. 7

*F.T.C. v. AMG Servs., Inc.*,
   2015 WL 176417 (D. Nev. Jan. 14, 2015) .......................................................... 11

*Haddock v. Countrywide Bank, N.A.*,
   2014 WL 12617276 (C.D. Cal. Dec. 19, 2014) ..................................................... 6

*Hum. Rts. Watch v. Drug Enf't Admin.*,
   2015 WL 13648069 (C.D. Cal. July 10, 2015) ..................................................... 7

*Integrated Sports Media & Ent. PPV, LLC v. Livecast 365*,
   2022 WL 2103008 (C.D. Cal. Mar. 31, 2022) ....................................................... 7

*Magellan Group Inv., LLC v. First Indigenous Depository Co., LLC*,
   2005 WL 1629940 (N.D. Cal. 2005) ................................................................. 7-8

*Palermo v. Underground Solutions, Inc.*,
   2012 WL 2106228 (S.D. Cal. June 11, 2012) .................................................. 7, 10

*Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*,
   213 F.R.D. 418 (D. Colo. 2003) ............................................................................ 9

*Rovio Ent. Ltd. v. Royal Plush Toys, Inc.*,
   907 F. Supp. 2d 1086 (N.D. Cal. 2012) ................................................................. 7

*Sandals, Inc. v. Liberty Mut. Ins. Co.*,
   2015 WL 12698302 (C.D. Cal. Aug. 25, 2015) .................................................. 11

*Sunstate Equip. Co., LLC. v. Equip. Share*,
  2020 WL 429479 (D. Utah Jan. 28, 2020) .......................................................... 10-11

*Yagman v. Edmondson*,
  2016 WL 10651068 (C.D. Cal. June 6, 2016) ......................................................... 6

**Other**

Fed. R. Civ. P. 26 ................................................................................................. 6, 11, 13

Fed. R. Civ. P. 37 ................................................................................................. 13

Fed. R. Civ. P. 83 ................................................................................................. 6

Local Rule 7-3 ..................................................................................................... 1, 5, 12

Local Rule 37-1 ................................................................................................... 14

## I.	INTRODUCTION

Having failed to prevail on their *Ex Parte* Application for a Temporary Restraining Order but still intending to file a preliminary injunction (*see* Motion for Expedited Discovery ("Motion") (Dkt. 26)), Plaintiffs now face a problem: they lack evidence to support their claim that there is a substantial risk that the harms they allege will occur in the future. *See* Order Denying Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order, Dkt. 19 (finding that Plaintiffs "fail to bring any evidence that there is 'a substantial risk the harm will occur' in the future."). In the absence of any evidence to support their purported need for preliminary relief, Plaintiffs' back-up plan is to seek this Court's permission to go on an onerous and prejudicial fishing expedition that circumvents the Federal and Local Rules of Procedure. Plaintiffs' unreasonable request should be denied for several reasons.

In their efforts to unfairly prejudice the Defendants, Plaintiffs have willfully violated the Local Rules from the outset of this case, and they continue to do so despite Defendants' objections and the Court's order denying the TRO. Before filing the present Motion, not one of the *seventeen* attorneys representing Plaintiffs met and conferred on the Motion pursuant to Local Rule 7-3, nor does their Motion contain the required attestation. On this ground alone, the Motion should be denied.

Despite showing no evidence of continuing or imminent harm, the Motion seeks an order *compelling* Defendants to respond to broad requests for production and interrogatories on an extraordinarily expedited schedule. Plaintiffs have not met their burden to show good cause why their anomalous requests would benefit the Court in considering a motion for preliminary injunction that Plaintiffs have not yet filed. Plaintiffs' *Ex Parte* Application for a TRO was denied because they failed to demonstrate that any of the Plaintiffs had standing to pursue future injunctive relief (Plaintiffs do not seek damages for past harms in this action). Obtaining expedited discovery from the government will not change that result. In demanding instantaneous discovery, Plaintiffs' Motion largely ignores the defects that the Court identified in

1

denying the TRO application.

More broadly, to the extent Plaintiffs lack evidence sufficient to pursue preliminary injunctive relief, that is a defect of their lawsuit, rather than something redressable by depriving the Defendants of basic procedural protections. Plaintiffs are press organizations and members of the press. To the extent Plaintiffs have insufficient evidence of a continuing risk of harm, despite their armada of lawyers and press, that is because the facts don't support their allegations, not because they need to take expedited discovery from the Defendants.

Indeed, Plaintiffs seek an order to serve discovery requests *and* simultaneously request an order compelling immediate responses to the same. Even if Plaintiffs were authorized to conduct some discovery, they have not complied with their obligations under Federal Rules and Local Rules to serve the discovery requests, to afford Defendants a chance to formally respond and object to the requests, for the parties to meet and confer on any disputes, and for any disputes regarding the scope of the requests, to be presented to the Magistrate Judge. Plaintiffs have consistently treated the Local Rules as something that binds *other* litigants and *other* counsel, but apparently does not apply to Plaintiffs and their counsel.

Plaintiffs have likewise failed to establish that extreme exigency warrants an exemption to Federal and Local Rules. Plaintiffs' insistence that their TRO application be granted within one day—thereby entitling Defendants to only one *federal holiday* to respond, despite Plaintiffs having worked on their application for almost two weeks—was predicated on Plaintiffs' assertion that largescale conflicts were imminent, and press would likely be injured by ICE. The Court denied the TRO application. Plaintiffs' predictions proved groundless. Now, Plaintiffs yet again insist that extreme urgency requires divesting Defendants of basic procedural rights.

Indeed, while Plaintiffs' Motion contends that extensive instantaneous discovery is needed because of the arguments Defendants raised in opposition to Plaintiffs' TRO Application, Plaintiffs fail to identify corresponding specific *evidence* of imminent harm

2

whatsoever. That denial of the TRO was not predicated on the varied issues Plaintiffs now seek to compel instantaneous discovery on, but instead on issues that Plaintiffs' Motion wholly ignores – the lack of ongoing or imminent harm. If there was evidence of ongoing imminent harm, *surely,* Plaintiff would attach it to support their request for expedited relief.

Ultimately, as the speculative nature of that supposed harm makes clear, this case should be dismissed for lack of standing on a motion to dismiss to be filed by Defendants.[1] In the interim, the Motion for expedited discovery should be denied for failure to establish good cause and to comply with the Federal Rules and Local Rules.

## II. FACTUAL BACKGROUND

### A. Plaintiffs' Improper *Ex Parte* For A TRO Based On A Non-Emergency

In the early morning of June 19, 2025, a federal holiday, Plaintiffs served Defendants an *Ex Parte* Application for Temporary Restraining Order ("TRO") for alleged injuries arising from June 6-9, 2025. Dkt. 6. By filing the application on a federal holiday before a judicial assignment had been made, Defendants were left with 24 hours on a federal holiday to respond to Plaintiffs' voluminous filings. *See* Dkt. 8. Plaintiffs' *Ex Parte* Application maintained that imposing this extraordinary prejudice on the Defendants was warranted because new conflicts between DHS law enforcement and press were very likely on the upcoming weekend, mandating the Court's immediate issuance of a TRO regardless of whether the Defendants had a fair chance to oppose.

Nevertheless, on June 20, 2025, the Court denied the TRO on two grounds. First, for Plaintiffs' failure to establish standing, because Plaintiffs failed to show substantial risk of future harm. Second, because Plaintiffs' requested relief was too broad. Dkt. 19.

On June 21-22, the repeated largescale conflicts between DHS and press that Plaintiffs' counsel had invoked as the putative justification for their extreme *Ex Parte* Application tactics did not materialize. To the contrary, Plaintiffs' Motion only cites a

---

[1] August 19, 2025 is the deadline for Defendants to respond to the complaint.

3

solitary ABC news internet report from June 21, 2025 regarding two small protests in response to immigration raids at Maywood and Bell. *See* Motion at 2. Plaintiffs' Motion identifies no press injuries occurring at the protests, and no improper DHS tactics either—much less tactics directed at press. The Motion does not even assert that any of the Plaintiffs were at the June 21 protests.

### B. Plaintiffs' Requests For Immediate Broad Discovery

While the Motion describes their immediate discovery requests as "limited," they are anything but. Plaintiffs seek to serve nine requests for production ("RFPs") (Dkt. 26-2), seven interrogatories (Dkt. 26-3), and to take three depositions (Motion at 4, 5).

The RFPs seek extensive, wide-ranging electronic discovery for "all communications" regarding the protests from numerous federal employees, including the Justice Department, DHS, and the White House. They are extremely onerous and vast requests, untethered to any imminent risk of harm faced by the Plaintiffs. In essence, Plaintiffs—and their counsel, the ACLU—demand instantaneous forensic discovery on all aspects of the protests and the government responses. That broad auditing approach is of particular concern given the Complaint's request for an award of attorneys' fees (as its second requested relief, no less) relative to the *seventeen attorneys* who are listed for Plaintiffs on their Complaint's caption. Dkt. 1 at 50. Discovery must be limited to that necessary to pursue the instant Plaintiffs' claims, not so broad as to fund Plaintiffs' counsel as ostensible auditors.

The interrogatories demand that Defendants identify the names of dozens of armed personnel (including police officers) shown in pictures taken at an unidentified location on an unidentified date, as well as demanding that the Defendants identify "all facts" supporting Defendants' position that facts have changed in its opposition to the Plaintiffs' *Ex Parte* Application.

Plaintiffs also seek to take three half-day depositions of supervisory DHS agents

4

involved in the federal law enforcement operations Plaintiffs challenge.[2]

Conspicuously absent from the requested immediate discovery, by contrast, are any requests narrowly tailored at the specific bases on which this Court's order had expressly denied the Plaintiffs' TRO application.

### III. ARGUMENT

#### A. Plaintiffs' Motion Should Be Denied For Failure To Comply With Local Rule 7-3

Local Rule 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution," and that "[t]he conference shall take place at least seven (7) days prior to the filing of the motion." "When a party fails to comply with Local Rule 7-3, the court can, in its discretion, refuse to consider the motion." *CarMax Auto Superstores California LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1087 (C.D. Cal. 2015) (citing cases); *see also Cucci v. Edwards*, 510 F. Supp. 2d 479, 486 (C.D. Cal. 2007) (court may deny a motion where Local Rule 7-3 meet and confer requirement not satisfied).

Here, Plaintiffs did not comply with Local Rule 7-3 because Plaintiffs' counsel did not meet and confer before filing the Motion. *See* Declaration of Paul (Bart) Green, ¶ 3. Despite Plaintiffs being represented by *seventeen* attorneys of record, the great majority based in Los Angeles, not one of them contacted defense counsel prior to filing the Motion. *See id*. Defendants only learned of the Motion when it was filed on the docket. Green Decl. *Id*. Plaintiffs' Motion does not contain the required statement under Local Rule 7-3, nor even any attempted excuse for their failure to meet and confer. Consequently, the Court should deny the Motion because it is improper under the Local

---

[2] It is unclear who precisely Plaintiffs seek to depose. At one point, Plaintiffs assert they want to depose "the three individuals who submitted declarations in opposition to Plaintiffs' motion for a TRO." Mot. at 5:13-14. Elsewhere, Plaintiffs assert they want to depose "three of the DHS agents who were shooting into the crowd on June 7, 2025, as shown in the video taken by Plaintiff Ray." *Id*. at 4:20-21.

5

Rules. *See* Fed. R. Civ. P. 83 (vesting the Court with authority to regulate practice in conformity with the Local Rules); *Alcatel-Lucent USA, Inc. v. Dugdale Commc'ns, Inc.*, 2009 WL 3346784, at *4 (C.D. Cal. Oct. 13, 2009) (denying motion for failure to comply with Local Rules and warning "that nothing short of strict compliance with the local rules will be expected in this Court."); *see also Yagman v. Edmondson*, 2016 WL 10651068, at *3 (C.D. Cal. June 6, 2016) (denying motion to compel where the "Court cannot conclude that Plaintiff engaged in good faith in the meet-and-confer process as required by Local Rule 37-1").

### B. Plaintiffs Fail To Demonstrate Good Cause To Expedite Discovery

Plaintiffs wholly fail to establish good cause for the discovery to occur by a Court order on an expedited schedule.

Federal Rule of Civil Procedure 26(d)(1) provides that parties generally may not seek discovery from any source before the parties have conferred as required by Rule 26(f). *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").

A party seeking to conduct discovery in advance of the Rule 26(f) conference "has the burden of showing good cause for the requested departure from usual discovery procedures." *Haddock v. Countrywide Bank, N.A.*, 2014 WL 12617276, at *2 (C.D. Cal. Dec. 19, 2014) (internal quotation and citation omitted). "[I]n every case, the court has the discretion, in the interests of justice, to prevent excessive or burdensome discovery." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009) (citation omitted).

The factors that courts "commonly consider[] in determining the reasonableness of expedited discovery include, but are not limited to: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and

(5) how far in advance of the typical discovery process the request was made." *Id.*; *see also Rovio Ent. Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012) (denying motion for expedited discovery); *Palermo v. Underground Solutions, Inc.*, 2012 WL 2106228, at *3 (S.D. Cal. June 11, 2012) (same); *see also Hum. Rts. Watch v. Drug Enf't Admin.*, 2015 WL 13648069, at *3 (C.D. Cal. July 10, 2015) ("A party's expedited discovery requests should be narrowly tailored so as to discover only the minimum amount of information needed to achieve its stated purpose." (quotation marks omitted)).

Here, Plaintiffs have failed to carry their burden to demonstrate that their request to take extremely expedited discovery satisfies the factors courts use to assess reasonableness and good cause.

### 1. There Is No Pending Preliminary Injunction Motion

First, no motion for preliminary injunction has been filed. Plaintiffs' statement that "[c]ourts generally allow expedited discovery under such circumstances" is thus misleading. According to Plaintiffs' own authority, while the good cause standard may be satisfied where a party seeks a preliminary injunction, the analysis does not end there. *Am. LegalNet*, 673 F. Supp. 2d at 1066. "[E]xpedited discovery is not automatically granted merely because a party seeks a preliminary injunction." *Id.*; *see, e.g.*, *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 7 (D.D.C. 2006) ("Surely, plaintiffs are not seeking expedited discovery to gain evidence to get the court to preserve the status quo. They want to gather all the evidence they would need to radically transform the status quo, on an expedited basis. But, that is not the purpose of a preliminary injunction, nor of the limited discovery that the courts traditionally permit a plaintiff to have to secure it."); *see also Integrated Sports Media & Ent. PPV, LLC v. Livecast 365*, 2022 WL 2103008, at *2 (C.D. Cal. Mar. 31, 2022) (denying expedited discovery motion where movant provided no evidence to establish good cause); *see also Magellan Group Inv., LLC v. First Indigenous Depository Co., LLC*, 2005 WL 1629940, *2 (N.D. Cal. 2005) (denying plaintiff's request for expedited

discovery when plaintiff "has not made any showing as to why it cannot wait to conduct the requested deposition through the normal course of discovery").

Here, the Court already denied Plaintiffs' *Ex Parte* Application because of Plaintiffs' failure to establish a substantial risk of future harm. Dkt. 19. Defendants provided evidence that the presence of the California National Guard and United States Marine Corps has allowed Defendants' agents to return to regular law enforcement duties. Dkt. 11. For instance, Defendants' agents are no longer required to guard federal property from violent rioters thereby limiting their exposure to the locations at issue. *Id.* Further, the discovery that Plaintiffs seek, aside from one request for documents supporting Defendants' assertion that "the facts on the ground have changed," relates back to the original injuries claimed between June 6-9, 2025. Dkt. 26, Exs. A & B. Plaintiffs have not alleged a single subsequent injury that they have incurred relating to the Defendants. Plaintiffs' requests pertain to a status quo that presents no urgency and may be addressed after the 26(f) conference.[3] At minimum, they cannot be advanced in the abstract prior to the filing of an *actual* preliminary injunction motion. *See Avaya, Inc. v. Acumen Telecom Corp.*, 2011 WL 9293, at *3 (D. Colo. Jan. 3, 2011) (allegations in a motion were insufficient to "justify such sweeping, invasive, and unfairly accelerated discovery," where plaintiff had not filed a motion for preliminary injunction).

Plaintiffs' Motion vaguely asserts that DHS continues to injure people and prevent and chill the exercise of Plaintiffs' First Amendment rights, but that assertion is not supported by a single example, factual allegation, or declaration. Notably, the weekend of June 14th (where no factual allegations arise) was the weekend of the "No Kings" protest, but Plaintiffs have submitted no evidence that they were injured that weekend.[4]

---

[3] Plaintiffs implicitly concede that they lack a basis for a preliminary injunction given that there is no active threat or harm for them to seek one and they are attempting to expedite discovery on past injuries.

[4] According to the L.A. Times, tens of thousands of people participated in dozens of protests in the Los Angeles area on June 14, 2025. Jaweed Kaleem, *et al.*, *'Protest is patriotic.' 'No Kings' demonstrations across L.A. against ICE sweeps, Trump*

*(footnote cont'd on next page)*

Nor have they submitted evidence of injuries occurring on subsequent weekends. Instead, Plaintiffs' Motion weakly gestures to one ABC news report about two small protests on June 21, 2025 against immigration raids in Maywood and Bell, with no evidence of any press injury (or even involvement). *See* Motion at 2. Indeed, the cited video appears to show local residents hurling rocks and shattering government vehicle windows. Plaintiffs are not the class of *all rioters*, and, for purposes of this lawsuit, cannot serve as class representatives for any and all rioting individuals.

There simply is no good cause—or any cause—for Plaintiffs to proceed with expedited discovery.

### 2. The Discovery Requests Are Greatly Overbroad

The overbreadth of Plaintiffs' discovery requests also supports denying the Motion.

"[I]n every case, the court has the discretion, in the interests of justice, to prevent excessive or burdensome discovery." *Am. LegalNet*, 673 F. Supp. 2d at 1067. In the context of a request for expedited discovery, courts applying the "good cause" standard "should consider the scope of the requested discovery." *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 420 (D. Colo. 2003) (denying motion for accelerated discovery). To the extent expedited discovery is ever granted, it should be "narrowly tailored to obtain information relevant to a preliminary injunction determination." *Am. LegalNet*, 673 F. Supp. 2d at 1069.

In this case, Plaintiffs' requests are neither limited nor tailored to any specific factual issue or request for relief. As discussed above, Plaintiffs seek to serve RFPs and interrogatories, and take depositions. There is nothing "limited" about these requests, whereby Plaintiffs' counsel essentially attempts to undertake a largescale audit of the Defendants. The RFPs seek extensive, wide-ranging electronic discovery for "all communications" among Defendants regarding the protests with no limitations linking

---

*presidency*, L.A. Times, June 14, 2025, available at: https://www.latimes.com/california/story/2025-06-14/la-me-no-kings-marches-los-angeles

the request to the factual issues at dispute in this case. Plaintiffs' suit is not about "protests" but about allegedly unlawful action taken to disperse crowds. Plaintiffs' RFPs also seek documents relating to government reporting, memoranda, records, or assessments of "Protest Activity" defined capaciously to include all protests since June 1 whether or not any Plaintiffs were present. It is Plaintiffs' burden to show good cause for why certain specific, early discovery is needed. Plaintiffs have failed to tie their discovery responses to any specific disputed issues of fact or to the particular relief requested in their as-yet unfiled motion for preliminary injunction. Accordingly, the breadth of Plaintiffs' requests weighs strongly against awarding the sweeping early discovery Plaintiffs seek. *See Palermo v. Underground Sols., Inc.*, 2012 WL 2106228, at *3 (S.D. Cal. June 11, 2012) (denying early discovery where plaintiff's "request appears to be a vehicle to conduct the entirety of his discovery prior to the Rule 26(f) conference, and would present an undue burden on Defendant at this stage in the proceedings.").

### 3. The Plaintiffs' Asserted Purpose For Expediting Discovery Does Not Justify Departing From The Federal And Local Rules

Another reason for denying the Motion is that Plaintiffs have identified no specific purpose for seeking expedited discovery beyond their general desire to prepare and argue their not-yet-filed motion for preliminary injunction. As noted above, they do not tie their requests to any specific disputed issues or to the relief they request. Nor do they tie the discovery to specific rulings made by the Court in denying their TRO application.

Courts have denied motions for expedited discovery in similar cases, where plaintiffs have failed to make a "factual showing of a real need for expedited discovery." *Avaya*, 2011 WL 9293, at *2 (denying a motion for expedited discovery where "the requested discovery is not limited or narrowly tailored, but is sweeping in its scope. It seeks essentially all discovery which may be allowed during ordinary discovery on the merits of the plaintiff's claims."); *see also Sunstate Equip. Co., LLC. v. Equip. Share*, 2020 WL 429479, at *2 (D. Utah Jan. 28, 2020) (denying request for expedited discovery where plaintiff's declarations were "insufficient" to show that the defendants

were engaging in misconduct, which formed the basis for the plaintiff's professed need for early discovery).

Plaintiffs seek discovery that is only appropriate after the 26(f) conference. It relates to injuries in the past, communications in the past, and discovery of training materials from before the alleged injuries. Again, Plaintiffs have not shown good cause for expedited discovery relative to defined claims of *future* injury. This factor thus weighs against granting Plaintiffs' Motion.

### 4. The Requests Are Overly Burdensome And Disproportional To The Needs Of The Case

The sweeping nature of the proposed discovery requests would impose a burden on Defendants to comply that would be wholly disproportionate to the specific relief that Plaintiffs seek by way of their Motion for PI. *See* Fed. R. Civ. P. 26(b)(1) (providing that discovery must be "proportional to the needs of the case").

Plaintiffs seek extensive, wide-ranging electronic discovery for "all communications" regarding the protests with federal employees in numerous agencies. *See*, *e.g.*, *F.T.C. v. AMG Servs., Inc.*, 2015 WL 176417, at *5 (D. Nev. Jan. 14, 2015) (requests for "all communications" and "all documents" "epitomize unduly burdensome requests"); *Sandals, Inc. v. Liberty Mut. Ins. Co.*, 2015 WL 12698302 (C.D. Cal. Aug. 25, 2015) (denying motion to compel because "[a]ny request for production that seeks 'any and all' documents relating to 'any communications' is overbroad because not all documents responsive to such a request are necessarily relevant to the claims or defenses asserted in this action"). Plaintiffs also define "You" and "Your" to include "all employees" of DHS without limitation. This sweeping definition would include hundreds of thousands of employees worldwide.

Furthermore, many of the requests are vague and ambiguous and will require meet and confer discussions between the parties—which Plaintiffs have failed to engage in to date—to search for potentially responsive documents. To pick just one example, Plaintiffs' RFP number 7 seeks "all communications concerning Protest Activity,

11

protesters, journalists, or legal observers involving Ernesto Santacruz Jr." Assuming for the sake of argument that this request is proper—it's not—adequately responding to just this one request would entail (i) collecting Mr. Santacruz's emails, (ii) conducting searches based on negotiated search terms and time period limitations; (iii) revising search terms and time period limitations, potentially multiple times, based on whether the results of the initial searches are too broad or too narrow; and (iv) once a group of emails is identified, conducting a document review to determine (a) whether the documents are responsive and (b) whether any are privileged, confidential, or contain personal identifying information. Plaintiffs' demand of a seven-day window to conduct this kind of detail oriented work where no emergency exists has no basis in law and should be denied.

Moreover, the burden on Defendants to comply with these requests is vastly disproportionate given that Plaintiffs are seeking email and text messages from potentially dozens of custodians; they seek *all* communications and reports and similar documents related to the protests with no regard for whether Plaintiffs were even present, let alone injured. The Requests are unduly burdensome and overly broad and would disrupt Defendants ability to continue regular law enforcement activities. Plaintiffs seek a very wide range of information that would take significant time and resources to compile.

Accordingly, this factor weighs strongly against granting Plaintiffs' request for relief.

         5.    <u>The Requests Were Made Well In Advance Of When Plaintiffs Would Be Entitled To Serve Discovery Under The Federal Rules</u>

As discussed above, Plaintiffs make these requests for discovery far in advance of when they would otherwise be entitled to discovery. Indeed, in their extreme haste to file the Motion, they ignored Local Rule 7-3. Defendants have not yet responded to the Complaint, nor has the Court set a scheduling conference. In the event that Defendants file a motion to dismiss, Plaintiffs are not entitled to discovery until the Court has

determined that they have stated a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Accordingly, this factor also weighs against Plaintiffs. They have not demonstrated good cause, and an exception should not be made to the Federal Rules for this Motion.

### C. Plaintiffs' Motion to Compel Immediate Responses Is Premature and Unwarranted

Plaintiffs also seek an order granting leave of court to compel responses within seven days of service of discovery requests that, as of the date of this filing, have not been served on Defendants. But the Federal and Local Rules prohibit such simultaneous requests for leave of court to serve document requests *and* an order compelling those responses. Plaintiffs cite no authority to the contrary and do not address the Federal Rule 26(b)(1) considerations of relevance, proportionality, and burden. Nor do Plaintiffs address the Central District of California Local Civil Rules and their procedures for compelling discovery—which, as throughout, Plaintiffs treat as an encumbrance that other litigants must follow, but never them.

If the Plaintiffs are permitted to pursue limited discovery, which they should not, then Plaintiffs should serve the authorized discovery requests in accordance with the Federal Rules. The Federal Rules and the Local Rules set forth the manner, timing, scope and limitations of discovery. *See* Fed. R. Civ. P. 26, 33 and 34; L.R. 26, 33 and 34. Additionally, the Federal Rules and the Local Rules require Petitioner to "meet and confer in good faith" and provide for a conference of counsel after discovery responses are served in the event the propounding party finds the responses somehow deficient. *See* Fed. R. Civ. P. 37; L.R. 37-1. "If counsel are unable to settle their differences, they shall formulate a written stipulation . . . [to] be filed and served with the notice of motion." *See* Fed. R. Civ. P. 37; L.R. 37-2.

Here, by seeking an order compelling responses to document requests and interrogatories simultaneously with an order authorizing service of discovery, Plaintiffs are attempting to deprive Defendants of their opportunity to provide responses and assert

13

any objections, confer regarding the same, and brief the Court on the validity of those objections. This tactic would be highly prejudicial to Defendants, and it would give Plaintiffs an unfair advantage that the applicable Rules forbid. Moreover, such tactics in the aggregate would flood the court with unnecessary and improper motion practice, completely unmoored to the FRCP and unlimited in scope. Additionally, Defendants would request a protective order be entered before any documents are reviewed and produced to guard against the public disclosure of any sensitive law enforcement information or personal identifying information. Accordingly, Plaintiffs' request for an order compelling responses is improper and should be denied for this reason as well.

      Plaintiffs failed to comply with Local Rule 37-1 by failing to provide a meet and confer letter or preparing a joint stipulation with the parties' positions. Before Defendants have filed a motion to dismiss, which they have until August 19, 2025 to do, Plaintiffs effectively demanded the production of documents while simultaneously attempting to schedule a meet and confer conference in days—a shorter timeframe than what the Local Rules prescribe. Plaintiffs also failed to offer any specific points and authorities pertaining to the individual document requests, but rather appear to assert a blanket immunity from the Federal Rules and the Local Rules. Plaintiffs' discovery requests presented for the first time in a motion seeking to compel responses deprive Defendants the opportunity to evaluate the requests, respond in due course, and confer with Plaintiffs to resolve any potential disputes without motion practice. Indeed, Plaintiffs' approach does not facilitate dispute resolution or smooth functioning of the courts and unsurprisingly, Plaintiffs cite no legal authority to support this unfounded accelerated approach to discovery. Accordingly, this Court should deny the Discovery Application and not endorse Plaintiffs' disregard for the Federal Rules, Local Rules, and Defendants' discovery rights.

      Should this Court grant Plaintiffs leave of court to serve discovery requests, then Plaintiffs must do so in accordance with the Federal Rules. By requesting both an order for leave of court and to compel responses to discovery, Plaintiffs effectively claim

without cause that they should be exempted from the Federal Rules and the Local Rules.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny the Motion. In the event that Plaintiffs are permitted to pursue limited discovery, Defendants respectfully request that this Court order the requests be served in accordance with the Federal Rules of Civil Procedure and any responses, objections, and motions on those requests be governed by the Federal Rules and the Local Rules.

Dated: July 7, 2025   Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
ANDREW I. WARDEN
KATHLEEN C. JACOBS
Civil Division, Federal Programs Branch

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

  */s/ Paul (Bart) Green*
PAUL (BART) GREEN
Assistant United States Attorney

Attorneys for Defendants

<u>L.R. 11-6.2 Certificate of Compliance</u>

The undersigned counsel of record certifies that this memorandum contains 4,854 words / 15 pages, which complies with the word limit set by L.R. 11-6.1 and the Court's New Case Order.

Dated: July 7, 2025                    <u>/s/ *Paul (Bart) Green*</u>
                                                    PAUL (BART) GREEN