Matthew Borden, Esq. (SBN: 214323)
borden@braunhagey.com
J. Noah Hagey, Esq. (SBN: 262331)
hagey@braunhagey.com
Kory J. DeClark, Esq. (SBN: 310571)
declark@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
gwashington@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Kevin Opoku-Gyamfi, Esq.
(*pro hac vice*)
opokugyamfi@braunhagey.com
BRAUNHAGEY & BORDEN LLP
118 W. 22nd Street, 12th Floor
New York, NY 10011
Telephone: (646) 829-9403

[Additional counsel on next page]

*Attorneys for Plaintiffs*

Peter J. Eliasberg, Esq. (SBN: 189110)
peliasberg@aclusocal.org
Jonathan Markovitz, Esq. (SBN: 301767)
jmarkovitz@aclusocal.org
Adrienna Wong, Esq. (SBN: 282026)
awong@aclusocal.org
Meredith Gallen, Esq. (SBN: 291606)
mgallen@aclusocal.org
Summer Lacey, Esq. (SBN: 308614)
slacey@aclusocal.org
Jacob Reisberg, Esq. (SBN: 329310)
jreisberg@aclusocal.org
Mohammad Tajsar, Esq. (SBN: 280152)
mtajsar@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 W 8th Street, Ste 200
Los Angeles, CA 90017
Telephone: (213) 977-9500

Peter Bibring, Esq. (SBN: 223981)
peter@bibringlaw.com
Law Office of Peter Bibring
2140 W Sunset Blvd # 203
Los Angeles, CA 90026
Telephone: (213) 471-2022

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Los Angeles Press Club, NewsGuild - Communications Workers of America, Sean Beckner-Carmitchel, Ryanne Mena, Lexis-Olivier Ray, Charles Xu, Benjamin Adam Climer, and Abigail Olmeda,<br><br>Plaintiffs,<br><br>v.<br><br>Kristi Noem, in her official capacity as Secretary of Homeland Security; U.S. Department of Homeland Security,<br><br>Defendants. | Case No. 2:25-CV-05563-HDV-E<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: August 21, 2025<br>Time: 10:00 a.m.<br>Judge: Hon. Hernán D. Vera<br>Location: Courtroom 5B, 5th Floor |

Additional Counsel of Record for Plaintiffs:

Carol A. Sobel, Esq. (SBN: 84483)
  carolsobellaw@gmail.com
Weston Rowland, Esq. (SBN: 327599)
  rowland.weston@gmail.com
Law Office of Carol A. Sobel
2632 Wilshire Boulevard, #552
Santa Monica, CA 90403
Telephone: (310) 393-3055

Paul Hoffman, Esq. (SBN: 71244)
  hoffpaul@aol.com
Michael Seplow, Esq. (SBN: 150183)
  mseplow@sshhzlaw.com
John Washington, Esq. (SBN 315991)
  jwashington@sshhzlaw.com
Schonbrun, Seplow, Harris, Hoffman & Zeldes LLP
200 Pier Avenue #226
Hermosa Beach, CA 90254
Telephone: (310) 717-7373

Case No. 2:25-cv-05563-HDV-E

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

On July 18, 2025, Plaintiffs Los Angeles Press Club, NewsGuild - Communications Workers of America, Sean Beckner-Carmitchel, Ryanne Mena, Lexis-Olivier Ray, Charles Xu, Benjamin Adam Climer, and Abigail Olmeda's Motion for Preliminary Injunction came before the Court. Having thoroughly considered Plaintiffs' motion and the declarations and exhibits submitted therewith, the applicable law, the record evidence, and arguments of counsel, the Court finds good cause to order the requested relief and hereby GRANTS Plaintiffs' motion for preliminary injunction.

## I.   LEGAL STANDARD

A plaintiff seeking a preliminary injunction must establish (1) likely success on the merits; (2) likely irreparable harm absent preliminary relief; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A district court may consider "the parties' pleadings, declarations, affidavits, and exhibits submitted in support of and in opposition to the motion for preliminary injunction." *Cal. Rifle & Pistol Ass'n, Inc. v. Los Angeles Cnty. Sheriff's Dep't*, 745 F.Supp.3d 1037, 1048 (C.D. Cal. 2024).

## II.   DISCUSSION

### A.   Standing

Plaintiffs are journalist associations, reporters, legal observers, and members of the public who have been subjected to force from federal agents while attending protests in the Central District of California. They have presented substantial evidence establishing the continuing adverse effects of Defendants' past conduct against them, including the ongoing "chill" of their First Amendment rights. Declaration of Lexis-Olivier Ray ¶ 37; Supplemental Declaration of Ryanne Mena, ¶ 10; Declaration of Abigail Olmeda ¶ 24.

Plaintiffs have also presented "powerful evidence" of the Defendants' "ongoing, sustained pattern of conduct that resulted in numerous injuries to members

of the press," legal observers, and protesters, including 40 declarations and video evidence showing that Defendants shot press, observers, and protesters with impact munitions and tear gassed them in similar ways in a pattern of conduct that has persisted for weeks. *Index Newspapers LLC v. United States Marshals Service*, 977 F.3d 817, 826 (9th Cir. 2020). Plaintiffs have also pointed to multiple official statements and an official memo showing that this pattern of conduct is officially authorized and approved. *See LaDuke v. Nelson*, 762 F.2d 1318, 1324 (9th Cir. 1985), *amended*, 796 F.2d 309 (9th Cir. 1986).

Plaintiffs' risk of injury is not speculative; they have already been injured by Defendants' systematic pattern of conduct. Protests of federal immigration policy continue across Southern California. Plaintiffs aver that they intend to continue to cover and protest such events. The likelihood of repeated confrontations together with the evidence evincing Defendants' officially sanctioned and sustained pattern of conduct show that the First Amendment violations Plaintiffs allege are likely to recur, and that Plaintiffs risk being injured by Defendants again in a similar way.

For all of these reasons, Plaintiffs have standing to seek prospective injunctive relief.

**B.    Preliminary Injunction Standard**

    **1.    Likelihood of success on the merits**

Plaintiffs have shown a strong probability of prevailing on the merits. They have submitted over 40 declarations detailing use of force against peaceful journalists, legal observers, and protestors who attended both small and large protests between June 6 and July 10, 2025. Although Plaintiffs and declarants attended protests at various locations—including Camarillo, Carpinteria, Downtown Los Angeles, Ladera Heights, Paramount, and Santa Ana—the force DHS used against them while they exercised their First Amendment rights was consistently excessive. DHS agents have fired tear gas grenades at people, teargassed bystanders for no reason, shot people in the head, smashed the hands of people recording the events

with their phones, misused crowd control weapons, indiscriminately fired into crowds, pointed loaded guns at people who are not threatening them, shot people in the back who are running away, thrown tear gas at people while leaving the scene of an arrest, and attacked crowds without warning. Such grave misuses of force can cause serious injuries, such as burns, hematomas, wounds, concussions, avulsions, memory lapses, and brain contusions.

Plaintiffs have established a strong likelihood of prevailing on their access claims. As in *Index Newspapers,* Plaintiffs have presented a "mountain of evidence" showing that DHS is shooting directly at journalists, observers, and protesters who pose no threat to federal agents, as well as misusing crowd control munitions—interfering with Plaintiffs' right of access to observe and record public protests and law enforcement activity. *Index Newspapers*, 977 F.3d at 838. Plaintiffs have also established a strong likelihood of demonstrating that they have been and are engaged in constitutionally protected activities, that the force used against them would chill a person of ordinary firmness from exercising their First Amendment rights and continuing to engage in protected activity, and that their protected activity was a substantial motivating factor for the force used against them. *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1300-01 (9th Cir. 1999). Plaintiffs have thus demonstrated a likelihood of succeeding on their First Amendment claims.

### 2. Irreparable harm

The Ninth Circuit does "not require a strong showing of irreparable harm for constitutional injuries." *Cuviello v. City of Vallejo*, 944 F.3d 816, 833 (9th Cir. 2019). The loss of First Amendment freedoms "for even minimal periods of time unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *Index Newspapers*, 977 F.3d at 838. A chill on First Amendment rights—even if it results from the threat of enforcement rather than actual enforcement—constitutes irreparable harm. *Cuviello*, 944 F.3d at 833. For the reasons set forth above, the Court finds that Plaintiffs are suffering ongoing, present chilling effects on

their exercise of First Amendment rights, and Plaintiffs risk recurrent violations of those rights. Plaintiffs have demonstrated that they will suffer irreparable harm absent preliminary relief.

### 3. Balance of hardships and public interest

Issuance of the injunction is in the public interest and the balance of hardships "tips sharply" in Plaintiffs' favor. *See Fellowship of Christian Athletes v. San Jose Unified,* 82 F.4th 664, 695 (9th Cir. 2023) (finding that the balance of the equities and public interest analyses merge when the government is the opposing party). It is always in the public interest to prevent the violation of a party's constitutional rights. *See Index Newspapers*, 977 F.3d at 838. And, absent relief, the hardship faced by Plaintiffs is significant—they will continue to be targeted with kinetic impact projectiles, flashbangs, pepper balls, tear gas, and chemical irritants without warning or provocation.

## III. CONCLUSION

Having considered the papers presented, and for good cause shown, it is hereby **ORDERED** that Defendants are enjoined from:

    (1)    Dispersing, threatening, or assaulting the press as that term was defined in *Index Newspapers LLC v. United States Marshals Serv.*, 977 F.3d 817 (9th Cir. 2020), or legal observers. Defendants may ask press or legal observers to change location to avoid disrupting law enforcement, as long as the press or legal observers have sufficient opportunity to report and observe;

    (2)    Using crowd control weapons (including kinetic impact projectiles ("KIP"s), chemical irritants, and flash-bangs) on people who are not posing a threat of imminent harm to a law enforcement officer or another person;

(3) Firing kinetic impact projectiles or flashbangs at identified targets, if doing so could result in injury to a person who is not posing a threat of imminent harm to a law enforcement officer or another person;

(4) Using any crowd control weapon without giving at least two separate warnings in a manner and at a sound level where it can be heard by the targeted individuals. Such messages shall explain that Defendants may employ crowd control weapons and must give the targeted individuals sufficient time to avoid the use of force;

(5) Using kinetic impact projectiles containing chemical irritant unless expressly approved by an on-scene supervisor in response to specific acts of violence that the supervisor personally witnessed

(6) Firing tear gas canisters or flash-bang grenades so as to strike any person, or firing KIPs or other crowd control weapons at the head, neck, groin, spine, or other sensitive areas, unless that person poses an immediate threat of death or serious bodily injury.

Within the next 72 hours, DHS is also hereby **ORDERED** to summarize this Order and disseminate its contents to all DHS officers responding to a protest in the Central District of California. The parties shall meet and confer and provide a joint status report within 30 days setting forth proposals for ensuring that DHS officers present in the Central District of California while this action is pending remain aware of the limitations of this Order.

**IT IS SO ORDERED.**

DATED: _____         _____
                                                                    Honorable Hernán D. Vera
                                                                    United States District Court Judge