BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General

ALEXANDER K. HAAS
ANDREW I. WARDEN
KATHLEEN C. JACOBS (TX Bar No. 24091154)
Civil Division, Federal Programs Branch
    1100 L Street, NW
    Washington, DC 20005
    Telephone: (202)598-7615
    Email: kathleen.c.jacobs@usdoj.gov

BILAL A. ESSAYLI
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
PAUL (BART) GREEN
Assistant United States Attorney

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LOS ANGELES PRESS CLUB, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, et al, <br><br> Defendants. | No. 2:25-cv-05563-HDV-E <br><br> **STIPULATION FOR SCHEDULING ORDER FOR PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEFENDANTS' RESPONSE; DECLARATION OF KATHLEEN C. JACOBS** <br><br> Hon. Hernán D. Vera |

    1.    Defendants Kristi Noem, in her official capacity as Secretary of Homeland Security, and the U.S. Department of Homeland Security ("Defendants") and Plaintiffs Los Angeles Press Club,

1

NewsGuild-Communications Workers of America, Sean Becker-Carmitchel, Ryanne Mena, Lexis-Oliver Ray, Charles Xu, Benjamin Adam Climer, and Abigail Olmeda ("Plaintiffs") stipulate to the below scheduling order.

2. On September 15, 2025, counsel for the Parties engaged in a conference call to meet and confer concerning Defendants' impending motion to dismiss in response to Plaintiffs Complaint. *See* Declaration of Kathleen C. Jacobs ("Jacobs Decl."), attached hereto, ¶ 2.

3. At that time, the Parties discussed Defendants' anticipated motion, carefully considering each Parties contentions regarding the sufficiency of the pleading as filed and in light of subsequent briefing and factual development. *Id.* ¶ 3.

4. Given the extensive factual development and briefing since the original Complaint, the Parties ultimately agreed that a scheduling order for Plaintiffs to amend their Complaint and subsequent responsive briefing schedule would be in the interest of judicial economy rather than Defendants filing a motion to dismiss the current Complaint on September 22, 2025, only to lead to an Amended Complaint by Plaintiffs. *Id.* ¶¶ 2-4.

5. In line with this Court's Civil Standing Order, the Parties seek to avoid briefing a motion to dismiss only to be answered by a subsequent Amended Complaint and agree to confer in good faith regarding the proposed amendment to resolve perceived defects. *See* Local Rule 7-3; *see also* Civil Standing Order(X)(A). Moreover, in their recent conference the Parties did indeed carefully consider their respective contentions as to the deficiencies of the Complaint, as-filed, and have come to the below agreement and that includes additional opportunities for the Parties to meet and confer in good faith on Plaintiffs' Amended Complaint prior to its filing and thereafter prior to any subsequent response or motion to dismiss filed by Defendants. Jacobs Decl. ¶¶ 2-4.

6. Accordingly, good cause exists for the Parties to enter into the below stipulated scheduling order. Party and judicial economy would be furthered by the Parties' proposed schedule, which seeks to eliminate redundant motion practice and streamline proceedings. *Id.* ¶¶ 3-5. Courts have broad discretion in determining whether there is good cause. *See Johnson v. Mammoth Recreations* 975 F.2d 604, 607 (9th Cir. 1992). "Good cause" is a non-rigorous standard that has been construed broadly

across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Good cause is considered based on the diligence of the party seeking the relief. *Johnson*, 975 F.2d at 609.

7. Proposed Scheduling Order for Plaintiffs' First Amended Complaint and Defendants' Response:

   a. Plaintiffs will provide Defendants with a draft First Amended Complaint on **October 3, 2025**.
   b. If Defendants still believe that there are grounds for a Rule 12 motion, the parties. will meet and confer about Defendants' intended motion by **October 9, 2025**.
   c. Plaintiffs will file the First Amended Complaint on **October 16, 2025**.
   d. Defendants will file their response to the First Amended Complaint on **October 30, 2025**.
   e. Plaintiffs will file their opposition (assuming the response is a motion to dismiss) on **November 13, 2025**.
   f. Defendants will file their reply on **November 20, 2025**.
   g. The hearing will be on **December 4**, or whenever the Court sees fit.

The parties respectfully request that the Court approve this stipulation.

| | |
|---|---|
| Dated: September 18, 2025 | Respectfully submitted, |
| | BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division |
| | ERIC J. HAMILTON<br>Deputy Assistant Attorney General |
| | SEAN SKEDZIELEWSKI<br>Counsel to the Assistant Attorney General |
| | ALEXANDER K. HAAS<br>ANDREW I. WARDEN<br>KATHLEEN C. JACOBS<br>Federal Programs Branch |
| | BIBAL A. ESSAYLI<br>United States Attorney<br>DAVID M. HARRIS<br>Assistant United States Attorney<br>Chief, Civil Division<br>DANIEL A. BECK<br>Assistant United States Attorney<br>Chief, Complex and Defensive Litigation Section<br>PAUL (BART) GREEN<br>Assistant United States Attorney |
| | /s/ *Kathleen C. Jacobs*<br>KATHLEEN C. JACOBS (TX Bar No. 24091154)<br>Trial Attorney |
| | *Attorneys for Defendants* |

ATTESTATION UNDER LOCAL RULE 5-4.3.4

I, Kathleen C. Jacobs, am the ECF User whose ID and password are being used to file this STIPULATION FOR SCHEDULING ORDER FOR PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEFENDANTS' RESPONSE. I hereby certify and attest that Plaintiffs' counsel, Matthew Borden, has concurred in this filing.

DATED: September 18, 2025         /s/ *Kathleen C. Jacobs*
                                   KATHLEEN C. JACOBS
                                   Trial Attorney