BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
ANDREW I. WARDEN
KATHLEEN C. JACOBS
Civil Division, Federal Programs Branch

BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
PAUL (BART) GREEN (Cal. Bar No. 300847)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0805
    Email: Paul.Green@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES PRESS CLUB; *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; *et al.*,<br><br>    Defendants. | No. 2:25-cv-05563-HDV-E<br><br>**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br><br>Hearing Date:  December 4, 2025<br>Hearing Time:  10:00 a.m.<br>Ctrm:  5B<br>Hon.  Hernán D. Vera |

**TABLE OF CONTENTS**

| DESCRIPTION | PAGE |
|---|---|

TABLE OF AUTHORITIES ...................................................................................................... ii

REPLY MEMORANDUM ........................................................................................................... 1

I. INTRODUCTION .............................................................................................................. 1

II. ARGUMENT ...................................................................................................................... 1

    A. Plaintiffs Lack Standing To Obtain Equitable Relief Against Defendants ...................... 1

    B. Plaintiffs' First Amendment Claims Are Inadequate (Count 1). ...................................... 4

    C. The Fourth Amendment Claim Fails (Count 2). ............................................................... 5

    D. The Fifth Amendment Claim Also Fails (Count 2). ......................................................... 6

    E. Plaintiffs Fail To State A Claim Under The APA (Count 3). ........................................... 6

    F. Declaratory "Relief" Is Not An Independent Cause Of Action (Count 4). ...................... 9

    G. Plaintiffs Should Not Be Given Leave To Amend ............................................................ 9

III. CONCLUSION .................................................................................................................. 9

# TABLE OF AUTHORITIES

<u>DESCRIPTION</u> <u>PAGE</u>

**Cases**

*Al Otro Lado, Inc. v. McAleenan*,
  394 F. Supp. 3d 1168 (S.D. Cal. 2019) ................................................................. 7-8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................ 4

*Benson v. State Bd. of Parole and Probation*,
  384 F.2d. 238 (9th Cir. 1967) ................................................................................. 9

*C.G.B. v. Wolf*,
  464 F. Supp. 3d 174 (D.D.C. 2020) ........................................................................ 8

*Chicago Headline Club v. Noem*,
  No. 25-3023 (7th Cir. Nov. 19, 2025) ..................................................................... 3

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983) ................................................................................................. 1

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013) ....................................................................................... 1, 2, 3

*County of Sacramento v. Lewis*,
  523 U.S. 833 (1998) ............................................................................................... 6

*Fiedler v. Clark*,
  714 F.2d 77 (9th Cir. 1983) .................................................................................... 9

*Forrester v. City of San Diego*,
  25 F.3d 804 (9th Cir. 1994) .................................................................................... 5

*Gorin v. Hartford Life Ins. Co.*,
  2019 WL 1578371 (C.D. Cal. Feb. 25, 2019) ........................................................ 4

*Hodgers-Durgin v. de la Vina*,
  199 F.3d 1037 (9th Cir. 1999) ................................................................................ 2

*Ileto v. Glock, Inc.*,
  349 F.3d 1191 (9th Cir. 2003) ................................................................................ 3

*Index Newspapers LLC v. United States Marshals Serv.*,
  977 F.3d 817 (9th Cir. 2020) .................................................................................. 3

*Jones v. City of Los Angeles*,
  2022 WL 2062920 (C.D. Cal. Feb. 16, 2022) ........................................................ 6

*Laird v. Tatum*,
  408 U.S. 1 (1972) ................................................................................................... 3

*Lemus v. Rite Aid Corp.*,
  613 F. Supp. 3d 1269 (C.D. Cal. 2022) .................................................................. 1

*Lopez v. FAA*,
   318 F.3d 242 (D.C. Cir. 2003) .................................................................................. 8

*Marder v. Lopez*,
   450 F.3d 445 (9th Cir. 2006) .................................................................................... 4

*Noem v. Vasquez Perdomo*,
   --- F. Supp. 3d ---, 2025 WL 2585637 (U.S. Sept. 8, 2025) ................................... 1

*Puente v. City of Phoenix*,
   123 F.4th 1035 (9th Cir. 2024) ................................................................................ 5

*Reddy v. Litton Indus., Inc.*,
   912 F.2d 291 (9th Cir. 1990) .................................................................................... 9

*Sanderlin v. Dwyer*,
   116 F.4th 905 (9th Cir. 2024) .................................................................................. 5

*Schilling v. Rogers*,
   363 U.S. 666 (1960) .................................................................................................. 9

*United States ex rel. Accardi v. Shaughnessy*,
   347 U.S. 260 (1954) .................................................................................................. 8

*United States v. Texas*,
   599 U.S. 670 (2023) .................................................................................................. 8

*Updike v. Multnomah Cty.*,
   870 F.3d 939 (9th Cir. 2017) .................................................................................... 2

**Statutes**

5 U.S.C. § 551 ................................................................................................................. 8

5 U.S.C. § 701 ................................................................................................................. 8

**Other**

8 C.F.R. § 287.8 .............................................................................................................. 8

**REPLY MEMORANDUM**

## I. INTRODUCTION

As Defendants' Motion to Dismiss (ECF No. 81) explained, the First Amended Complaint ("FAC") should be dismissed. The FAC fails to establish any Plaintiffs' standing because it does not plausibly allege a violation of any of Plaintiffs' constitutional rights or an *imminently certain* risk of future harm. Moreover, every claim pleaded in the FAC fails as a matter of law. Because Plaintiffs' Opposition (ECF No. 82) to the FAC fails to rehabilitate its many deficiencies, the FAC should be dismissed. Furthermore, because Plaintiffs have not requested leave to amend, the action should be dismissed without leave to amend.

## II. ARGUMENT

### A. Plaintiffs Lack Standing To Obtain Equitable Relief Against Defendants.

The FAC fails to establish that any named Plaintiff has standing to pursue their claims. Plaintiffs must show that an alleged injury is "concrete" and "actual or imminent, not 'conjectural' or hypothetical.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983). Here, Plaintiffs' claims fall short of standing for prospective relief where they simply "fear its recurrence." *Noem v. Vasquez Perdomo*, --- F. Supp. 3d ---, 2025 WL 2585637, at *2 (U.S. Sept. 8, 2025) (Kavanaugh, J., concurring) (citing *Lyons*, 461 U.S. 95). It is not sufficient to establish a plaintiff's rights were violated in past incidents, because absent a "real and immediate threat" that he will suffer the same injury in the future, he lacks standing. *Lyons*, 461 U.S. at 105. Plaintiffs' allegations are insufficient to support an inference that the "threatened injury" of future constitutional or Administrative Procedure Act violations is "*certainly impending*" and not merely "*possible*." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). Plaintiffs have thus failed to allege Article III standing for their claims.[1]

---

[1] There is no merit to Plaintiffs' critique that Defendants did not address Plaintiffs' class allegations in the motion to dismiss. *See* Pls.' Opp'n at 2. "Class allegations in a complaint are typically tested on a motion for class certification, not at the pleading stage." *See Lemus v. Rite Aid Corp.*, 613 F. Supp. 3d 1269, 1277 (C.D. Cal. 2022).

1

For a variety of reasons, Plaintiffs cannot establish standing for prospective relief not least because they fail to allege that DHS *lacks* policies forbidding excessive force and First Amendment retaliation. That aside, there is not, nor has there ever been, a real and immediate threat that Plaintiffs will suffer the same alleged injury again in the future. *See Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1043-44 (9th Cir. 1999) (en banc). Plaintiffs attempt to downplay the significant passage of time without injury or threat of injury to them, although the factual record pre-injunction belies the requisite standard for Plaintiffs' standing and prospective relief. Specifically, the FAC appears to acknowledge that no alleged injuries have been suffered by the overwhelming majority of Plaintiffs since July 10, 2025. *See Clapper*, 568 U.S. at 410 (stating plaintiffs must show "an objectively reasonable likelihood" of future injury). Further, Plaintiffs cannot rely on non-party allegations to establish their standing. Plaintiffs thus have no good basis to believe that the predicated injury will reoccur and that a specific named plaintiff *himself or herself* will suffer it. *Updike v. Multnomah Cty.*, 870 F.3d 939, 948 (9th Cir. 2017).

Second, Plaintiffs merely allege that they inserted themselves in disruptive riots and were then collaterally exposed to crowd control devices. That is not enough to establish standing. Deployment of crowd control devices is not *per se* unlawful such that recurrence of riots establishes standing. On the contrary, just as an arrest may or may not lead to a choke hold as in *Lyons*, a protest that turns into a riot may or may not lead to incidental exposure to crowd control devices. For example, Plaintiff Beckner-Carmitchel's own depiction of the violent riot on September 1, 2025, corroborates the timing of the account submitted by of Deputy Regional Director Roger Scharmen from Defendant's Reply in support of their Motion to Stay previously submitted. ECF No. 65. In fact, that at around 7:00 p.m., a ten-foot high fence erected between DHS and the protestors was "opened" (or breached) by protestors. Scharmen Decl. ECF No. 65-1 ¶ 8 & FAC ECF No. 67 ¶¶ 125-26. Beckner-Carmitchel's factual assertions point toward the conclusion that he was inadvertently injured when agents allegedly "sprayed everyone in attendance at the protest," FAC ¶¶ 127, but that does not mean that Defendants engaged in unlawful law enforcement activity such as to invoke Article III standing for prospective relief or that a similar situation will lead to the same result during future riots. For the same reasons, Plaintiff Press Club Members Buer and Mareina's vague recitation of events (and omission of context of the violent

2

riots in which they found themselves) cannot show that they face a "realistic threat" of the allegedly improper conduct occurring again when their alleged injuries were merely inadvertent.

Plaintiffs also cannot invoke "subjective 'chill'" of First Amendment activity as a substitute for establishing a "specific present objective harm or a threat of specific future harm." *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972). Here, Plaintiffs' abstract and unspecified "fear" is insufficient to establish standing. Plaintiffs have not made any factual allegations showing that any of them have been chilled. Their only allegations of a chilling effect are boilerplate assertions that Defendants actions are chilling Plaintiffs' exercise of their First Amendment rights. *See* FAC ¶¶ 7, 105, 283. That is nothing more than a bare legal conclusion, as it lacks any factual information necessary to support its claim of a legally cognizable chilling effect—it lacks any factual basis at all, such as which Plaintiffs were allegedly chilled, what actions caused the chill, what activities Plaintiffs ceased, or when any of the alleged chilling happened. *See Ileto v. Glock*, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003) ("[W]e do not … Assume the truth of legal conclusions cast in the form of factual allegations."). Further, Plaintiffs cannot demonstrate standing on the theory that they have been chilled by the fear of an implausible harm. A purported chilling effect cannot be "'based on a fear of future injury that itself [is] too speculative to confer standing.'" *Index Newspapers LLC v. United States Marshals Serv.*, 977 F.3d 817 (9th Cir. 2020) (quoting *Munns v. Kerry*, 782 F.3d 402, 410 (9th Cir. 2015)). Here, in the absence of factual allegations within the FAC that show any likelihood that a named Plaintiff will suffer harm in the future, the allegation of a chilling effect caused by that risk of harm must likewise fail. Given this, any Plaintiff who remains "chilled" only self-inflicts such harm. *See Clapper*, 568 U.S. at 417-18.

Finally, Plaintiffs' basis for standing is undermined by the recent stay decision from the Seventh Circuit. *Chicago Headline Club, et al. v. Noem, et al.,* No. 25-3023 (7th Cir. Nov. 19, 2025) (attached hereto as Ex. A). In granting the stay, the Circuit Court found that the federal government was likely to succeed because the preliminary injunction, modeled on and very similar to the one here, was overbroad and too prescriptive. The Circuit Court further stated that it had "reservations about Article III standing" given that "[a] fear that such harm will recur is insufficient, on its own, to show standing for injunctive relief." *Id.* (citing *Lyons*, 461 U.S. at 107 n.8). As is the case here, Plaintiffs cannot show "that the past harm they allegedly faced is likely to imminently happen to them in the future." *Id.* at *1.

3

### B.     Plaintiffs' First Amendment Claims Are Inadequate (Count 1).

Plaintiffs' First Amendment arguments boil down to one point—that the Court does not need to decide whether the FAC states any First Amendment claim because the Court previously granted Plaintiffs a preliminary injunction. But on a motion to dismiss, the Court must assess whether the *allegations* in the FAC, not the declarations filed with the PI motion, are sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Motion argued that Plaintiffs have failed to allege that any individual officer who used force at the protests acted with retaliatory intent or that any invidious intent can be attributed to DHS. The only allegations that Plaintiffs point to are selective quotations in the FAC. *See* Opp'n at 12 (citing FAC ¶¶ 75-77, 93-99). But these quotations, attributed to government officials, are incomplete and misleading (¶¶ 94-97) or vague, anonymous statements based on "information and belief" (¶¶ 98-99). The Court is not "required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009); *see also Gorin v. Hartford Life Ins. Co.*, 2019 WL 1578371, at *4 n.2 (C.D. Cal. Feb. 25, 2019) (disregarding conclusory statements in complaint contrary to the documents attached to the complaint).

Given the inadequacy of the allegations, Plaintiffs' Opposition tries to incorporate by reference for the first time the entire motion for preliminary injunction and supporting evidence. *See* Opp'n at 12. Doing so for the first time in an opposition brief is improper, and regardless, nowhere does the FAC actually incorporate the PI motion or the declarations supporting the PI motion. Those materials are not appropriate for consideration as part of this motion because the FAC does not "necessarily rel[y]" on those declarations—the FAC does not refer to any of the declarations, and the declarations are not "central to the [Plaintiffs'] claim." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Even if the FAC is construed to incorporate Plaintiffs' motion for preliminary injunction and supporting declarations, those factual allegations were insufficient to support a preliminary injunction, as Defendants have consistently argued. Indeed, the Ninth Circuit Court of Appeals has now scheduled oral argument for December 12, 2025, on Defendants' motion to stay this Court's order on the preliminary injunction. As for Plaintiffs' right-of-access claim, Plaintiffs' Opposition identifies no allegations that they have been denied access to a government process to which they have a right of

access.²

C. **The Fourth Amendment Claim Fails (Count 2).**

Assuming that Plaintiffs have standing to pursue a Fourth Amendment claim, which they do not, Plaintiffs' Opposition fails to explain how their claim is legally sufficient. Plaintiffs argue that the use of pepper spray and other crowd-control measures constitutes a "seizure." The Ninth Circuit's decision in *Puente v. City of Phoenix* is on-point. 123 F.4th 1035, 1051-55 (9th Cir. 2024) (affirming denial of Fourth Amendment claim in the context of crowd control measures employed during protest of the President); *see also Forrester v. City of San Diego*, 25 F.3d 804, 805-07 (9th Cir. 1994) (holding pain compliance techniques on passive protesters not unreasonable to remove them). Plaintiffs rely heavily on *Sanderlin v. Dwyer*, 116 F.4th 905 (9th Cir. 2024), which states that "[a] seizure requires the use of force with intent to restrain." *Id.* at 913 (citing *Torres v. Madrid*, 592 U.S. 306, 317 (2021). But plaintiffs do not point to a specific instance in which a plaintiff in this case was hit by a "40mm foam baton" as was the case in *Sanderlin*. Rather, Plaintiffs' allegations focus on tear gas cannisters and pepper spray, *see, e.g.*, FAC ¶¶ 126, 194, 207, 219, 226, making the *Peunte* far more analogous to the allegations before this Court. The FAC, however, fails to allege that any individual officer had an intent to restrain. Asserting in conclusory fashion that crowd-control devices are "specifically designed" to "incapacitate individuals" is insufficient. If it were, any use of a crowd-control device would constitute a "seizure."

Since the use of force claim arose "outside the context of a seizure," they are evaluated under a "shocks-the-conscience test." *See Puente*, 123 F.4th at 1053. Plaintiffs, however, offer no argument to rebut this point as to the Fourth Amendment claim. Consequently, the Fourth Amendment claim should be dismissed.

---

² Plaintiffs argue that that the Motion to Dismiss does not attack Plaintiff's "viewpoint discrimination" theory. That Plaintiffs resort to arguing waiver based on a few passing references to "viewpoint discrimination" in a 70 page brief speaks to the weakness of the First Amendment claim. *See, e.g.*, ¶¶ 91, 282. Regardless, conclusory passing references in the FAC are insufficient to a maintain a "viewpoint discrimination" claim.

5

### D. The Fifth Amendment Claim Also Fails (Count 2).

Plaintiffs concede that their Fifth Amendment claim is adequately covered by their Fourth Amendment claim, but seek permission to plead the Fifth Amendment claim "in the alternative." Opp'n at 16. Plaintiffs ignore the controlling Supreme Court case, *County of Sacramento v. Lewis*, 523 U.S. 833 (1998)[3], holding that "if a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under substantive due process." *Id.* at 833. Instead, Plaintiffs rely on the District Court's unpublished opinion in *Jones v. City of Los Angeles*, 2022 WL 2062920 (C.D. Cal. Feb. 16, 2022). In that case, the Court identified a scenario in which the First Amendment retaliation claim would fail, but there would still be a substantive due process claim under the Fourteenth Amendment. Plaintiffs offer no such explanation here. Therefore, the Fifth Amendment claim must be dismissed.[4]

### E. Plaintiffs Fail To State A Claim Under The APA (Count 3).

Plaintiffs cannot establish either that there is a final agency action that could be reviewed under the APA nor that Defendants violated their written polices such that a final agency action has taken place. Notably, Plaintiffs concede that no final agency action has occurred that could be reviewed and vacated under the APA. Indeed, the "statements made by several [agency] officials" that Plaintiffs rely do not constitute "final agency action" as a matter of law. ECF No. 84 at 22. Even in the light most favorable to Plaintiffs, the "quotes" that they rely on (ECF No. 82 at 22) are at best incomplete. On their face, not a single quote refers to any force used in violation of the Constitution or in any way to promote violence against protestors. In fact, Plaintiffs repeatedly omit the context of these quotes and to whom they are directed—violent rioters. Repeatedly, throughout the FAC, Plaintiffs assert "statements made by several of those officials about sustaining DHS violent conduct against protesters exercising their First Amendment rights," however, looking closer, Plaintiffs present highly edited and out-of-

---

[3] Plaintiffs actually misrepresent the holding in *Lewis*. Plaintiffs claim that the Supreme Court in *Lewis* stated that a plaintiff is "permitted to alternatively plead [a] a substantive due process claim." Opp'n at 16. But nowhere does that quote appear in the case. Instead, it was the district court in *Jones* that reached that conclusion and used that language.

[4] Oddly, much of Plaintiffs' argument about the Fifth Amendment re-hashes their allegations on the Fourth Amendment (Opp'n at 17-19), which as discussed above fails to state a claim.

6

context "quotes." As just one of several examples, Plaintiffs made the following "quote" in the FAC and cited to it in their opposition (ECF No. 82 at 22) to justify their informal APA claim:

> "In an interview with Fox News on June 10, 2025, Defendant Noem stated about DHS's response to the ongoing protests in this District, 'We're going to hit them back and hit them back harder than we have before . . . The more they protest . . . the harder ICE is going to come after them.'" ECF No. 67 ¶ 75.

What Secretary Noem *actually* said:

> "The more that people conduct violence against law enforcement officers, boy, we're going to hit them back and hit them back harder than we ever have before. And we conducted more operations today than we did the day before and tomorrow we're going to double those efforts again. The more that they protest *and commit acts of violence against law enforcement officers*, the harder ICE is going to come after them." *See* "We have been going after the 'worst of the worst' in LA: Kristi Noem (June 10, 2025) https://www.foxnews.com/video/6374069994112 (*emphasis added*).

Plaintiffs cannot manufacture an APA claim through self-serving snippets taken out of context. Absent their scattershot quotation efforts, Plaintiffs cannot show that there was any informal policy to violate the law or informal disregard of regulation or policy to establish an APA claim. Each out of context quote lodged by Plaintiffs must be viewed in its full context. When reviewed in the appropriate light, it is obvious that there has never been an informal policy to disregard regulations, nor are there any violations of policies and practices that DHS has sanctioned and ratified.

Simply put, Plaintiffs concede there is no formal policy violation pursuant to the APA and absent out-of-context quotes and unsubstantiated allegations made by non-parties, Plaintiffs scattershot allegations of policy violations involving wholly different facts are insufficient to identify the policy or custom they contend violates DHS regulations. *See Al Otro Lado, Inc. v. McAleenan*, 394 F. Supp. 3d 1168, 1207 (S.D. Cal. 2019) (quoting *Lightfoot v. D.C.*, 273 F.R.D. 314, 326 (D.D.C. 2011) ("The question is not whether a constellation of disparate but equally suspect practices may be distilled from the varying experiences of the class; rather, Plaintiffs must first identify the 'policy or custom' they contend violates the dictates of procedural due process and then establish that the 'policy or custom' is common to the class.") Here, Plaintiffs, quoting *McAleenan*—rather than *Lightfoot* from which the entirety of the *McAleenan* quote came—Plaintiffs again obfuscate the context. As quoted above, *Lightfoot* does not merely identify a "constellation of disparate but equally suspect practices distilled

from varying experiences of the class," but requires that Plaintiffs first identify the "policy or custom" they contend violates the dictates of procedural due process. *Lightfoot*, 273 F.R.D. at 326. Absent piecemeal, curated quotes from law and facts, Plaintiffs fail to identify a policy or custom that violates the dictates of procedural due process.

To the extent Plaintiffs challenge actions by individual law enforcement officers in responding to violent crowds, any such actions would not be an "agency action" subject to review under the APA. *See* 5 U.S.C. § 551(13) (defining an agency action as "rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act"). Further, any such actions would fall outside the scope of APA review because they are "committed to agency discretion by law." 5 U.S.C. § 701(a)(2); *see United States v. Texas*, 599 U.S. 670, 678 (2023) ("Under Article II, the Executive Branch possesses authority to decide 'how to prioritize and how aggressively to pursue legal actions against defendants who violate the law.'" (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 429 (2021)); *Go Leasing, Inc. v. Nat'l Transp. Safety Bd.*, 800 F.2d 1514, 1523 (9th Cir. 1986) ("the Administrator need not promulgate rules constraining his discretion as to when to employ a particular statutory enforcement action").

Plaintiffs' argument based on *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954), likewise misses the mark. *Accardi* requires agencies to follow their own "internal, procedural regulations" in making decisions. *Lopez v. FAA*, 318 F.3d 242, 246 (D.C. Cir. 2003). The doctrine is rooted in notions of procedural due process. *Id.* Accordingly, "*Accardi* only encompasses procedural rules." *See C.G.B. v. Wolf*, 464 F. Supp. 3d 174, 226 n.42 (D.D.C. 2020). Here, Plaintiffs base their *Accardi* claim on 8 C.F.R. § 287.8(a), but that provision sets forth substantive criteria for uses of force, not procedural requirements officers must follow before using such force. *Id.* (stating that officers shall use "the minimum non-deadly force necessary to accomplish the officer's mission"). Plaintiffs tellingly identify no similar invocations of *Accardi* in the discretionary law enforcement context, thus reenforcing that this theory of APA relief fails.

8

### F. Declaratory "Relief" Is Not An Independent Cause Of Action (Count 4).

Despite Plaintiffs' contention, it is well established that the Declaratory Judgment Act is not an independent source of federal jurisdiction. *Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983). The Act merely provides an additional remedy in cases where jurisdiction is otherwise established. *Luttrell v. United States*, 644 F.2d 1274, 1275 (9th Cir.1980). Accordingly, jurisdiction must be found to exist on another ground. *See Benson v. State Bd. of Parole and Probation*, 384 F.2d. 238, 239 (9th Cir. 1967); *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). Here, because Plaintiffs lack standing to assert their claims, the Court lacks an independent basis for declaratory relief.

### G. Plaintiffs Should Not Be Given Leave To Amend

Plaintiffs do not request leave to amend. Indeed, Plaintiffs shared their proposed amended complaint with defense counsel in advance to attempt to forestall this motion. *See* ECF No. 56, at ¶¶ 4, 5, 7. Even if Plaintiffs had requested leave, amendment would be futile because Plaintiffs have not identified any new information they would add to support their claims. *See*, *e.g.*, *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990) ("Although leave to amend should be liberally granted, the amended complaint may only allege 'other facts consistent with the challenged pleading.'").

## III. CONCLUSION

For these reasons, the action and all of its claims should be dismissed.

Dated: November 20, 2025					Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
ANDREW I. WARDEN
KATHLEEN C. JACOBS
Civil Division, Federal Programs Branch

BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
PAUL (BART) GREEN
Assistant United States Attorney

　　/s/ Paul (Bart) Green
PAUL (BART) GREEN*
Assistant United States Attorney

Attorneys for Defendants

### L.R. 11-6.2 Certificate of Compliance

*Counsel of record certifies that this brief contains 3,527 words, which complies with the word limit of L.R. 11-6.1, and 10 pages or fewer, which complies with the Court's Standing Order.