BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
ANDREW I. WARDEN
KATHLEEN C. JACOBS (TX Bar No. 24091154)
Civil Division, Federal Programs Branch
        1100 L Street, NW
        Washington, DC 20005
        Telephone: (202) 598-7615
        Email: kathleen.c.jacobs@usdj.gov

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
PAUL (BART) GREEN (Cal. Bar No. 300847)
Assistant United States Attorney

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES PRESS CLUB; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*, <br><br> Defendants. | No. 2:25-cv-05563-HDV-E <br><br> **DEFENDANTS' AMENDED ANSWER AND DEFENSES TO THE FIRST AMENDED COMPLAINT** |

1

Defendants Kristi Noem, in her official capacity as Secretary, Department of Homeland Security; Todd Lyons, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Gregory Bovino, in his official capacity as Chief Patrol Agent for the El Centro Sector of the U.S. Border Patrol; Ernesto Santacruz Jr., in his official capacity as Acting Field Office Director for the Los Angeles Field Office, U.S. Immigration and Customs Enforcement; Eddy Wang, in his official capacity as Special Agent in Charge for the Los Angeles Field Office of Homeland Security Investigations; Mario Canton, in his official capacity as Regional Director for Region 9 of the Federal Protective Service; Kevin Green, in his official capacity as Commander of the U.S. Customs and Border Protection, Office of Field Operations, Special Response Team; and U.S. Department of Homeland Security (collectively, "Defendants") respond to the allegations in the First Amended Complaint (Dkt. 67) ("Complaint") of Plaintiffs Los Angeles Press Club, NewsGuild-Communications Workers of America, Sean Beckner-Carmitchel, Ryanne Mena, Lexis-Olivier Ray, Charles Xu, Benjamin Adam Climer, Abigail Olmeda, and Maria Alejandra-Paz (collectively, "Plaintiffs") as follows:

1.    The allegations in paragraph 1 constitute a characterization of the action to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 1.

2.    The allegations in paragraph 2 are not statements of fact to which a response is required. To the extent a response is required, Defendants deny the allegations in paragraph 2.

3.    Defendants deny the allegations in paragraph 3.

4.    Defendants do not possess sufficient knowledge or information to form a belief as to the state of mind or concerns of Californians as alleged in paragraph 4, and on that basis, deny them. Defendants deny the remainder of the allegations in paragraph 4.

5.    Defendants deny the allegations in paragraph 5.

6.    Defendants deny the allegations in paragraph 6.

7. Defendants deny the allegations in paragraph 7.

8. Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 8, except to deny that DHS has injured or violated the press rights of LA Press Club members.

9. Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 9, except to deny that DHS has injured CWA members.

10. Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 10, except to deny the allegations regarding the events on June 7, June 8, and September 1, 2025 alleged in paragraph 10.

11. Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 11, except to deny the allegations regarding the events on June 6 and 7, 2025 alleged in paragraph 11.

12. Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 12, except to deny the allegations regarding the events on June 7, 2025 alleged in paragraph 12.

13. Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 13, except to deny the allegations regarding the events on June 6 and 7, 2025 alleged in paragraph 13.

14. Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 14, except to deny the allegations regarding the events on June 7, 2025 alleged in paragraph 14.

15. Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 15, except to deny the allegations regarding the events on June 9, 2025 alleged in paragraph 15.

16. Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 16, except to deny the allegations regarding the events on June 7, 2025 alleged in paragraph 16.

3

17.    Defendants deny the allegations in paragraph 17, except to admit that DHS is a department of the executive branch of the United States government and that ICE, CBP, FPS, and DHS Management Directorate are DHS components. Defendants further admit as to the ICE, CBP, and DHS Management Directorate subcomponents.

18.    Defendants deny the allegations in paragraph 18, except to admit that Kristi Noem is the Secretary of Homeland Security and that since June 2025, ICE, CBP, and FPS have supported DHS operations in the Los Angeles Metropolitan Area (Counties of Los Angeles, Orange, Riverside, San Bernardino) and Central Coast (Counties of Ventura, Santa Barbara and San Luis Obispo).

19.    Defendants deny the allegations in paragraph 19, except to admit that Gregory Bovino is Commander-at-Large for CBP for Operations At Large in California and Los Angeles and the Chief Patrol Agent for the El Centro Sector of CBP.

20.    Defendants deny the allegations in paragraph 20, except to admit that Todd Lyons is Acting Director of ICE.

21.    Defendants deny the allegations in paragraph 21, except to admit that Jaime Rios is the Acting Field Office Director for the Los Angeles Field Office of ERO Los Angeles.

22.    Defendants deny the allegations in paragraph 22, except to admit that Eddy Wang is HSI Special Agent in Charge for Los Angeles.

23.    Defendants deny the allegations in paragraph 23, except to admit that Mario Canton is Regional Director for Region 9 of the Federal Protective Service.

24.    Defendants deny the allegations in paragraph 24, except to admit that Kevin Green is the Office of Field Operations Special Response Team Commander for CBP and, from June 29th to July 26th, 2025, he served as the Office of Field Operations Incident Commander in Los Angeles for Operation At Large.

25.    The allegations in paragraph 25 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny that this Court has subject matter jurisdiction over Plaintiffs' claims.

26. The allegations in paragraph 26 constitute conclusions of law to which no response is required.

27. The allegations in paragraph 27 constitute characterizations and legal argument to which no response is required. To the extent a response is required, Defendants deny the allegations, except to admit that Defendants are enforcing the United States' immigration laws.

28. Defendants deny the allegations in Paragraph 28 as mischaracterizations of Defendants' immigration enforcement operations, including vague, characterizations, source-less quotes, and statements.

29. The allegations in Paragraph 29 constitute characterizations and legal argument to which no response is required. To the extent a response is required, Defendants deny the allegations, except to admit that Defendants are enforcing the United States' immigration laws.

30. The allegations in Paragraph 30 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

31. Defendants deny the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

33. Defendants deny the allegations in paragraph 34, except to admit that immigration enforcement operations occurred on June 6, 2025, at Ambiance Apparel; on June 8, 2025, in Fontana, Santa Maria, Hawthorne, and Culver City; on June 10 and 11 in Ventura County, and June 11 in Downey.

34. Defendants admit that they have conducted immigration enforcement at car washes, farms, bus stops, parking lots, a tow yard, and a swap meet in this District. Defendants deny that they have conducted immigration enforcement at churches in this District. Defendants can neither confirm nor deny based on the information available at this time whether they have conducted immigration enforcement at other locations

alleged herein by Plaintiffs. As a result, except as specifically admitted, Defendants deny the allegations in paragraph 34.

35.    Defendants deny the allegations in paragraph 35.

36.    The allegations in paragraph 36 constitute Plaintiffs' characterization of a press conference, to which no response is required. To the extent a response is required, Defendants refer to the referenced press conference for an accurate and complete statement of its contents.

37.    Defendants admit the allegations in paragraph 37, except to deny the allegation regarding the "directive" and characterization of "raids."

38.    Defendants admit that Defendant Wang notified FPS about the need for more FPS personnel prior to June 6, 2025, but otherwise deny the characterizations in paragraph 38.

39.    Defendants deny the allegations in paragraph 39.

40.    The allegations in paragraph 40 constitute characterizations, legal argument, and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

41.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 41, and on that basis, deny them.

42.    Defendants deny the allegations in paragraph 42.

43.    Defendants deny the allegations in paragraph 43 insofar as DHS components have "also acted as unified enforcement units" is vague and constitutes argument for which no response is required. To the extent a response is required, Defendants deny the allegations.

44.    Defendants deny the allegations in paragraph 44.

45.    Defendants deny the allegations in paragraph 45.

46.    Defendants deny the allegations in paragraph 46 as a mischaracterization of the contents of the declaration.

47.    Defendants deny the allegations in paragraph 47 and all of its subparts.

48. Defendants deny the allegations in paragraph 48 and all of its subparts.

49. Defendants deny the allegations in paragraph 49.

50. Defendants deny the allegations in paragraph 50.

51. Defendants deny the allegations in paragraph 51.

52. Defendants deny the allegations in paragraph 52.

53. Defendants deny the allegations in paragraph 53.

54. Defendants deny the allegations in paragraph 54. Defendants additionally do not possess sufficient knowledge or information to form a belief as to the authenticity of the video included therein and therefore deny the same.

55. Defendants deny the allegations in paragraph 55.

56. Defendants deny the allegations in paragraph 56. Defendants additionally do not possess sufficient knowledge or information to form a belief as to the authenticity of the photo included therein and therefore deny the same.

57. Defendants deny the allegations in paragraph 57.

58. Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 58, and on that basis, deny them. Defendants additionally do not possess sufficient knowledge or information to form a belief as to the authenticity of the photo included therein and therefore deny the same.

59. Defendants deny the allegations in paragraph 59. Defendants additionally do not possess sufficient knowledge or information to form a belief as to the authenticity of the photo included therein and therefore deny the same.

60. Defendants deny the allegations in paragraph 60 to the extent Plaintiffs attempt to characterize Defendants' use of crowd control devices as anything other than a necessary and responsible response to a violent crowd that required a resupply due to the barrage of attacks by rioters.

61. Defendants deny the allegations in paragraph 61.

62.    The allegations in paragraph 62 refer to a social media post, to which no response is required. To the extent a response is required, Defendants refer to the referenced document for an accurate and complete statement of its contents.

63.    Defendants deny the allegations in paragraph 63.

64.    The allegations in paragraph 64 depict a social media post, to which no response is required. To the extent a response is required, Defendants refer to the referenced social media post for an accurate and complete statement of its contents.

65.    Defendants deny the allegations in paragraph 65.

66.    The allegations in paragraph 66 constitute Plaintiffs' characterization of a television interview, to which no response is required. To the extent a response is required, Defendants refer to the referenced interview for an accurate and complete statement of its contents.

67.    The allegations in paragraph 67 constitute Plaintiffs' characterization of DHS requests for assistance to the Department of War, to which no response is required. To the extent a response is required, Defendants refer to the referenced request for assistance for an accurate and complete statement of its contents.

68.    Defendants deny the allegations in paragraph 68. Defendants additionally do not possess sufficient knowledge or information to form a belief as to the authenticity of the photo included therein and therefore deny the same.

69.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 69, and on that basis, deny them. Defendants additionally do not possess sufficient knowledge or information to form a belief as to the authenticity of the photo included therein and therefore deny the same.

70.    Defendants admit that Marines were deployed to Los Angeles to protect federal personnel and property.

71.    Defendants deny the allegations in paragraph 71.

72.     Defendants deny the allegations in paragraph 72. Defendants additionally do not possess sufficient knowledge or information to form a belief as to the authenticity of the photo included therein and therefore deny the same.

73.     Defendants deny the allegations in paragraph 73.

74.     The allegations in paragraph 74 constitute Plaintiffs' characterization of a press interaction, to which no response is required. To the extent a response is required, Defendants refer to the referenced interaction for an accurate and complete statement of its contents.

75.     The allegations in paragraph 75 constitute Plaintiffs' characterization of a television interview, to which no response is required. To the extent a response is required, Defendants refer to the referenced interview for an accurate and complete statement of its contents.

76.     The allegations in paragraph 76 constitute Plaintiffs' characterization of a television interview, to which no response is required. To the extent a response is required, Defendants refer to the referenced interview for an accurate and complete statement of its contents.

77.     The allegations in paragraph 77 constitute Plaintiffs' characterization of a television interview, to which no response is required. To the extent a response is required, Defendants refer to the referenced interview for an accurate and complete statement of its contents.

78.     Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 78, except to admit that immigration enforcement activities took place on June 20, 2025 near the Xpress Wash on Slauson Avenue.

79.     Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 79, except to admit that federal law enforcement executed criminal search warrants on July 10, 2025 at two Glass House Farms locations in Camarillo, California and in Carpinteria, California.

80.     Defendants deny the allegations in paragraph 80, except to admit that there were protests on two sides of the Glass House Farms facility in Camarillo.

81.     Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 81, and on that basis, deny them. Defendants additionally do not possess sufficient knowledge or information to form a belief as to the authenticity of the photo included therein and therefore deny the same.

82.     The allegations in paragraph 82 constitute Plaintiffs' characterization of a press conference, to which no response is required. To the extent a response is required, Defendants refer to the referenced press conference for an accurate and complete statement of its contents.

83.     Defendants deny the allegations in paragraph 83.

84.     Defendants deny the allegations in paragraph 84.

85.     Defendants deny the allegations in paragraph 85. Defendants additionally do not possess sufficient knowledge or information sufficient to form a belief as to the authenticity of the photo included therein and therefore deny the same.

86.     Defendants deny the allegations in paragraph 86.

87.     Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 87, and on that basis, deny them.

88.     The allegations in paragraph 88 constitute Plaintiffs' characterization of an unspecified press interaction, to which no response is required. To the extent a response is required, Defendants refer to the referenced interaction for an accurate and complete statement of its contents.

89.     The allegations in paragraph 89 constitute Plaintiffs' characterization of a National Security Presidential Memorandum/NSPM-7, dated September 25, 2025, to which no response is required. To the extent a response is required, Defendants refer to NSPM-7 for an accurate and complete statement of its contents.

90.     Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 90, and on that basis, deny them.

91.   Defendants deny the allegations in paragraph 91.

92.   Defendants deny the allegations in paragraph 92.

93.   Defendants deny the allegations in paragraph 93.

94.   The allegations in paragraph 94 constitute Plaintiffs' characterization of an DHS internal bulletin, to which no response is required. To the extent a response is required, Defendants refer to the referenced document for an accurate and complete statement of its contents.

95.   The allegations in paragraph 95 constitute Plaintiffs' characterization of a press conference, to which no response is required. To the extent a response is required, Defendants refer to the referenced press conference for an accurate and complete statement of its contents.

96.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 96. Defendants deny allegations that based on recording and livestreaming alone DHS has petitioned for any individual to be detained.

97.   The allegations in paragraph 97 constitute Plaintiffs' characterization of a statement by DHS Assistant Secretary for Public Affairs, to which no response is required. To the extent a response is required, Defendants refer to the referenced statement for an accurate and complete statement of its contents.

98.   Defendants deny the allegations in paragraph 98.

99.   Defendants do not possess sufficient information as to the allegations in paragraph 99, and on that basis, deny them.

100.   Defendants deny the allegations in paragraph 100 and its subparts.

101.   Defendants deny the allegations in paragraph 101.

102.   Defendants deny the allegations in paragraph 102.

103.   The allegations in paragraph 103 constitute characterizations, legal argument, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny Plaintiffs allegations.

104.   Defendants deny the allegations in paragraph 104.

105.    Defendants deny the allegations in paragraph 105.

106.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 106, and on that basis, deny them.

107.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 107, and on that basis, deny them.

108.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 108, and on that basis, deny them.

109.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 109, and on that basis, deny them.

110.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 110 and on that basis, deny them.

111.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 111, and on that basis, deny them. Defendants also deny that an HSI officer shot a tear gas cannister at Beckner-Carmitchel. Defendants additionally do not possess sufficient knowledge or information to form a belief as to the authenticity of the photo included therein and therefore deny the same.

112.    Defendants deny the allegations in paragraph 112.

113.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 113, and on that basis, deny them.

114.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 114, and on that basis, deny them.

115.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 115, and on that basis, deny them.

116.    Defendants deny the allegations in paragraph 116.

117.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 117, and on that basis, deny them.

118.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 118, and on that basis, deny them.

119.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 119, and on that basis, deny them.

120.   The allegations in paragraph 120 constitute Plaintiffs' characterization of a video, to which no response is required. To the extent a response is required, Defendants deny Plaintiffs allegations. Defendants additionally do not possess sufficient knowledge or information sufficient to form a belief as to the authenticity of the video included therein and therefore deny the same.

121.   Defendants deny the allegations in paragraph 121.

122.   Defendants deny the allegations in paragraph 122.

123.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 123, and on that basis, deny them.

124.   Defendants deny the allegation in paragraph 124, except to admit that a metal fence was erected to protect federal property.

125.   Defendants deny the allegations in paragraph 125.

126.   Defendants deny the allegations in paragraph 126.

127.   Defendants deny the allegations in paragraph 127.

128.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 128, and on that basis, deny them.

129.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 129, and on that basis, deny them.

130.   Defendants deny the allegations in paragraph 130.

131.   Defendants deny the allegations in paragraph 131.

132.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 132, and on that basis, deny them.

133.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 133, and on that basis, deny them.

134.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 134, and on that basis, deny them.

135.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 135, and on that basis, deny them.

136.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 136, and on that basis, deny them.

137.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 137, and on that basis, deny them.

138.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 138, and on that basis, deny them.

139.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 139, and on that basis, deny them.

140.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 140, and on that basis, deny them. Defendants additionally do not possess sufficient knowledge or information to form a belief as to the authenticity of the photo included therein and therefore deny the same.

141.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 141, and on that basis, deny them.

142.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 142, and on that basis, deny them.

143.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 143, and on that basis, deny them. Defendants additionally do not possess sufficient knowledge or information to form a belief as to the authenticity of the photo included therein and therefore deny the same.

144.    Defendants deny the allegations in paragraph 144.

145.    Defendants deny the allegations in paragraph 145.

146.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 146, and on that basis, deny them.

147.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 147, and on that basis, deny them.

14

148.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 148, and on that basis, deny them.

149.   Defendants deny the allegations in paragraph 149.

150.   Defendants deny the allegations in paragraph 150.

151.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 151, and on that basis, deny them. Defendants additionally do not possess knowledge or information to form a belief as to the authenticity of the photo included therein and therefore deny the same.

152.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 152, and on that basis, deny them.

153.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 153, and on that basis, deny them.

154.   Defendants deny the allegations in paragraph 154.

155.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 155, and on that basis, deny them.

156.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 156, and on that basis, deny them.

157.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 157, and on that basis, deny them.

158.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 158, and on that basis, deny them.

159.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 159, and on that basis, deny them.

160.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 160, and on that basis, deny them.

161.   The allegations in paragraph 161 constitute Plaintiffs' characterization of a video, to which no response is required. To the extent a response is required, Defendants deny Plaintiffs' allegations. Defendants additionally do not possess knowledge or

information to form a belief as to the authenticity of the video included therein and therefore deny the same.

162.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 162, and on that basis, deny them.

163.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 163, and on that basis, deny them.

164.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 164, and on that basis, deny them.

165.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 165, and on that basis, deny them.

166.   The allegations in paragraph 166 constitute Plaintiffs' characterization of a video, to which no response is required. To the extent a response is required, Defendants deny Plaintiffs' allegations. Defendants additionally do not possess sufficient knowledge or information to form a belief as to the authenticity of the video included therein and therefore deny the same.

167.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 167, and on that basis, deny them.

168.   Defendants deny the allegations in paragraph 168.

169.   The allegations in paragraph 169 constitute Plaintiffs' characterization of a video, to which no response is required. To the extent a response is required, Defendants deny Plaintiffs' allegations. Defendants additionally do not possess sufficient knowledge or information to form a belief as to the authenticity of the video included therein and therefore deny the same.

170.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 170, and on that basis, deny them.

171.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 171, and on that basis, deny them.

172.   Defendants deny the allegations in paragraph 172.

173.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 173, and on that basis, deny them.

174.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 174, and on that basis, deny them.

175.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 175, and on that basis, deny them.

176.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 176, and on that basis, deny them.

177.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 177, and on that basis, deny them.

178.   Defendants deny the characterization of Defendants' actions in paragraph 178. Otherwise, Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 178, and on that basis, deny them.

179.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 179, and on that basis, deny them.

180.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 180, and on that basis, deny them.

181.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 181, and on that basis, deny them.

182.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 182, and on that basis, deny them.

183.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 183, and on that basis, deny them.

184.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 184, and on that basis, deny them.

185.   Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 185, and on that basis, deny them.

186.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 186, and on that basis, deny them.

187.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 187, and on that basis, deny them.

188.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 188, and on that basis, deny them.

189.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 189, and on that basis, deny them.

190.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 190, and on that basis, deny them.

191.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 191, and on that basis, deny them.

192.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 192, and on that basis, deny them.

193.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 193, and on that basis, deny them. Defendants additionally do not possess sufficient knowledge or information to form a belief as to the authenticity of the photo included therein and therefore deny the same.

194.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 194, and on that basis, deny them.

195.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 195, and on that basis, deny them.

196.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 196, and on that basis, deny them. Defendants additionally do not possess sufficient knowledge or information to form a belief as to the authenticity of the photo included therein and therefore deny the same.

197.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 197, and on that basis, deny them.

18

198.    Defendants deny the allegations in paragraph 198.

199.    Defendants deny the allegations in paragraph 199.

200.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 200, and on that basis, deny them.

201.    The allegations in paragraph 201 constitute Plaintiffs' characterization of a picture, to which no response is required. To the extent a response is required, Defendants refer to the referenced picture for an accurate and complete statement of its contents. Defendants additionally do not possess sufficient knowledge or information to form a belief as to the authenticity of the photo included therein and therefore deny the same.

202.    Defendants deny the allegations in paragraph 202.

203.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 203, and on that basis, deny them.

204.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 204, and on that basis, deny them.

205.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 205, and on that basis, deny them.

206.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 206, and on that basis, deny them.

207.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 207, and on that basis, deny them.

208.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 208, and on that basis, deny them.

209.    Defendants deny the allegations in the first sentence of paragraph 209. As to the rest of the paragraph, Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 209, and on that basis, deny them.

210.    The allegations in paragraph 210 constitute Plaintiffs' characterization of a picture, to which no response is required. To the extent a response is required,

Defendants refer to the referenced picture for an accurate and complete statement of its contents. Defendants additionally do not possess sufficient knowledge or information to form a belief as to the authenticity of the photo included therein and therefore deny the same.

211.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 211, and on that basis, deny them.

212.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 212, and on that basis, deny them.

213.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 213, and on that basis, deny them.

214.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 214, and on that basis, deny them.

215.    Defendants deny the allegations in paragraph 215.

216.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 216, and on that basis, deny them.

217.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 217, and on that basis, deny them.

218.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 218, and on that basis, deny them.

219.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 218, except to deny that DHS agents fired tear gas cannisters indiscriminately.

220.    Defendants deny the allegations in the first sentence of paragraph 220. As for the rest of the paragraph, Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 220, and on that basis, deny them.

221.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 221, and on that basis, deny them.

222.    Defendants deny the allegations in paragraph 222.

223.    Defendants deny the allegations in paragraph 223.

224.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 224, and, on that basis, deny them.

225.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 225, and on that basis, deny them.

226.    Defendants deny the allegations in paragraph 226.

227.    Defendants deny the allegations in paragraph 227.

228.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 228, and on that basis, deny them.

229.    Defendants deny the allegations in paragraph 229.

230.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 230, and on that basis, deny them.

231.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 231, and on that basis, deny them.

232.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 232, and on that basis, deny them.

233.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 233, and on that basis, deny them.

234.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 234, and on that basis, deny them.

235.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 235, and on that basis, deny them.

236.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 236, and on that basis, deny them.

237.    Defendants do not possess sufficient knowledge or information to form a belief as to the allegations in paragraph 237, and on that basis, deny them. Defendants

1    additionally do not possess sufficient knowledge or information to form a belief as to the

2    authenticity of the photos included therein and therefore deny the same.

3         238.   The allegations in paragraph 238 constitute legal argument and conclusions

4    of law to which no response is required. To the extent a response is required, Defendants

5    deny the allegations in paragraph 238.

6         239.   The allegations in paragraph 239 constitute legal argument and conclusions

7    of law to which no response is required. To the extent a response is required, Defendants

8    deny the allegations in paragraph 239.

9         240.   The allegations in paragraph 240 constitute legal argument and conclusions

10   of law to which no response is required. To the extent a response is required, Defendants

11   deny the allegations in paragraph 240.

12        241.   The allegations in paragraph 241 constitute legal argument and conclusions

13   of law to which no response is required. To the extent a response is required, Defendants

14   deny the allegations in paragraph 241.

15        242.   The allegations in paragraph 242 constitute legal argument and conclusions

16   of law to which no response is required. To the extent a response is required, Defendants

17   deny the allegations in paragraph 242.

18        243.   The allegations in paragraph 243 constitute legal argument and conclusions

19   of law to which no response is required. To the extent a response is required, Defendants

20   deny the allegations in paragraph 243.

21        244.   The allegations in paragraph 244 constitute legal argument and conclusions

22   of law to which no response is required. To the extent a response is required, Defendants

23   deny the allegations in paragraph 244.

24        245.   The allegations in paragraph 245 constitute legal argument and conclusions

25   of law to which no response is required. To the extent a response is required, Defendants

26   deny the allegations in paragraph 245.

27

28

246.    The allegations in paragraph 246 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 246.

247.    The allegations in paragraph 247 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 247.

248.    The allegations in paragraph 248 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 248.

249.    The allegations in paragraph 249 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 249.

250.    The allegations in paragraph 250 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 250.

251.    The allegations in paragraph 251 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 251.

252.    The allegations in paragraph 252 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 252.

253.    The allegations in paragraph 253 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 253.

254.    The allegations in paragraph 254 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 254.

255.    The allegations in paragraph 255 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 255.

256.    The allegations in paragraph 256 constitute a characterization of the action to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 256.

257.    The allegations in paragraph 257 constitute a characterization of the action to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 257.

258.    The allegations in paragraph 258 constitute a characterization of the action to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 258.

259.    The allegations in paragraph 259 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 259.

260.    The allegations in paragraph 260 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 260.

261.    The allegations in paragraph 261 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 261.

262.    The allegations in paragraph 262 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 262.

263.    Defendants deny the allegations in paragraph 263.

264.    Defendants deny the allegations in paragraph 264.

265.    Defendants deny the allegations in paragraph 265.

266.   The allegations in paragraph 266 constitute a characterization of the action to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 266.

267.   The allegations in paragraph 267 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 267.

268.   The allegations in paragraph 268 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 268.

269.   The allegations in paragraph 269 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 269.

270.   The allegations in paragraph 270 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 270.

271.   Defendants deny the allegations in paragraph 271.

272.   Defendants deny the allegations in paragraph 272.

273.   Defendants deny the allegations in paragraph 273.

274.   Defendants deny the allegations in paragraph 274.

275.   By this reference, Defendants incorporate their responses in paragraphs 1 through 274 of this Answer.

276.   Defendants deny the allegations in paragraph 276.

277.   Defendants deny the allegations in paragraph 277.

278.   Defendants deny the allegations in paragraph 278.

279.   Defendants deny the allegations in paragraph 279.

280.   Defendants deny the allegations in paragraph 280.

281.   Defendants deny the allegations in paragraph 281.

282.   Defendants deny the allegations in paragraph 282.

283.    Defendants deny the allegations in paragraph 283.

284.    By this reference, Defendants incorporate their responses in paragraphs 1 through 283 of this Answer.

285.    Defendants deny the allegations in paragraph 285.

286.    Defendants deny the allegations in paragraph 286.

287.    Defendants deny the allegations in paragraph 287.

288.    Defendants deny the allegations in paragraph 288.

289.    Defendants deny the allegations in paragraph 289.

290.    Defendants deny the allegations in paragraph 290.

291.    Defendants deny the allegations in paragraph 291.

292.    By this reference, Defendants incorporate their responses in paragraphs 1 through 291 of this Answer.

293.    The allegations in Paragraph 293 include characterizations and legal arguments to which no response is required. To the extent a response is required, Defendants deny the characterizations and legal argument but refer to the referenced laws and regulations cited therein as they speak for themselves.

294.    The allegations in Paragraph 294 include characterizations and legal arguments to which no response is required. To the extent a response is required, Defendants deny the characterizations and legal argument but refer to the referenced laws and regulations cited therein as they speak for themselves.

295.    The allegations in Paragraph 295 include characterizations and legal arguments to which no response is required. To the extent a response is required, Defendants deny the characterizations and legal argument but refer to the referenced laws and regulations cited therein as they speak for themselves.

296.    Defendants deny the allegations in paragraph 296.

297.    The allegations in Paragraph 297 include characterizations and legal arguments to which no response is required. To the extent a response is required,

Defendants deny the characterizations and legal argument but refer to the referenced laws and regulations cited therein as they speak for themselves.

298.    Defendants deny the allegations in paragraph 298.

299.    Defendants deny the allegations in paragraph 299.

300.    Defendants deny the allegations in paragraph 300.

301.    Defendants deny the allegations in paragraph 301.

302.    The allegations in Paragraph 302 include characterizations and legal arguments to which no response is required. To the extent a response is required, Defendants deny the characterizations and legal argument but refer to the referenced laws and regulations cited therein as they speak for themselves.

303.    Defendants deny the allegations in paragraph 303.

304.    By this reference, Defendants incorporate their responses in paragraphs 1 through 303 of this Answer.

305.    Defendants deny the allegations in paragraph 305 and all of its subparts.

306.    Defendants deny the allegations in paragraph 306.

307.    Defendants deny the allegations in the Prayer for Relief and deny that Plaintiffs are entitled to any relief whatsoever.

308.    Defendants deny each and every allegation in the Complaint, including the headings, not specifically responded to above.

## **DEFENSES**

Defendants assert the following defenses and reserve the right to amend or supplement their defenses as the facts and circumstances giving rise to this action become known to the Defendants through the course of this litigation. In asserting these defenses, Defendants do not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiffs.

1.    Plaintiffs lack standing to seek the relief requested in the Complaint.

2.    Plaintiffs are barred from bringing any claims over which the Court lacks subject matter jurisdiction.

3.      The Complaint fails to state a claim upon which relief may be granted against Defendants.

4.      Defendants acted with due care and diligence at all relevant times.

5.      Any use of force by Defendants was reasonable, lawful, justified, and privileged under state or federal law.

6.      Any action taken by a federal officer or agent in connection with the protection of property owned or occupied by the Federal Government was reasonable, lawful, and justified under Executive Order 13933 and 40 U.S.C. § 1315, in addition to other related federal laws and regulations.

7.      Use of "less-than-lethal" devices by federal agents and officers was reasonable, lawful, and justified under federal laws and regulations.

8.      The challenged agency decision was not arbitrary, capricious, in excess of statutory jurisdiction, authority, or limitations, or without observance of procedure required by law.

9.      Under the Administrative Procedure Act, 5 U.S.C. § 501 *et seq.* ("APA"), judicial review of a final agency decision is limited to the administrative record of the proceedings below.

10.      The actions alleged to have been taken by Defendants are not "final agency actions" within the meaning of the APA, and thus, this Court lacks subject matter jurisdiction to review the alleged actions.

11.      Plaintiffs are not entitled to declaratory relief, injunctive relief, attorney's fees, costs of suit, or any damages whatsoever.

12.      Plaintiffs cannot demonstrate the existence of a reasonable likelihood of success on the merits.

13.      Plaintiffs cannot demonstrate the existence of irreparable harm in the absence of injunctive relief

14.      Plaintiffs have not demonstrated that the balance of equities or the public interest favor permanent injunctive relief.

15.    Plaintiffs' claims are moot.

16.    Plaintiffs' claims are barred by sovereign immunity.

17.    Plaintiffs' claims are barred to the extent they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty.

**PRAYER FOR RELIEF**

For these reasons, Defendants respectfully requests a judgment against Plaintiffs as follows:

1.    Denying all relief sought in the Complaint and dismissing the Complaint on the merits, in its entirety, and with prejudice;

2.    Awarding Defendants their costs and expenses incurred in defending this action, including attorney's fees as allowed by applicable law; and

3.    Granting Defendants such other and further relief as the Court may deem just and proper.

Dated: January 29, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
ANDREW I. WARDEN
KATHLEEN C. JACOBS
Civil Division, Federal Programs Branch

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litig. Section
PAUL (BART) GREEN
Assistant United States Attorney

_/s/ Kathleen C. Jacobs_
KATHLEEN C. JACOBS
Trial Attorney

Attorneys for Defendants