Matthew Borden, Esq. (SBN: 214323)
  borden@braunhagey.com
J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Kory J. DeClark, Esq. (SBN: 310571)
  declark@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
  gwashington@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Peter Bibring, Esq. (SBN: 223981)
  peter@bibringlaw.com
 Law Office of Peter Bibring
2210 W Sunset Blvd # 203
Los Angeles, CA 90026
Telephone: (213) 471-2022

Peter J. Eliasberg, Esq. (SBN: 189110)
  peliasberg@aclusocal.org
Jonathan Markovitz, Esq. (SBN: 301767)
  jmarkovitz@aclusocal.org
Adrienna Wong, Esq. (SBN: 282026)
  awong@aclusocal.org
Summer Lacey, Esq. (SBN: 308614)
  slacey@aclusocal.org
Mohammad Tajsar, Esq. (SBN: 280152)
  mtajsar@aclusocal.org
ACLU FOUNDATION OF SOUTHERN
CALIFORNIA
P.O. Box 811370
Los Angeles, CA 90081
Telephone: (213) 977-9500

[Additional counsel on next page]

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES PRESS CLUB, NEWSGUILD - COMMUNICATIONS WORKERS OF AMERICA, ABIGAIL OLMEDA, individually; and SEAN BECKNER-CARMITCHEL, RYANNE MENA, LEXIS-OLIVIER RAY, CHARLES XU, BENJAMIN ADAM CLIMER, and MARIA-ALEJANDRA PAZ, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MARKWAYNE MULLIN, in his official capacity as Secretary, Department of Homeland Security; TODD LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; GREGORY BOVINO, in his official capacity as Chief Patrol Agent for the El Centro Sector of the U.S. Border Patrol; JAIME RIOS, in his official capacity as Acting Field Office Director for the Los Angeles Field Office, U.S. Immigration and Customs Enforcement; | Case No. 2:25-CV-05563-HDV-E <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** <br><br> Judge:          Hon. Hernán D. Vera |

EDDY WANG, in his official capacity as Special Agent in Charge for the Los Angeles Field Office of Homeland Security Investigations; MARIO CANTON, in his official capacity as Regional Director for Region 9 of the Federal Protective Service; KEVIN GREEN, in his official capacity as Commander of the U.S. Customs and Border Protection, Office of Field Operations, Special Response Team; and U.S. DEPARTMENT OF HOMELAND SECURITY,

Defendants.

Additional Counsel of Record for Plaintiffs:

Carol A. Sobel, Esq. (SBN: 84483)
    carolsobellaw@gmail.com
Weston Rowland, Esq. (SBN: 327599)
    rowland.weston@gmail.com
Law Office of Carol A. Sobel
2632 Wilshire Boulevard, #552
Santa Monica, CA 90403
Telephone: (310) 393-3055

Paul Hoffman, Esq. (SBN: 71244)
    hoffpaul@aol.com
Michael Seplow, Esq. (SBN: 150183)
    mseplow@sshhzlaw.com
John Washington, Esq. (SBN 315991)
    jwashington@sshhzlaw.com
Schonbrun, Seplow, Harris, Hoffman & Zeldes LLP
200 Pier Avenue #226
Hermosa Beach, CA 90254
Telephone: (310) 396-0731

Defendants cite a motion panel order granting a motion to stay a preliminary injunction pending appeal from *Dickinson v. Trump*, No. 26-1609, 2026 WL 1133353 (9th Cir. Apr. 27, 2026). That order has no bearing on the pending certification motion here. *Dickinson* addresses a different class definition and significantly divergent facts. It is inapposite for at least two reasons:

First, in *Dickinson*, the motion panel held that plaintiffs had not shown that there was a pattern, practice, or policy of retaliation. *Dickinson*, 2026 WL 1133353, at *16-18. But here, Plaintiffs have demonstrated a retaliatory policy of treating recording the government as a violent threat that is at the center of the pending class claims. In fact, the motion panel distinguished *Dickinson* from this case because there was an "avalanche of evidence"—as affirmed by the Ninth Circuit—which supported this Court's finding of an officially-sanctioned pattern of retaliation. *Compare id.* at *20-21 *with Los Angeles Press Club v. Noem,* 171 F.4th 1179, 1189 (9th Cir. 2026) (holding "extensive evidence that federal officers repeatedly targeted journalists and peaceful legal observers who stood far from any protesters or bad actors" supported this Court's finding).

The *Dickinson* panel also emphasized that the district court there "did not identify any direct evidence that DHS, as an agency, intentionally targeted the plaintiffs for their First Amendment activities." 2026 WL 1133353, at *7.[1] In contrast, this Court did cite direct evidence to find DHS officials "ratified [the] practice of meeting First Amendment protected activities with force" (Dkt. 55 at 34, n.28 (citing agency materials and statements addressing videotaping and livestreaming interactions with DHS agents).) This Court then held that DHS's statements of agency policy targeting recording of its agents were "official and more concrete." (Dkt. 89 at 17; *see also* Dkt. 100-1 at 5-6, 15-16, 19-20 (presenting additional direct evidence of this policy in support of the pending motion for class certification).)

Second, the motion panel stated the plaintiffs in *Dickinson* had not pointed to common evidence that could resolve in "'one stroke' the class members' claims hing[ing] on a wide array of facts." *Dickinson*, 2026 WL 1133353, at *9. Unlike *Dickinson*, Plaintiffs here have identified

---

[1] Despite the motion panel's suggestion that direct evidence of retaliation is required for a retaliation claim, the Ninth Circuit has repeatedly held that "the 'substantial or motivating factor' element [of a retaliation claim] can be 'met with either direct or circumstantial evidence.'" *Los Angeles Press Club*, 171 F.4th at 1189 (collecting cases).

PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

evidence of an agency policy that targets the act of recording DHS agents. (*See* Dkt. 100-1 at 15.) Each class member here is, by definition, engaged in the common activity subject to this policy: recording DHS agents. There is also a common injury because every class member is exposed to the chilling effects of Defendants' unlawful policy on the exercise of their First Amendment rights. Class members' common claims challenging the constitutionality of a policy that treats recording DHS agents, by itself, as an unlawful threat do not hinge on varied facts and can be resolved without examining individualized considerations. For each of those separate and independent reasons, the *Dickinson* ruling does not affect the issues raised in Plaintiffs' pending motion for class certification.

Dated: May 4, 2026                    Respectfully submitted,

                                      BRAUNHAGEY & BORDEN LLP

                                      By:  */s/ Matthew Borden*
                                            Matthew Borden

                                      *Attorneys for Plaintiff*

PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY