BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
ANDREW I. WARDEN
KATHLEEN C. JACOBS
Civil Division, Federal Programs Branch

TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section
PAUL (BART) GREEN (Cal. Bar No. 300847)
Assistant United States Attorney
      Federal Building, Suite 7516
      300 North Los Angeles Street
      Los Angeles, California 90012
      Telephone: (213) 894-0805
      E-mail: Paul.Green@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES PRESS CLUB; *et al.*, | No. 2:25-cv-05563-HDV-E |
| Plaintiffs, | **DEFENDANTS' RESPONSE TO PRELIMINARY INJUNCTION REMAND ORDER [ECF 106]** |
| v. | |
| MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; *et al.*, | Hearing Date:    May 7, 2026<br>Hearing Time:    9:00 a.m.<br>Location:    Ctrm. 5B, 5th Fl. |
| Defendants. | Honorable Hernán D. Vera<br>United States District Judge |

1

In advance of the motion hearing on May 7, 2026, the Court issued an Order directing the parties to be prepared to address "the Ninth Circuit's opinion remanding the preliminary injunction" and to discuss "how the Court should amend its preliminary injunction to address the concerns identified in the Ninth Circuit's opinion." ECF No. 106.

Defendants request the Court establish a supplemental briefing schedule to allow the parties to present their respective positions on entry of an amended preliminary injunction. In deciding whether to enter a revised preliminary injunction, Defendants' view is that the Court will need to address several important issues through supplemental briefing.

First, the law requires that a plaintiff seeking prospective injunctive relief must establish a "real and immediate threat of repeated injury." *Updike v. Multnomah County*, 870 F.3d 939, 947 (9th Cir. 2017) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)). The record before the Court at the time of entry of the now-vacated injunction focused on events that occurred last summer, nearly one year ago. Circumstances have changed since last summer. For the Court to enter an amended preliminary injunction now, Plaintiffs "must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Boardman v. Pacific Seafood Grp.*, 822 F.3d 1011, 1022 (9th Cir. 2016) (quoting *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (emphasis in original)).

Second, the Court will need to address who is protected by the injunction. Plaintiffs have proposed that the injunction cover the named individual plaintiffs, the two organizational plaintiffs (presumably including all of their current and future members), and the proposed class. Defendants oppose applying the injunction to the proposed class because Plaintiffs' motion for class certification should be denied. *See* ECF No. 103. But even if the Court were to grant plaintiff's class certification motion (it should not), Defendants oppose—independently of the class certification ruling—extending the injunction to unnamed members of the two membership organizations, Los Angeles

2

Press Club and News Guild-Communication Workers of America.  Any injunction should be limited only to members of the organizations at the time this case was filed that Plaintiffs have chosen to identify and who have established Article III standing.  The Court should not enjoin Defendants from taking certain law enforcement actions against all current and future members of the organizations when Defendants do not know who those members are because Plaintiffs have not identified them, or in the case of future members, do not yet exist.  An injunction without these limitations would violate the specificity requirements of Federal Rule of Civil Procedure 65(d), the standing requirements of Article III, and principles of equity.

Third, the Court will need to narrowly tailor the substantive terms of any amended injunction to comply with governing law, including the Ninth Circuit's remand decision in this case and *Dickinson v. Trump*, No. 26-1609, 2026 WL 1133353 (9th Cir. Apr. 27, 2026).  Defendants object to entry of the amended injunction and accompanying proposed memorandum opinion that Plaintiffs submitted to the Court on May 6, 2026, as vague, overbroad, and inconsistent with the Ninth Circuit's decision in this case and *Dickinson*.  ECF No. 112.  Among other things, Plaintiffs make no mention of *Dickinson* or address how their proposed injunction complies with its statements that DHS may utilize non-legal munitions in a variety circumstance that do not offend the First Amendment.  *See Dickinson*, 2026 WL 1133353 at *7 ("[W]e have held that law enforcement can use such non-lethal munitions in the face of 'disorder, interference with traffic upon the public streets, or other immediate threat to public safety, peace, or order.") (quoting *Puente v. City of Phoenix*, 123 F.4th 1035, 1062 (9th Cir. 2024); *Id.* at *10 ("[U]nder the First Amendment, officers may disperse a crowd not only in response to an imminent threat of physical harm but also in response to 'imminent lawlessness,' including a threat of 'riot, disorder, [or] interference with traffic." *Puente*, 123 F.4th at 1062.  For example, the First Amendment allows officers to use crowd-control munitions if protesters block the street, criminally trespass on government property, or thwart law enforcement efforts.").

To enable the parties to address these issues and present them to the Court in an orderly fashion for decision, Defendants request the Court establish a supplemental briefing schedule for entry of an amended preliminary injunction.

Dated: May 6, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
ANDREW I. WARDEN
KATHLEEN C. JACOBS
Civil Division, Federal Programs Branch

TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section
PAUL (BART) GREEN
Assistant United States Attorney


___/s/ Paul (Bart) Green_____
PAUL (BART) GREEN
Assistant United States Attorney

Attorneys for Defendants