Matthew Borden, Esq. (SBN: 214323)
  borden@braunhagey.com
J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Kory J. DeClark, Esq. (SBN: 310571)
  declark@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
  gwashington@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Lily (Haeun) Kim, Esq.
(*pro hac vice* forthcoming)
  kim@braunhagey.com
BRAUNHAGEY & BORDEN LLP
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403

[Additional counsel on next page]

*Attorneys for Plaintiffs*

Peter J. Eliasberg, Esq. (SBN: 189110)
  peliasberg@aclusocal.org
Jonathan Markovitz, Esq. (SBN: 301767)
  jmarkovitz@aclusocal.org
Adrienna Wong, Esq. (SBN: 282026)
  awong@aclusocal.org
Summer Lacey, Esq. (SBN: 308614)
  slacey@aclusocal.org
Mohammad Tajsar, Esq. (SBN: 280152)
  mtajsar@aclusocal.org
Allison Rubinfeld, Esq. (SBN: 358321)
  arubinfeld@aclusocal.org
ACLU FOUNDATION OF SOUTHERN
CALIFORNIA
P.O. Box 811370
Los Angeles, CA 90081
Telephone: (213) 977-9500

Peter Bibring, Esq. (SBN: 223981)
  peter@bibringlaw.com
Law Office of Peter Bibring
2210 W Sunset Blvd # 203
Los Angeles, CA 90026
Telephone: (213) 471-2022

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES PRESS CLUB, NEWSGUILD - COMMUNICATIONS WORKERS OF AMERICA, ABIGAIL OLMEDA, individually; and SEAN BECKNER-CARMITCHEL, RYANNE MENA, LEXIS-OLIVIER RAY, CHARLES XU, BENJAMIN ADAM CLIMER, and MARIA-ALEJANDRA PAZ, individually and on behalf of others similarly situated,<br><br>              Plaintiffs,<br>     v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary, Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; GREGORY BOVINO, in his official capacity as Chief Patrol Agent for the El Centro Sector of the U.S. Border Patrol; ANDRE QUINONES, in his official capacity | Case No. 2:25-CV-05563-HDV-E<br><br>**JOINT RULE 26(f) REPORT**<br><br>Hearing Date:  August 4, 2026<br>Time:          10:00 a.m.<br>Judge:        Hon. Hernán D. Vera<br>Location:    Courtroom 5B, 5th Floor |

JOINT RULE 26(f) REPORT

as Acting Field Office Director for the Los Angeles Field Office, U.S. Immigration and Customs Enforcement; EDDY WANG, in his official capacity as Special Agent in Charge for the Los Angeles Field Office of Homeland Security Investigations; MARIO CANTON, in his official capacity as Regional Director for Region 9 of the Federal Protective Service; KEVIN GREEN, in his official capacity as Commander of the U.S. Customs and Border Protection, Office of Field Operations, Special Response Team; and U.S. DEPARTMENT OF HOMELAND SECURITY,

Defendants.

Additional Counsel of Record for Plaintiffs:

Carol A. Sobel, Esq. (SBN: 84483)
 carolsobellaw@gmail.com
Weston Rowland, Esq. (SBN: 327599)
 rowland.weston@gmail.com
Law Office of Carol A. Sobel
2632 Wilshire Boulevard, #552
Santa Monica, CA 90403
Telephone: (310) 393-3055

Paul Hoffman, Esq. (SBN: 71244)
 hoffpaul@aol.com
Michael Seplow, Esq. (SBN: 150183)
 mseplow@sshhzlaw.com
John Washington, Esq. (SBN 315991)
 jwashington@sshhzlaw.com
Schonbrun, Seplow, Harris, Hoffman & Zeldes LLP
200 Pier Avenue #226
Hermosa Beach, CA 90254
Telephone: (310) 396-0731

Plaintiffs Los Angeles Press Club, NewsGuild - Communications Workers of America, Sean Beckner-Carmitchel, Ryanne Mena, Lexis-Olivier Ray, Charles Xu, Benjamin Adam Climer, Abigail Olmeda, and Maria-Alejandra Paz ("Plaintiffs") and Defendants Markwayne Mullin, Todd Lyons, Daniel I. Parra, Andre Quinones, Eddy Wang, Mario Canton, and Kevin Green, sued in their official capacities only, and U.S. Department of Homeland Security ("Defendants") have met and conferred on a discovery plan pursuant to Federal Rule of Civil Procedure 26(f), and the Parties submit this Joint Rule 26(f) Report consistent with the Court's February 18, 2026 Order Setting Scheduling Conference ("Order") (ECF 99).

## I.   REQUEST TO CONTINUE OR VACATE SCHEDULING CONFERENCE

Plaintiffs' counsel, Steve Art, will be out of the country on August 4, 2026, at the time of the scheduling conference. The parties have met and conferred. They are collectively available on August 12, 2026, and they request that the Court continue the scheduling conference to that date, or alternatively, vacate the scheduling conference.

## II.   STATEMENT OF THE CASE

### A. **Plaintiffs' Position**

Plaintiffs bring this class action for injunctive and declaratory relief on behalf of themselves and others reporting on, recording, observing, and protesting the Department of Homeland Security ("DHS") operations in this District that have been ongoing since June 6, 2025. Plaintiffs claim:

- Defendants violate the First Amendment through: denial of access to protests in public; forceful dispersal of protests when there is no clear and present danger of violence; retaliation against First Amendment-protected activity, including peaceful protest and assembly, reporting, observing, and recording federal agents engaged in official acts; viewpoint discrimination; and policies, patterns, practices, and conduct chilling the exercise of First Amendment rights (Count I);

- Defendants maintain policies, patterns, and/or practices of unconstitutional excessive force, including: unreasonable seizures, including use of significant force against people who are not committing a serious crime, are not posing a threat to officers, and are not actively resisting or evading arrest, in violation of the Fourth Amendment; sweeping, indiscriminate, and

JOINT RULE 26(f) REPORT

dangerous use of force that shocks the conscience, in violation of the Fifth Amendment; sweeping, indiscriminate, and dangerous use of force that is "deliberately indifferent" toward the resulting harm, in violation of the Fifth Amendment; and application of weapons for the purpose of causing harm rather than for a legitimate purpose, in violation of the Fifth Amendment (Count II);

- Defendants have taken final agency action to establish a policy, pattern, and practice of treating photography and videorecording that documents the conduct of DHS officers in public as threats or "doxxing" that DHS officers may respond to with force and address as crimes, which is "in excess of statutory jurisdiction, authority, or limitations" under 8 C.F.R. § 287.8(a), "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," and "contrary to constitutional right[s]" under the First Amendment. 5 U.S.C. §§ 704, 706(2)(A)-(C) (Count III).

Plaintiffs seek injunctive and declaratory relief (Count IV), an order vacating and setting aside Defendants' unlawful agency actions, and attorneys' fees and costs.

## B. Defendants' Position

Defendants dispute the allegations in the First Amended Complaint and dispute that Plaintiffs are entitled to injunctive relief. Defendants maintain that they will prove through summary judgment or trial that Plaintiffs are not entitled to permanent injunctive relief or class certification, because Plaintiffs lack standing and their claims fail on the merits.

## C. Procedural History

On June 18, 2025, Plaintiffs filed this action. (ECF 1.) On July 18, Plaintiffs moved for a preliminary injunction, which this Court granted with modifications on September 10. (ECF 34, ECF 55.) On September 19, Defendants filed a Notice of Appeal and an *Ex Parte* Application to Stay Preliminary Injunction Pending Appeal. (ECF 57, ECF 58.) On September 22, this Court denied Defendants' request to hear their stay application on an *ex parte* basis but ordered expedited briefing. (ECF 60.) On October 21, the Court denied Defendants' application for a stay but made limited modifications to its preliminary injunction order. (ECF 74.) On December 18, after briefing and argument, the Ninth Circuit granted in part the Defendants' Motion to Stay the Preliminary Injunction Pending Appeal only "as to the injunctive provisions that by their terms apply to

protesters who are not parties to this litigation." (*Los Angeles Press Club, et al. v. Noem et al.*, Case No. 25-5975, ECF 66 (9th Cir. Dec. 18, 2025).) On April 1, 2026, the Ninth Circuit affirmed the District Court's issuance of a preliminary injunction, but vacated the terms of the preliminary injunction and remanded to the District Court to fashion a narrower preliminary injunction consistent with the Ninth Circuit's opinion.

On October 16, 2025, Plaintiffs filed a First Amended Complaint. (ECF 67.) On October 30, Defendants moved to dismiss that complaint. (ECF 81.) On January 8, 2026, this Court denied the Motion to Dismiss on all counts but held that with respect to the third cause of action under the Administrative Procedure Act, Plaintiffs had not sufficiently alleged final agency action regarding use of force. (ECF 89.) Defendants filed an Answer and Amended Answer to Plaintiffs' First Amended Complaint on January 22 and January 29, 2026, respectively. (ECF 91, ECF 92.)

On March 5, 2026, Plaintiffs moved to certify the case as a class action with a class consisting of "[a]ll people who do or will, without using force or threat of force, record DHS immigration enforcement and removal operations or protests of those operations in this District since June 6, 2025." (ECF 100 at 4.) On May 7, 2026, the Court heard argument about the motion for class certification and about the Ninth Circuit's opinion remanding the preliminary injunction.

On June 25, 2026, the Court entered an order granting class certification. (ECF 120.) On July 10, 2026, the Court entered an order granting a revised preliminary injunction. (ECF 133.)

## III.  SUBJECT MATTER JURISDICTION

### A.  Plaintiffs' Position

This Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331, 5 U.S.C. §§ 702 and 706, and 28 U.S.C. §§ 2201 and 2202. Plaintiffs' claims arise under the First, Fourth, and Fourteenth Amendments to the United States Constitution. The Ninth Circuit correctly determined that "both the individual and Organizational Plaintiffs have standing at the preliminary injunction phase." *Los Angeles Press Club v. Noem*, 171 F.4th 1179, 1188 (9th Cir. 2026).

### B.  Defendants' Position

The Court lacks subject matter jurisdiction because Plaintiffs lack standing to obtain equitable relief under *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983).

## IV.    LEGAL ISSUES

### A.  Plaintiffs' Position

The key legal issues include (1) whether Defendants' policy, pattern, and practice of responding to protests with officially sanctioned violence violates Plaintiffs' First Amendment rights; (2) whether Defendants denying Plaintiffs' access to protests in public violates the First Amendment; (3) whether Defendants' policy, pattern, and practice of using significant force, such as brandishing guns and firing pepper spray and projectile weapons and using tear gas against people who are not committing a serious crime, are not posing a threat to officers, and are not actively resisting or evading arrest, including for the purpose of dispersal, violates the Fourth or Fifth Amendment; (4) whether Defendants' sweeping, indiscriminate, and dangerous use of chemical and projectile weapons and flash-bang grenades "shocks the conscience" or shows "deliberate indifference" towards resulting harm in violation of substantive due process rights; (5) whether Defendants' policy and practice of treating photo and videorecording DHS agents in public as a threat that may be responded to with force and addressed as a crime violates the First Amendment or the Administrative Procedure Act.

There is no basis for relitigating the question of whether Plaintiffs have standing to seek injunctive relief as the Ninth Circuit has affirmed this Court's determination that they do. *Los Angeles Press Club*, 171 F.4th at 1188.

### B.  Defendants' Position

The key legal issues include (1) whether Plaintiffs have standing to obtain equitable relief under *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), and its progeny, based on discrete incidents by individual DHS officers occurring over the course of several months; (2) whether the Constitution or the Administrative Procedure Act (APA) entitles Plaintiffs to an injunction that exempts journalists, legal observers, and protesters from lawful dispersal orders issued by DHS officers; (3) whether the Constitution or the APA entitles Plaintiffs to an injunction that restrains DHS officers from using less-lethal crowd-control devices to disperse violent or disruptive crowds except in extremely limited circumstances; (4) whether the use of less-lethal crowd-control devices constitutes a "seizure" within the meaning of the Fourth Amendment; and (5) whether a class-wide

injunction is improper, unworkable, overbroad, and inconsistent with Federal Rule of Civil Procedure 23.

## V.  PARTIES AND EVIDENCE

### 1. Parties

Plaintiffs are Los Angeles Press Club, NewsGuild - Communications Workers of America, Sean Beckner-Carmitchel, Ryanne Mena, Lexis-Olivier Ray, Charles Xu, Benjamin Adam Climer, Abigail Olmeda, and Maria-Alejandra Paz.

Defendants are Markwayne Mullin in his official capacity as the Secretary of Homeland Security; Todd Lyons in his official capacity as Senior Official Performing the Duties of Director of U.S. Immigration and Customs Enforcement; Daniel I. Parra in his official capacity as Acting Chief Patrol Agent for the El Centro Sector of the U.S. Border Patrol; Thomas Giles in his official capacity as Interim Field Office Director for the Los Angeles Field Office, U.S. Immigration and Customs Enforcement; Eddy Wang in his official capacity as Special Agent in Charge for the Los Angeles Field Office of Homeland Security Investigations; Mario Canton in his official capacity as Regional Director for Region 9 of the Federal Protective Service; and Kevin Green in his official capacity as Commander of the Special Response Team of the Office of Field Operations of U.S. Customs and Border Protection; and the U.S. Department of Homeland Security.

### 2. Evidence

**Plaintiffs' Position:**

Percipient witnesses include individuals who have provided declarations in support of Plaintiffs' Motion for a Temporary Restraining Order (ECF 6) and Plaintiffs' Motion for Preliminary Injunction (ECF 34). Plaintiffs are not in a position at this time to conclusively identify all percipient witnesses or key documents relevant to Count I, Count II, Count III, or Count IV of the First Amended Complaint. The identity of percipient witnesses and key documents relevant to these claims will depend, at least in part, on documents produced by Defendants pursuant to Federal Rule of Civil Procedure 34(a)(1) and any other discovery to be taken by the Plaintiffs in this case. At this time, Plaintiffs expect that additional percipient witnesses may include relevant DHS agents and officers, and relevant agency decisionmakers, whose identities will be ascertained

JOINT RULE 26(f) REPORT

through fact discovery. Plaintiffs also expect that key documents will include documents in Defendants' custody reflecting agency policies, practices, commands, directives, training, communications, and guidance for Operation At Large and other DHS operations ongoing in this District since June 6, 2025, as well as agency records pertaining to individual encounters, DHS response to protests, and other specific actions taken by DHS agents, including those alleged in the First Amended Complaint (ECF 67). Such documents will also include Defendants' internal communications.

**Defendants' Position:**

Defendants anticipate taking discovery on the events, actions, and discussions surrounding the allegations set forth in the First Amended Complaint.

## VI.    DAMAGES

Plaintiffs do not currently claim money damages as relief for any of their claims alleged in the First Amended Complaint. Some of the Plaintiffs have filed Federal Tort Claims Act ("FTCA") claims. FTCA exhaustion requirements prevented Plaintiffs from including these claims at the outset of this case, but Plaintiffs may seek leave to amend to add those claims once they have been administratively exhausted.

Defendants state that it is well past the time for Plaintiffs to amend the operative complaint again, and that trying to add FTCA claims for individual plaintiffs would be procedurally improper, is lacking in subject matter jurisdiction, and would be outside the scope of this litigation, which is focused solely on prospective injunctive relief against DHS.

## VII.    INSURANCE

### A.  Plaintiffs' Position

Plaintiffs are unaware of insurance coverage for any damages, claims, or actions arising out of this action.

### B.  Defendants' Position

Plaintiffs are not seeking damages. Insurance is not applicable to this action.

Case No. 2:25-cv-05563-HDV-E
JOINT RULE 26(f) REPORT

## VIII.    MOTIONS

### 1.  Procedural Motions

Plaintiffs may move to make further amendments to the First Amended Complaint based on information learned in discovery and some Plaintiffs may seek to amend to add Federal Tort Claims Act claims once those claims are administratively exhausted. Plaintiffs may file additional motions with the Court, as necessary, including to ensure Defendants' compliance with discovery obligations and the Court's orders.

Defendants state that it is well past the time for Plaintiffs to amend the operative complaint again, and that trying to add FTCA claims for individual plaintiffs would be procedurally improper, is lacking in subject matter jurisdiction, and would be outside the scope of this litigation, which is focused solely on prospective injunctive relief against DHS.

### 2.  Dispositive Motions

Plaintiffs may file a motion for summary judgment on all or some claims. Defendants anticipate filing a motion for summary judgment.

### 3.  Class Certification Motions

Plaintiffs filed a motion for class certification, which the Court granted over Defendants' opposition. *See* ECF No. 120.

## IX.    DISCOVERY

### A.  Status of Discovery

The Parties conferred pursuant to Rule 26(f) on February 3, 2026. On February 9, 2026, Plaintiffs served a first set of Rule 34 requests on Defendants Bovino, Canton, Green, Rios, and Wang, which Defendants responded to on March 25, 2026.  Defendants served an initial set of interrogatories and Rule 34 document requests on April 23, 2026. Plaintiffs responded to those interrogatories and requests on June 8, 2026.  Plaintiffs served a second set of document requests on July 1, 2026.

The Parties agree to accept service of initial disclosures and any discovery documents by email or other electronic means, pursuant to Federal Rule of Civil Procedure 5(b)(2)(E).

**B.  Discovery Plan**

*Rule 26(f)(3)(A).* The Parties have exchanged initial disclosures. Plaintiffs will submit supplemental disclosures pursuant to Rule 26(e) in conjunction with this filing. They will also supplement their disclosures as relevant if they move to amend the complaint to add FTCA claims once those claims have been administratively exhausted.

*Rule 26(f)(3)(B).* Plaintiffs intend to seek discovery concerning, among other things: Defendants' policies on policing protests and use of force, including but not limited to, when force may be used, what types of force may be used; any policies or training on how to respond to persons who are recording agents in public; the training Defendants have provided their agents on policing protests and use of force; Defendants' directives, commands, guidance, and plans related to their use of force at the events alleged in the First Amended Complaint; any review by Defendants of the uses of force set forth in the First Amended Complaint; any discipline imposed by Defendants on their agents for improper uses of force at protests and other events set forth in the First Amended Complaint; Defendants' communications with one another regarding the issues in this case, Defendants' communications about protesters and protests, and any videos from body worn cameras worn by Defendants' agents at protests and other events set forth in the First Amended Complaint.

Defendants intend to depose the individual plaintiffs and any individuals identified in Plaintiffs' March 6, 2026, initial disclosures, as well as Plaintiffs' expert witnesses. Defendants anticipate propounding written discovery in the form of requests for production, interrogatories, and requests for admission.

*Rule 26(f)(3)(C).* The Parties are actively conferring about protocol for the production of electronically stored information and will raise any disputes with Magistrate Judge Eick.

*Rule 26(f)(3)(D).* The Parties have conferred about a proposed protective order and anticipate submitting a joint stipulation to the Court addressing several disputed areas that require the Court's resolution. For plenary discovery, Plaintiffs request that the Court order that any redactions or withholdings on privilege or work product grounds be supported by a privilege log within 5 days of production. Defendants object to the production of rolling privilege logs within 5

days of any production. The parties should produce any required privilege logs within a reasonable time after production is complete.

*Rule 26(f)(3)(E).* The number of depositions that Plaintiffs anticipate will be required will depend, in part, on Defendants' document productions, and Plaintiffs will seek Defendants' agreement or leave of court to exceed the limit on depositions as necessary. Plaintiffs also anticipate needing to exceed the limit on interrogatories under Federal Rule of Civil Procedure 33(a)(1) and will seek Defendants' agreement or leave of court to exceed the limit as necessary. Defendants similarly reserve the right to seek leave or agreement to exceed the limit on depositions and interrogatories as appropriate.

*Rule 26(f)(3)(F).* The Parties request that the Court enter a case management order based on the content of this report and the dates proposed by the Parties in the attached worksheet.

**C. Discovery Cut-Off**

The Parties propose the schedule set forth in Exhibit A.

**D. Expert Discovery**

The Parties propose the schedule set forth in Exhibit A.

**E. Settlement Conference/Alternative Dispute Resolution (ADR)**

The Parties are agreeable to mediation with a Magistrate Judge.

**F. Trial**

**1. Trial Estimate**

Plaintiffs estimate that the trial of this matter will take fifteen court days. At this time Plaintiffs contemplate calling numerous employees and agents of the Parties as witnesses and approximately thirty third-party witnesses to testify about the no fewer than twelve events across at least six locations that serve as the basis for this case. Plaintiffs expect many of these witnesses' testimonies to be fairly brief. Plaintiffs anticipate calling expert witnesses as well. The number of witnesses may change as information becomes available through discovery. Because this will be a bench trial, Plaintiffs anticipate that the Court may impose restrictions that will allow for efficient presentation of relevant testimony. Defendants anticipate calling 7-10 fact witnesses as well as

JOINT RULE 26(f) REPORT

expert witnesses, but the number of fact witnesses may change as information becomes available through discovery.

### 2. Jury or Court Trial

Plaintiffs seek only equitable relief and therefore are only entitled to a court trial.

### 3. Consent to Trial Before a Magistrate Judge

Plaintiffs do not consent to trial before a Magistrate Judge. Defendants will consent to proceeding before the assigned Magistrate Judge in this case.

### 4. Lead Trial Counsel

Plaintiffs' counsel of record will participate in the trial. Lead trial counsel for Plaintiffs is Matthew Borden. Lead trial counsel for Defendants are Sean Skedzielewski, Andrew I. Warden, Kathleen C. Jacobs, and Paul (Bart) Green.

### 5. Independent Expert or Master

The parties do not anticipate at this time that designation of an independent expert or master will be necessary.

### 6. Other Issues

Nothing at this time.

Dated:                                              Respectfully submitted,
                                                    BRAUNHAGEY & BORDEN LLP


                                                    By:    /s/ Matthew Borden
                                                          Matthew Borden
                                                    *Attorneys for Plaintiffs*

Dated: July 21, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
ANDREW I. WARDEN
KATHLEEN C. JACOBS
Civil Division, Federal Programs Branch

TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation
  Section
PAUL (BART) GREEN
Assistant United States Attorney


  /s/ Kathleen C. Jacobs
KATHLEEN C. JACOBS
Assistant United States Attorney

*Attorneys for Defendants*

JOINT RULE 26(f) REPORT

## ATTESTATION

Counsel for Plaintiffs hereby attests by his signature below that concurrence in the filing of this document was obtained from counsel for Defendants.

Dated:

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By:    /s/ Matthew Borden

Matthew Borden

*Attorneys for Plaintiffs*

JOINT RULE 26(f) REPORT