BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
ANDREW I. WARDEN
KATHLEEN C. JACOBS
Civil Division, Federal Programs Branch
      1100 L St. NW
      Washington, D.C. 20005
      Telephone: (202) 598-7615
      E-mail: kathleen.c.jacobs@usdoj.gov

TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section
PAUL (BART) GREEN
Assistant United States Attorney

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES PRESS CLUB; *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; *et al.*,<br><br>        Defendants. | No. 2:25-cv-05563-HDV-E<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME FOR HEARING DEFENDANTS' MOTION TO CLARIFY PRELIMINARY INJUNCTION**<br><br>Judge:      Hon. Hernán D. Vera<br>Location:   Courtroom 5B, 5th Floor |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants request that the Court shorten time for hearing Defendants' Motion to Clarify the Preliminary Injunction ("Motion"), as set forth in their *ex parte* application. Expedited consideration of the Motion is required to prevent "irreparable injury" to Defendants. *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013).

## BACKGROUND

On July 10, 2026, this Court issued a Revised Preliminary Injunction with five enumerated restrictions.  ECF No. 133.  As explained in Defendants' regularly noticed Motion, paragraphs 2 and 4 of the injunction have caused uncertainty about when officers may use Oleoresin Capsicum ("OC Spray").  Defendants have therefore sought clarification that the restrictions set forth in Paragraph 4 of the injunction do not apply to OC spray.

After receiving the preliminary injunction, in accordance with the Court's order, Defendants complied with the distribution order by the Monday, July 13, 2026 deadline. On Tuesday, July 14, 2026, Defendants contacted Plaintiffs' counsel to meet and confer on their motion to clarify the preliminary injunction. The first instance the parties were able to meet was Friday, July 17.  As a result of that call, Plaintiffs requested additional clarity on the specific relief Defendants were seeking. Defendants provided language for a proposed order to Plaintiffs on Monday, July 20, 2026. On Tuesday, July 21, in a separate meet and confer on the 26(f) Report, Defendants again requested that Plaintiffs return their position on the proposed clarification. On July 24, 2026, the parties met and conferred related to this application and were unable to come to an agreement.

## ARGUMENT

Defendants' *ex parte* application to shorten time should be granted because Defendants will suffer irreparable injury before the Court can hear the Motion or a motion to shorten time on a regular schedule. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal 1995).

As Defendants' Motion explained, paragraph 2 of the injunction permits the use of chemical irritants (including OC spray) in circumstances where someone is "posing a threat of immediate harm to a law enforcement officer or another person, physically impeding federal operations, vandalizing property, or actively resisting arrest."  *Id.* at 12, ¶ 2.  But other provisions of the injunction might be

1

construed to prohibit the use of OC spray except in a far narrower range of circumstances notwithstanding the clear language of Paragraph 2. Specifically, paragraph 4 of the preliminary injunction prohibits Defendants from "firing . . . crowd control weapons at the head, neck, groin, back, or other sensitive areas, unless that person poses an immediate threat of death or serious bodily injury." ECF No. 144 at 12, ¶ 4. The order defines the term "crowd control weapons" to include "kinetic impact projectiles ("KIP"s), *chemical irritants*, and flash-bang grenades." *Id.* ¶ 2 (emphasis added).

For the reasons stated in Defendants' Motion and corresponding declarations, if the injunction is construed to include OC spray in paragraph 4, this would prevent officers from utilizing a key deescalation tool for lawful purposes when confronted with individuals who are actively resisting arrest, engaged in violent unlawful conduct, or harming government property. Accordingly, Defendants respectfully request that the Court expeditiously clarify its order and the conflict between the permitted use of crowd control weapons in paragraph 2 and restricted use of control weapons in paragraph 4. Absent this clarification and the ability to use OC spray as permitted by paragraph 2 of the injunction, officers and the public will be exposed to an increased risk of harm, as officers may be required to utilize more aggressive and confrontational techniques. In absence of this accelerated schedule, irreparable harm is likely to occur the next time that Defendants encounter violent, unlawful, and destructive individuals for fear that if they use OC spray in its designed form—towards an individual's face—they could be held in contempt.

The Court should clarify the scope of the revised preliminary injunction before Defendants' deadline to appeal. The Court issued the revised injunction on July 10, 2026, and Defendants have until September 8, 2026, to appeal under Federal Rule of Appellate Procedure 4(a)(1)(B). According to the Court's motion calendar, however, the first available hearing date for a regular noticed motion is October 22, 2026, long after Defendants' appeal deadline. Although the Court need only clarify the injunction, in the event Defendants were to appeal the Court's revised injunction before the Court rules on the motion, the Court may lack jurisdiction to modify it. *See Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997) ("As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal."). If that scenario comes to pass, the parties and the Court would then have to follow the indicative ruling procedure set forth in Federal Rule of Civil

Procedure 62.1. Specifically, the Court would have to issue an indicative ruling on Defendants' motion to clarify, Defendants would then have to take appropriate steps in the Court of Appeals to have any appeal remanded, the Court would next have to decide the motion to clarify on the merits, and then further steps would need to be taken to resume the appeal, if appropriate, based on the Court's revised order. This cumbersome and time-consuming procedure would impose unnecessary burdens on the parties and the Court. These burdens would be avoided by a ruling on Defendants' motion to clarify sufficiently in advance of the September 8 appeal deadline. With the Court having recently set a case management hearing in this case for August 13, considerations of party and judicial efficiency favor hearing Defendants' motion at that hearing.

Accordingly, Defendants respectfully request that the Court issue an order permitting the following expedited briefing schedule:

1.  Plaintiffs' Opposition:    August 10, 2026

2.  Defendants' Reply:    August 12, 2026

3.  Hearing:    August 13, 2026

Dated: August 3, 2026                Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
ANDREW I. WARDEN
KATHLEEN C. JACOBS
Civil Division, Federal Programs Branch

TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section
PAUL (BART) GREEN
Assistant United States Attorney


          /s/ Kathleen C. Jacobs
KATHLEEN C. JACOBS
Trial Attorney

Attorneys for Defendants

4

## **DECLARATION OF KATHLEEN C. JACOBS**

I, Kathleen C. Jacobs, declare and state as follows:

1.      I am a Trial Attorney and am counsel for the defendants in this action and I am assigned to the defense of this action. I make this declaration based upon my personal knowledge and that gained by review of official files and records of the Federal Programs Branch of the United States Department of Justice, Civil Division. If called as a witness, I could and would competently testify thereto.

2.      This application is made under Local Civil Rule 7-19 for an order to shorten time to hear Defendants' Motion for Clarification from the next available regularly noticed hearing schedule (October 22, 2026) to August 13, 2026 a date the parties have represented that they are all available to appear before the court.

3.      On Friday, July 10, 2026, Defendants received the Court's Revised Preliminary Injunction. ECF No. 133. After complying with the Court's distribution instructions by Monday, July 13, 2026, Defendants, on Tuesday July 14, 2026, contacted Plaintiffs via email to set up a call to meet an confer on Defendants' Motion to Clarify whether paragraph 4 of the injunction applies to OC Spray.

4.      The parties were ultimately able to confer via telephone on Friday, July 17, 2026. The parties discussed the uncertainty of the application of paragraph 4 of the injunction to OC spray. Plaintiffs did not provide a position at that time.

5.      On Monday, July 20, 2026, I emailed Plaintiffs' counsel proposing clarifying language for Paragraph 4.

6.      On Tuesday, July 21, 2026, the parties again conferred related to the 26(f) Report via Teams. During that call, Defendants again raised the issue of the motion to clarify and again, Plaintiffs took no position at that time.

7.      On Friday, July 24, 2026, the parties conferred related to this motion. As a result of that meet and confer, Defendants ultimately agreed to hold off filing their motion to clarify and ex parte application to shorten time so that the parties could try to work to resolve the disputed terms and possibly jointly bring the issues before the Court.

8.      Since that time, the parties have been unable to resolve the issues subject to this application.

9.      Today, August, 3, 2026, I emailed Plaintiffs advising that Defendants will move forward with the motion to clarify and ex parte motion to shorten time for hearing to hopefully be heard at the parties' upcoming scheduling conference.

10.      As discussed above, the parties met and conferred in accordance with Rule 7-3 related to Defendants' Motion to Clarify but Defendants submit this application to shorten the time it may be heard.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 3, 2026, at Washington, DC.

/s/ *Kathleen C. Jacobs*
KATHLEEN C. JACOBS
Trial Attorney

6