Matthew Borden, Esq. (SBN: 214323)
  borden@braunhagey.com
J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Kory J. DeClark, Esq. (SBN: 310571)
  declark@braunhagey.com
Greg Washington, Esq. (SBN: 318796)
  gwashington@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

Peter Bibring, Esq. (SBN: 223981)
  peter@bibringlaw.com
Law Office of Peter Bibring
2210 W Sunset Blvd # 203
Los Angeles, CA 90026
Telephone: (213) 471-2022

Peter J. Eliasberg, Esq. (SBN: 189110)
  peliasberg@aclusocal.org
Jonathan Markovitz, Esq. (SBN: 301767)
  jmarkovitz@aclusocal.org
Adrienna Wong, Esq. (SBN: 282026)
  awong@aclusocal.org
Summer Lacey, Esq. (SBN: 308614)
  slacey@aclusocal.org
Mohammad Tajsar, Esq. (SBN: 280152)
  mtajsar@aclusocal.org
Allison Rubinfeld, Esq. (SBN: 358321)
  arubinfeld@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
P.O. Box 811370
Los Angeles, CA 90081
Telephone: (213) 977-9500

[Additional counsel on next page]

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES PRESS CLUB, NEWSGUILD - COMMUNICATIONS WORKERS OF AMERICA, ABIGAIL OLMEDA, individually; and SEAN BECKNER-CARMITCHEL, RYANNE MENA, LEXIS-OLIVIER RAY, CHARLES XU, BENJAMIN ADAM CLIMER, and MARIA-ALEJANDRA PAZ, individually and on behalf of others similarly situated,<br><br>       Plaintiffs,<br><br>     v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary, Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; GREGORY BOVINO, in his official capacity as Chief Patrol Agent for the El Centro Sector of the U.S. Border Patrol; ANDRE QUINONES, in his official capacity as Acting Field Office Director for the Los | Case No. 2:25-CV-05563-HDV-E<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME FOR HEARING DEFENDANTS' MOTION TO CLARIFY PRELIMINARY INJUNCTION**<br><br>**Judge**      Hon. Hernán D. Vera<br>**Location:**  Courtroom 5B, 5th Floor<br><br>**First Amended Compl. Filed:**  October 16, 2025 |

Case No. 2:25-CV-05563-HDV-E

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING DEFENDANTS' MOTION TO CLARIFY PRELIMINARY INJUNCTION

Angeles Field Office, U.S. Immigration and Customs Enforcement; EDDY WANG, in his official capacity as Special Agent in Charge for the Los Angeles Field Office of Homeland Security Investigations; MARIO CANTON, in his official capacity as Regional Director for Region 9 of the Federal Protective Service; KEVIN GREEN, in his official capacity as Commander of the U.S. Customs and Border Protection, Office of Field Operations, Special Response Team; and U.S. DEPARTMENT OF HOMELAND SECURITY,

Defendants.

Additional Counsel of Record for Plaintiffs:

Carol A. Sobel, Esq. (SBN: 84483)
    carolsobellaw@gmail.com
Weston Rowland, Esq. (SBN: 327599)
    rowland.weston@gmail.com
Law Office of Carol A. Sobel
2632 Wilshire Boulevard, #552
Santa Monica, CA 90403
Telephone: (310) 393-3055

Paul Hoffman, Esq. (SBN: 71244)
    hoffpaul@aol.com
Michael Seplow, Esq. (SBN: 150183)
    mseplow@sshhzlaw.com
John Washington, Esq. (SBN 315991)
    jwashington@sshhzlaw.com
Schonbrun, Seplow, Harris, Hoffman & Zeldes LLP
200 Pier Avenue #226
Hermosa Beach, CA 90254
Telephone: (310) 396-0731

David Owens (SBN: 275030)
    david@loevy.com
Alyssa Martinez (SBN: 342466)
    alyssa@loevy.com
Theresa H. Kleinhaus (*pro hac vice*)
    tess@loevy.com
Steven E. Art (*pro hac vice*)
    steve@loevy.com
Dominique A. Gilbert (*pro hac vice*)
    gilbert@loevy.com
Loevy & Loevy
311 North Aberdeen Street, 3rd Floor
Chicago, IL 60607
Telephone: (312) 243-5900

Case No. 2:25-CV-05563-HDV-E

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING DEFENDANTS' MOTION TO CLARIFY PRELIMINARY INJUNCTION

## INTRODUCTION

Plaintiffs respectfully oppose Defendants' *ex parte* application to shorten time. Defendants seek to raise significant issues about the scope of injunctive relief that merit a more robust process. Defendants also seek to bypass discussion of whether the injunction applies to the Class—an issue that Plaintiffs have been raising in the parties' meet-and-confer communications. Plaintiffs would like to develop a process that allows for the Court to resolve all these issues together, which we would like to discuss at the upcoming case management conference next Thursday.

The *ex parte* application is both procedurally and substantively defective. It is procedurally improper because Defendants failed to exhaust the possibility of the Parties reaching agreement absent intervention by the Court and offer no compelling justification to rush the briefing on their—possibly unnecessary—motion for clarification. It is substantively defective because Defendants should not be able to cut the briefing process short and deprive Plaintiffs the chance to present this Court with all necessary evidence on this issue, and because they cannot show that they would face any irreparable harm absent *ex parte* relief. For each of these reasons, Defendants' *ex parte* application should be denied.

## LEGAL STANDARD

"Ex parte applications are solely for extraordinary relief and are rarely granted." Standing Order of Honorable Hernán D. Vera; *see also Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995) ("Ex parte motions are rarely justified."). An *ex parte* application must "establish why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner. In other words, it must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co.*, 883 F. Supp. at 492.

## ARGUMENT

**I.    DEFENDANTS FILED THIS EX PARTE AND UNDERLYING MOTION PREMATURELY AND WITHOUT TRULY ATTEMPTING TO RESOLVE THE ISSUES IN DISPUTE**

Courts regularly deny *ex parte* relief if the request made is "premature." *See, e.g., Sylve v. Tenne*, No. CV 18-10450-RSWL-FFM, 2019 WL 12379554, at *1 (C.D. Cal. March 15, 2019);

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING DEFENDANTS' MOTION TO CLARIFY PRELIMINARY INJUNCTION

*Smith v. Gant*, No. CV 12-7207 DDP (JCG), 2013 WL 12474473, at *1 (C.D. Cal. Feb. 4, 2013). Here, Defendants filed their Motion and this *ex parte* application prematurely, before fully concluding negotiations with Plaintiffs and while Plaintiffs were still willing to discuss and agree to clarification of the Preliminary Injunction without motion practice.

Defendants' motion arises out of discussions where Plaintiffs sought clarification that the injunction applies to the Class, and Defendants want certain modifications regarding OC Spray. The only issue that was resolved, however, was Defendants' refusal to agree that the injunction protects Class members.

Defendants claim that, prior to filing this *ex parte* application, the Parties corresponded but "were unable to resolve the issues in dispute." (ECF 144, Defendants' *Ex Parte* App. for Order Shortening Time, August 3, 2026.) However, Defendants did not adequately attempt to resolve those issues before petitioning the Court for extraordinary relief. To the contrary, it was in the middle of discussions about clarification of the Preliminary Injunction—discussions in which Plaintiffs indicated that they would be willing to accept at least some clarification to the Preliminary Injunction—that Defendants unilaterally decided to file the instant application.

On Friday, July 31, 2026, counsel for Plaintiffs emailed counsel for Defendants expressing that Plaintiffs were "open to potentially modifying the PI's language to create appropriate guidelines for the use of OC spray" and working on proposed language in response to Defendants' proposal but had concerns about Defendants' broadly worded proposed exception to Paragraph 4 for any "similarly deployed chemical irritant," which on its face could authorize firing, just for example, pepper balls or tear gas canisters at class members' faces. (Borden Decl., Ex. 1.)

On Monday, August 3, Defendants' counsel responded, not by continuing negotiations, but by declaring that "[i]t seems that the parties will be unable to reach an agreement" and stating that Defendants intended to move forward with filing the motion to clarify and this *ex parte* application. (*Id.*) Clearly, Defendants unilaterally decided to file the motion and *ex parte* prematurely, in the midst of ongoing negotiations with Plaintiffs that could have potentially resolved the issue without motion practice.

## II.    DEFENDANTS ATTEMPT TO RUSH A BRIEFING SCHEDULE ON SUBSTANTIVE ISSUES REQUIRING IN-DEPTH RESPONSE

Defendants' desire to shorten time to brief their request to significantly narrow the injunction "detracts from a fundamental purpose of the adversary system, namely, to give the court the best possible presentation of the merits and demerits of the case on each side." *Mission Power Eng'g Co.*, 883 F. Supp. at 491. "Our adversarial system depends on the principle that all sides to a dispute must be given the opportunity to fully advocate their views of the issues presented in a case." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010).

Even though Plaintiffs were, and continue to be, open to at least some clarification of the Preliminary Injunction (*see supra* Section I), Plaintiffs oppose Defendants' requests as worded, which amount to an improper motion for reconsideration and/or an improper motion to modify the preliminary injunction. The purported "clarification" Defendants seek is actually a substantive change to the scope of the preliminary injunction. Paragraph 4 of the preliminary injunction clearly does not contain the exceptions for "OC Spray or other similarly deployed chemical irritant"[1] Defendants now seek (ECF 143-1 at 5). Defendants' professed confusion about the terms of the injunction does not change that Defendants are either asking for the Court to reevaluate its previous decisions or to modify the injunction. Defendants have not even attempted to meet the criteria for either such motion. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) ("a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."); *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000) ("A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction."). If Defendants are allowed to pursue an end run around ordinary motion practice briefing schedules, Plaintiffs will be deprived of the opportunity to brief their response to Defendants' disguised motion with the time and attention required.

---

[1] It is unclear what a "similarly deployed chemical irritant" is. Chemical irritants or even just OC Spray can be delivered through a variety of mechanisms.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING DEFENDANTS' MOTION TO CLARIFY PRELIMINARY INJUNCTION

An extremely shortened briefing schedule is also inappropriate because Plaintiffs themselves are planning to request clarification regarding the Preliminary Injunction's application to the recently certified class. (*See* ECF 120, Order Granting Class Certification, June 25, 2026.) The scope of the Preliminary Injunction's application—to the class and to OC spray deployed from the handheld devices discussed in Defendants' motion—should be decided together in an orderly process.

Plaintiffs require adequate time to brief the issue, and intend to present argument, evidence, and expert testimony as to why Defendants' proposed "clarification" of Paragraph 4 of the Preliminary Injunction is improper and not supported by their own arguments or policies. Plaintiffs will also need to properly raise the issue of the Preliminary Injunction applying to the newly certified class. Defendants seek to cut off Plaintiffs' ability to fully brief these issues by rushing a briefing schedule about half of what needs clarification that is not necessary, and neither serves the interests of justice nor judicial economy.

## III.   DEFENDANTS FAIL TO SHOW THEY WOULD FACE IRREPARABLE HARM ABSENT THE EXTRAORDINARY REMEDY OF EX PARTE RELIEF

A party seeking *ex parte* relief must show that "irreparable harm not attributable to the applicant will result if the requested relief is not granted." *Peck v. Cnty. of Orange*, No. 2:19-cv-04654-DSF-AFMX, 2020 WL 4353687, at *1 (C.D. Cal. Apr. 24, 2020) (citing *Mission Power Eng'g Co.*, 883 F. Supp. 488).

Here, Defendants cannot meet this showing. Although they describe a potential contradiction between Paragraph 2 and Paragraph 4 of the Preliminary Injunction (ECF 144-1 at 2), they cannot show that they are actively being harmed by this alleged contradiction, especially where they have presumably been operating under the injunction since it was issued nearly a month ago. (*See* ECF 133, Order Granting Revised Preliminary Injunction, July 10, 2026.) Defendants do not cite in their moving papers any instance of the Preliminary Injunction creating an issue or danger to Defendants, their officers, or the public. They cite to no instance of any officers being injured or somehow unable to do their job over the course of the last several weeks, much less any event allegedly attributable to the injunction. They instead refer only vaguely to a hypothetical

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING DEFENDANTS' MOTION TO CLARIFY PRELIMINARY INJUNCTION

"next time that Defendants encounter violent, unlawful, and destructive individuals"; there is no evidence that this has, or will, occur. (*See* ECF 144-1 at 2.) To the contrary, the media continues to report on DHS agents using OC spray against individuals filming and recording DHS operations across the country in ways that violate the constitution and their own policies.[2]

Additionally, Defendants do not show why, if their deadline to appeal the Preliminary Injunction is still over a month away (*id*.), they require the Court to decide the issue of clarification in just over one week. If Defendants do intend to pursue another appeal, that is all the more reason to resolve all outstanding issues regarding the injunction's scope together in a prompt but careful manner that should be determined at the upcoming status conference.

Because Defendants are not irreparably harmed absent *ex parte* relief, the *ex parte* should be denied.

## CONCLUSION

Plaintiffs respectfully request that the Court deny Defendants' *ex parte* request to shorten time for the hearing on their Motion to Clarify the Preliminary Injunction, and that the Court set a briefing schedule on the Motion at the Parties' status conference on August 13, 2026.

Dated: August 4, 2026

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By:    /s/ Matthew Borden
         Matthew Borden

*Attorneys for Plaintiffs*

---

[2] Gina Silva, *ICE agent caught on camera pepper spraying activists' car as DHS limits vehicle stops,* Fox 11 (July 14, 2026) https://www.foxla.com/news/ice-agent-caught-camera-pepper-spraying-activists-car-dhs-limits-vehicle-stops; *see also* Andrew Ramos, *72-year-old NYC woman who says she was pepper sprayed by ICE agent now pursuing legal action*, CBS New York (Aug. 2, 2026) https://www.cbsnews.com/newyork/news/nyc-woman-pepper-sprayed-ice-agent-inwood/.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING DEFENDANTS' MOTION TO CLARIFY PRELIMINARY INJUNCTION