UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-05563-HDV-E | Date | August 11, 2026 |
|---|---|---|---|

| Title | *Los Angeles Press Club et al. v. Kristi Noem, et al.* |
|---|---|

| Present: The Honorable | Hernán D. Vera, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:    (IN CHAMBERS) ORDER DENYING DEFENDANTS' *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME [144]**

Plaintiffs—Los Angeles Press Club ("LA Press Club"), NewsGuild-Communications Workers of America ("NewsGuild"), and several journalists, legal observers, and protesters—brought this litigation alleging officers from the Federal Protective Services ("FPS"), Immigration and Customs Enforcement ("ICE"), and U.S. Customs and Border Protection ("CBP") illegally deployed crowd control weapons against journalists, legal observers, and protesters at immigration-related demonstrations across Southern California in the summer of 2025.  Plaintiffs have sought injunctive relief to stop Defendants' excessive use of force.  The Court granted a preliminary injunction on September 10, 2025, [Dkt. 55], and, following Defendants' appeal to the Ninth Circuit, the Court issued a revised preliminary injunction on July 10, 2026.  [Dkt. 133].  On August 3, 2026, Defendants filed a Motion for Clarification or Modification of Revised Preliminary Injunction ("Motion for Clarification").  [Dkt. 143].  Before the Court is Defendants' *Ex Parte* Application for Order Shortening Time ("Application") which seeks to expedite the briefing and hearing on the Motion for Clarification.  [Dkt. 144].  The Court denies the Application.

*Ex parte* applications are for extraordinary relief and "are rarely justified."  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal 1995).  That relief is unwarranted here.  Defendants' Application fails to show irreparable harm absent the immediate relief they seek.[1]  The Application does not provide, for example, any actual instances of officers' confusion or work

---

[1] The Application also fails to comply with Local Rule 7-19.1 as it only mentions Plaintiffs' counsel was notified of the *ex parte* request, but the Application does not state whether "any other counsel, after such advice, oppose[d] the application."  *Id.*; *see* Application at 1 (providing background but not mentioning Plaintiffs' position); Declaration of Kathleen C. Jacobs [Dkt. 144-1] ¶¶ 8–9.

impairment as a result of the Preliminary Injunction.  The Application only asserts that "irreparable harm is likely to occur the next time that Defendants encounter violent, unlawful, and destructive individuals."  Application at 2.  That bare assertion does not convince the Court that there exists a threat of "irreparable harm not attributable to the applicant [that] will result if the requested relief is not granted"—the exigent circumstances that must meet the demanding standard for *ex parte* relief.  *Peck v. County of Orange*, No. 2:19-CV-04654-DSF-AFMX, 2020 WL 4353687, at *1 (C.D. Cal. Apr. 24, 2020); *see also Mission Power Eng'g Co.*, 883 F. Supp. at 491 (explaining that unmerited use of *ex parte* applications leads to "lawyers too often simply mak[ing] allegations that have no supporting evidence to back them up").

The Motion for Clarification can be heard as a regularly noticed motion, which "give[s] the court the best possible presentation of the merits and demerits of the case on each side."  *Mission Power Eng'g Co.*, 883 F. Supp. at 491.  The Application is denied.


**IT IS SO ORDERED.**