# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES PRESS CLUB; *et al.*,

Plaintiffs,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; *et al.*,

Defendants.

No. 2:25-cv-05563-HDV-E

**STIPULATED PROTECTIVE ORDER**

1.    A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. <u>GOOD CAUSE STATEMENT</u>

This action concerning the First Amendment rights of reporters, legal observers, protesters, and organizations representing them and their interests and the policies and actions of federal law enforcement officials is likely to involve information, including information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, as amended

1

("Privacy Act"), for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential materials and information consist of items identified in Section 2.3 below, which may be unavailable to the public or privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    DEFINITIONS

2.1 Action: The lawsuit styled, *Los Angeles Press Club, et al. v. Mullin, et. al.,* Case No. 2:25-cv-05563-HDV-E.

2.2 Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: [Plaintiffs' Proposal: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and other governing law, and as specified above in the Good Cause Statement.] [Defendants' Proposal: Information (regardless of how it is generated, stored, or maintained) or tangible things as CONFIDENTIAL that may qualify for protection under Rule 26(c) or other governing law, and falls within one or more of the following categories. The designation of information or tangible things as CONFIDENTIAL may be challenged by a party

pursuant to paragraph 6.

    A. Information prohibited from disclosure by statute;

    B. Information not in the public domain or, if in the public domain, improperly in the public domain that constitutes:

        i. a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G);

        ii. names of non-parties (where disclosure could pose concerns about harassment or retaliation), contact information, and personal financial, medical or other private information relating to an individual, including dates of birth, alien registration number ("A number"), immigration status, country of birth, passport numbers, driver's license numbers, foreign identification documents, information related to any pending applications for immigration relief or related appeals, and/or any information about an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2;

        iii. information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, as amended, or any other federal law, including but not limited to information about an individual regarding his or her education, financial transactions, medical history, criminal, immigration, or employment history and that contains his or her name, or the identifying number symbol, or other particular identifier assigned to the individual, such as a finger or voice print or photograph;

        iv. information pertaining to applications for asylum or withholding of removal, which are subject to disclosure

3

conditions under 8 C.F.R. §§ 1003.27(c) and 1208.6(a), as well as information pertaining to:

(a) applications for Temporary Protected Status under 8 U.S.C. § 1254a; and

(b) information that relates to an alien who is the beneficiary of an application for relief under 8 U.S.C. §§ 1101(a)(15)(T), (15)(U), (51) or 1229b(b)(2);

v.   any other information that is protected or restricted from disclosure by Court order, statutes, rules or regulations, including, but not limited to: 8 U.S.C. §§ 1160(b)(5); 1186a(c)(4), 1202(f), 1254a(c)(6), 1255a(c)(4), (5); 1304(b), and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6, 210.2(e), 214.216, 214.14(e), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21,1003.27(b)-(d), 1003.46, 1208.6, 28 C.F.R. § 0.29f, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure;

vi.   sensitive information about law enforcement or national security staffing, activities, operations, resources, internal or external investigations, training, processes, priorities, tactics, intelligence and/or methods, which is law enforcement sensitive and should not be released to the public;

vii.   confidential government personnel information, including the names, addresses, contact information, job titles, identifying numbers, duty locations, addresses, e-mail addresses, telephone numbers, or other identifying information of non-public-facing federal employees, staff, or contractors where

4

disclosure could pose privacy, safety, or operational concerns;

viii.    sensitive operational information about organizational plaintiffs;

ix.    private information about named plaintiffs, class members, government employees, and witnesses; and

x.    confidential business or financial information, information regarding confidential business practices, organizational membership, and/or operational information; or other confidential research, development, or commercial information (including information implicating privacy rights of third parties).]

2.4 <u>"CONFIDENTIAL–ATTORNEYS' EYES ONLY" Information or Items</u>: "CONFIDENTIAL" information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and other governing law, that is so highly sensitive that the disclosure to persons other than individuals identified in Section 7.3 would create a substantial risk of harm that could not be avoided by any less restrictive means.

2.5 <u>Counsel</u>: Outside Counsel of Record and In-House/Agency Counsel (as well as their support staff).

2.6 <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY."

2.7 <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an

expert witness or as a consultant in this Action.

2.9 <u>In-House/Agency Counsel</u>: Attorneys who are employees of a party to this Action. In-House/Agency Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12 <u>Party</u>: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY."

2.16 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their

Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   PURPOSE AND SCOPE OF PROTECTIVE ORDER

4.1   This Protective Order applies to discovery, pre-trial, and post-trial proceedings in this Action, whether the information is produced by a party or a person or entity who is not a party to this Action (a "non-party"). This Order does not govern the use of Protected Material at trial, which shall be governed by the orders of the trial judge.

4.2   It is hereby ORDERED that Defendants may: (a) produce documents to other parties that are protected by the Privacy Act or any other statute (consistent with Section A(2)(b)(iii) above), and Defendants' production of such documents shall be considered to be "pursuant to the order of a court of competent jurisdiction" and authorized by 5 U.S.C. § 552a(b)(12) so long as Defendants (a) designate the documents under this Protective Order and (b) produce documents without any privacy redactions of Protected Material. This Order binds the parties and their respective agents, successors, personal representatives, and assignees.

4.3   This Protective Order shall not prejudice in any way any party's ability to challenge use or disclosure of information other than Protected Material under this Protective Order in this Action. A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not(a) confidential, (b) privileged, or (c) admissible in evidence at trial.

4.4   The protections conferred by this Protective Order do not cover any information that (a) is properly in the public domain; (b) becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise; or (c) known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

4.5    This Protective Order does not govern the use by the parties of Protected Material in connection with any filing or in open court at any hearing or trial in this Action, but the parties reserve the right to seek relief from the Court in connection with the intended use of Protected Material in connection with any such filing, hearing or trial. Reference by the parties to designated material at a hearing or trial, pursuant to an order entered by the Court as described in this paragraph, shall be considered to be: (1) "pursuant to the order of the court of competent jurisdiction" and authorized by 5 U.S.C. § 552a(b)(12) or any other similar statutory provision governing disclosure.

4.6    This Protective Order governs the disclosure, use, and handling of all Protected Material, regardless of the format or medium in which such material is generated, stored, or maintained. The parties agree that such information, so long as it retains its designation, shall not be disclosed or used for any purpose outside of this Action, absent further order of the Court.

4.7    Protected Material included in a pleading shall not lose its protection unless the Producing Party consents to public filing or fails to seek appropriate sealing under Local Rule 79-5, or the Receiving Party's request to file Protected Material under seal is denied by the Court.

4.8    Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Protected Material for any purpose whatsoever with or without redaction and without Court approval. If any such use results in an affirmative disclosure that causes the Protected Material to lose its designation, then it shall no longer be subject to any protection under this Protective Order.

4.9    This Protective Order applies only to disclosures, uses, and handling of Protected Material occurring after the entry of this Protective Order.

4.10    The restrictions on disclosure and use of Protected Material shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its

conclusion for the purpose of enforcing the terms of this Protective Order.

4.11    Nothing herein shall be deemed or construed as a waiver of any protections afforded to the parties under Federal Rule of Evidence 502.  Any attorney-client privilege, attorney work product, or other privilege (such as governmental privileges) is not waived by disclosure pursuant to this Protective Order.

4.12    Any party may at any time seek modification of this Protective Order by agreement or, failing agreement, by motion to the Court.

5.    DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to [Plaintiffs' Proposal: specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.] [Defendants' Proposal: only those Documents or portions of Documents that qualify under the appropriate standards or under the definition of "Confidential Information" or "Confidential–Attorneys' Eyes Only Information" in Section 2 of this Protective Order.]

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. [Defendants' Proposal: Nothing in the Order prohibits a party from designating certain categories of information or documents as "Confidential Information" or "Confidential–Attorneys' Eyes Only for Confidential" in accordance with the terms of this Order.]

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must

promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., section 5.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" on each page of the document asserted to contain "CONFIDENTIAL" Information or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" Information, respectively, or on a cover sheet appended to the document. [Plaintiffs' Proposal: If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).]

(b) A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the marking of "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(c) For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall include "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY."

(d) For information produced in some form other than electronic or documentary form (*e.g.*, CD, DVD, external hard drive) and for any other tangible items, the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(e) For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY."

(f) [Plaintiff's Proposal: For testimony given in depositions, the Designating Party shall identify testimony that involves information subject to CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY designation on the record before the close of the deposition.] Unless all parties agree on the record at the time the deposition testimony is taken [Plaintiffs' Proposal: or the Court rules otherwise in response to an appropriate motion], all testimony [Plaintiffs' Proposal: so identified] shall be treated as "CONFIDENTIAL" Information or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" Information until the expiration of the following: No later than the thirtieth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated "CONFIDENTIAL" Information or

"CONFIDENTIAL–ATTORNEYS' EYES ONLY" Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. Extensions of this time period may be allowed if mutually agreed to by the parties to accommodate voluminous transcripts or other case-related obligations. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as "CONFIDENTIAL" Information or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" Information, unless otherwise ordered by the Court.

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq. The parties shall attempt to resolve each challenge in good faith and must begin a meet and confer process within ten (10) calendar days after the Designating Party receives notice from the Challenging Party pursuant to Local Rule 37-1. During the conferring process, the Challenging Party must convey its basis for the challenge and the Designating Party must have an opportunity to review the applicable documents and either keep or change the designation. If the challenged designation(s) total 100 pages or less, the Designating Party must communicate its decision to the Receiving Party within twenty (20) calendar days after receipt of notice of the challenge. For designation(s) totaling more than 100 pages, the parties, acting in good faith, shall agree on a reasonable time for the Designating Party to advise the Challenging Party of its decision. If the Challenging and Designating Parties cannot come to a resolution within the time set forth in this paragraph, or as otherwise agreed,

they shall formulate a written stipulation according to Local Rule 37-2 so that the Challenging Party may file a motion seeking a determination from the Court, in compliance with Local Rule 37.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

[Defendants' Proposal: Notwithstanding any provision in this Order to the contrary, Defendants may seek *ex parte* approval from the Court for permission to use Confidential or Attorneys' Eyes Only information they may receive for law enforcement purposes if it indicates the commission of a serious crime.] Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Nothing in this order prohibits counsel for Plaintiffs [Plaintiffs' Proposal: who have appeared as attorneys of record in other related cases regarding the conduct of employees and agents of the Department of Homeland Security, including but not limited to *Dickinson v. Trump*, 3:25-cv-2170-SI (D. Or.), *Tincher, et al. v. Noem*, Case No. 0:25-cv-04669 (D. Minn.), *Vasquez-Perdomo v. Noem*, No. 2:25-cv-05605-MEMF-

13

SP (C.D. Cal.), and *Chicago Headline Club v. Noem*, 1:25-cv-12173 (N.D. Ill.), from sharing documents and information designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" under this Protective Order with counsel in other matters, provided that they agree to be bound by this Protective Order and execute Exhibit A.] [Defendants' Proposal: from sharing information about the existence of any Documents designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS" EYES ONLY" (e.g., date, title, Bates number) to the attorneys of record in *Dickinson v. Trump*, 3:25-cv-2170-SI (D.Or.); *Tincher, et al. v. Noem*, Case No. 0:25-cv-04669 (D.Minn.); *Vasquez Perdomo v. Noem*, No. 2:25-cv-05605 MEMF-SP (C.D. Cal.), or other cases with the consent of Defendants, to facilitate discovery request to the Government for the production of the same documents in those cases. Before releasing information about the existence of documents designated "CONFIDENTAL" and "CONFIDENTIAL ATTORNEYS' EYES ONLY" in this action to attorneys of record in *Dickinson*, *Tincher*, *Vasquez-Perdomo*, or any other case, such counsel must sign a protective order in those cases with the same Confidentiality and Attorneys' Eyes Only provisions as this Protective Order or sign a protective order specific to the release of this information that contains the same Confidentiality and Attorneys' Eyes Only provisions as this Protective Order.]

[Plaintiffs' Proposal: Moreover,] This Protective Order does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Defendants' Proposal: Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation. [Plaintiffs' Proposal: DELETE ~~Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.~~]

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise

ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Individual parties and employees, directors, and officers (including In-House/Agency/Organizational Counsel) of a party but only to the extent counsel determines in good faith that the individual party's or employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed.  However, in this putative class action, Confidential Information may be disclosed only to the named plaintiffs and not to any other member of the putative class unless and until a class including the putative member has been certified.

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to

15

depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

(j) Others by Consent.  Other persons only by written consent of the producing party or upon order of the court and on such conditions as may be agreed or ordered.

Persons receiving Confidential Information pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

7.3 <u>Disclosure of "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items</u>.  Use of any information, documents, or portions of documents marked "CONFIDENTIAL–ATTORNEYS' EYES ONLY," including information derived therefrom, shall be restricted solely to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) In-House/Agency Counsel

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed the information;

16

(g) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

(i) Others by Consent.  Other persons only by written consent of the producing party or upon order of the court and on such conditions as may be agreed or ordered.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party and in no event more than three calendar days after receiving the subpoena or order. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

17

If the Designating Party timely seeks a protective order or other appropriate relief, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if

18

requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
        PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their

19

agreement in the stipulated protective order submitted to the court.

12.    MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless (a) otherwise instructed by the court or (b) the information is already recognized as protected under the Local Rules or Federal Rules, such as social security numbers.

13. FINAL DISPOSITION

After the final disposition of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or

20

entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

In particular, attorneys for the United States may maintain copies of any Protected Material in their case file for this Action, and may maintain copies of any notes or summaries containing such material in their case file for this Action, subject to 44 U.S.C. § 3101, *et. seq.*, and 5 U.S.C. § 552 *et. seq.*

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:

By: _____
        Attorneys for Plaintiffs

DATED:

By: _____
        Attorneys for Defendants

21

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:


_____

Honorable Charles F. Eick

United States District Judge

## **EXHIBIT A**

I, _____, have been advised by counsel of record for

_____in *Los Angeles Press Club, et al. v. Mullin, et al.*, Central District

of California Case No. 2:25-cv-05563-HDV-E of this protective order governing the

delivery, publication, and disclosure of confidential documents and information

produced in this litigation. I have read a copy of the protective order and agree to

abide by its terms.

DATED:

Printed name: _____

Signature: _____

23