BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

ALEXANDER K. HAAS
ANDREW I. WARDEN
KATHLEEN C. JACOBS
Civil Division, Federal Programs Branch

TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section
PAUL (BART) GREEN (Cal. Bar No. 300847)
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-0805
Email: Paul.Green@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES PRESS CLUB; *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; *et al.*,<br><br>Defendants. | No. 2:25-cv-05563-HDV-E<br><br>DISCOVERY MATTER:<br><br>**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' PROPOSED PROTECTIVE ORDER [ECF 151]**<br><br>Hearing Date: September 4, 2026<br>Time: 9:30 a.m.<br>Place: Courtroom 750, Roybal<br><br>Fact Discovery Cut-off: April 27, 2027<br>Expert Discovery Cut-off: June 1, 2027<br>Trial Date: Oct. 19, 2027<br><br>Honorable Charles F. Eick |

The parties have submitted a motion asking the Court to resolve six disputes related to the terms of a proposed protective order to be entered in this case regarding the disclosure and use of confidential documents and information produced during discovery. For each of the six disputes, Defendants respectfully request that the Court adopt the Defendants' proposal for the reasons in this supplemental memorandum and Defendants' positions set forth in the parties' L.R. 37 stipulation (Dkt. 151).

**DISPUTE 1:** Whether the Protective Order should include language dictating that information designated as confidential must qualify for protection under Federal Rule of Civil Procedure 26(c) or another applicable law. (Paragraph 2.3.)

The Protective Order should use the phrase "or governing law" rather than "and governing law." Plaintiffs' use of the term "and" as a conjunctive creates ambiguity that confidential information must satisfy both the standards set forth in Rule 26(c) — "annoyance, embarrassment, oppression, or undue burden or expense"—as well as an additional "governing law."

**DISPUTE 2:** Whether the Protective Order should identify specific categories of documents as presumptively eligible for a confidentiality designation. (Paragraph 2.3.)

In addition to the reasons set forth in the L.R. 37 stipulation, Defendants add that their approach is consistent with protective orders entered in this District that routinely list the categories of information that may be presumptively designated as confidential information, subject to challenge. Plaintiffs' proposal of not identifying any specific types of confidential information and instead defining the term generally as anything falling within Rule 26(c) or another provision of law is likely to lead to more, not fewer, disputes. In contrast, Defendants have offered a specific list of categories that provide appropriate and meaningful guardrails as to the types of information that can be designated as confidential, subject to challenge.

Finally, Defendants do not dispute that the designating party is responsible for making a good cause showing, however, a court does not need to make a finding of good cause before issuing a protective order where the parties stipulate to such an order. As discussed by the Ninth Circuit:

> While courts generally make a finding of good cause before issuing a protective order, a court need not do so where (as here) the parties stipulate to such an order. When the protective order "was a stipulated order and no party ha[s] made a 'good cause' showing," then "the burden of proof ... remain[s] with the party seeking protection." *Phillips,* 307 F.3d at 1211 n.1. If a party takes steps to release documents subject to a stipulated order, the party opposing disclosure has the burden of establishing that there is good cause to continue the protection of the discovery material.

*In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). This is exactly what Defendants propose. To avoid constant, tedious motions for every designation, the enumerated categories would largely eliminate disputes such that each party is on notice for the various documents that may be designated confidential. Should Plaintiffs wish to challenge particular designations, Defendants are not suggesting that they would be unable to do so.

**DISPUTE 3:** Whether the Protective Order should include language making any information not already in the public domain confidential. (Paragraph 2.3.)

Defendants agree that authorized public information cannot be designated as confidential, but have proposed language that seeks to clarify that the parties may designate information as confidential even if the same information is "improperly in the public domain." *See* PO § 2.3(B). The additional language accounts for the unique status of the federal government's confidential information. The fact that federal government information may be available to the public through an unauthorized disclosure or leak

should not prevent the government from maintaining confidentiality over that same information in the context of this litigation.

**DISPUTE 4:** Whether the Protective Order should include language designed to prevent overbroad confidentiality designations. (Paragraphs 5.1, 5.2(a), 5.2(f).)

With respect to document productions, Plaintiffs propose a regime where the parties would be required to make *word-by-word* confidentiality designations on every page of every document prior to production. This word-by-word approach is extremely burdensome and time-consuming, the burdens of which would largely fall on the government and lead to slower productions.

With respect to depositions, Plaintiffs' proposed approach will require the parties to make specific confidentiality designations on the fly during depositions. Such a process would derail the depositions into a lengthy series of on-the-record confidentiality designations after each answer and require associated breaks for appropriate conferrals about such designations. The Court should adopt Defendants' proposed language in Section 5.2(f), which provides for a deliberate, straightforward, and efficient procedure for designating witness testimony.

**DISPUTE 5:** Whether the Protective Order should permit Defendants to use Plaintiffs' protected information for criminal law enforcement purposes. (Paragraph 7.1.)

As set forth in the L.R. 37 stipulation, the narrow carve-out proposed by the government appropriately accommodates both the confidentiality interests protected by Rule 26(c) and the government's fundamental responsibility to enforce criminal law. Indeed, the public's interest in the investigation and prosecution of crime is among the highest interest recognized in our legal system.

**DISPUTE 6:** Whether the Protective Order should include language permitting the use of confidential information by counsel of record in this case in other cases concerning similar alleged misconduct by Defendants. (Paragraph 7.1.)

The standard rule in discovery protective orders is confidential information is restricted solely to litigating the case at issue and disclosure is limited only to designated individuals with responsibility for litigating the case. The same approach should be adopted here. Plaintiffs' counsel should not be permitted to freely use information produced by the government in this case to pursue litigation against the government in other Districts, unless by consent of the government.

For these reasons and those in the Joint Stipulation, Defendants respectfully requests that the Court enter Defendants' version of the Protective Order.

Dated: August 21, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

ALEXANDER K. HAAS
ANDREW I. WARDEN
KATHLEEN C. JACOBS
Civil Division, Federal Programs Branch

TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Compl. and Def. Litig. Section

*/s/ Paul (Bart) Green**
PAUL (BART) GREEN
Assistant United States Attorney
Attorneys for Defendants

*Counsel of record for Defendants certifies that this brief contains 5 pages, which complies with the page limit of L.R. 37-2.3.